# EXHIBIT A

CLE - 2647809.1

# To be Supplemented

# EXHIBIT B

CLE - 2647809.1

# PROCEDURES FOR SOLICITATION AND SELECTION OF HIGHEST AND BEST QUALIFIED BIDDER IN CONNECTION WITH SALE OF SUBSTANTIALLY ALL THE ASSETS OF SCHWAB INDUSTRIES, INC., et al.

These Bid Procedures shall govern the sale of substantially all the Core Assets[1] of Debtors.

## A. Assets to be Sold.

The assets to be sold consist of (i) certain ready-mix operations located in the state of Ohio (the "Ohio Ready-Mix Assets"); (ii) certain ready-mix operations located in the state of Florida (the "Florida Ready-Mix Assets"); (iii) a certain 2,100 acre plot of real estate with aggregate reserves in Lee County, Florida, presently operated as an orange grove (the "Corkscrew Quarry Assets") and (iv) a lease of the deep water port at Port Manatee on the gulf coast of Florida (the "Eastern Cement Assets", and together with the Ohio Ready-Mix Assets, the Florida Ready-Mix Assets and the Corkscrew Quarry Assets, individually a "Component Asset" and collectively, the "Debtors' Assets").

A detailed description of each of the Debtors' Assets can be obtained by any Potential Bidder (as defined herein) through the process described below in Section C entitled Due Diligence.

After consultation with their professionals, the Committee and the Agent, but subject to the consent of the Agent, Debtors' Assets may be sold in bulk or in piecemeal, such decision(s) being made to maximize the value to be paid by the Successful Bidder(s) for Debtors' Assets. Accordingly, potential purchasers of Debtors' Assets may submit bids to purchase any Component Asset(s), all of Debtors' Assets, or any subset of Debtors' Assets.

Debtors have developed a form Asset Purchase Agreement (in each case, an "APA") to consummate the transactions contemplated by and between Debtors and Potential Bidders. This APA includes the terms and conditions upon which Debtors expect (subject to reasonable revision by a Potential Bidder(s)) Debtors' Assets may be sold.

Pursuant to these Bid Procedures and Section 363 of the Bankruptcy Code, Debtors' Assets shall be sold free and clear of all liens, claims, rights, interests and encumbrances, other than liabilities expressly assumed.

**Debtors' Assets shall be sold without warranty or representation of any kind or nature, and are being purchased by the Successful Bidder(s) (as defined herein) "as is – where is" and "with all faults."**

---

[1] Debtors have engaged (or plan to engage) certain professional auction companies to complete the sale of certain Non-Core Assets of the Debtors. These Non-Core Assets are not included in the definition of Debtors' Assets for purposes of these Bidding Procedures. A detailed listing of the Non-Core Assets can be obtained from Debtors' investment bankers, Western Reserve Partners, LLC ("WRP") upon request.

CLE - 2652205.1

**B. Stalking Horse Bidder(s).**

Although Debtors have had discussions with parties interested in submitting bids to purchase the Debtors' Assets (both as Component Assets and in total) on a stalking horse basis (in each instance a "Potential Stalking Horse Bidder"), Debtors have not yet identified any specific Potential Stalking Horse Bidder(s) for any of Debtors' Assets to serve as the an actual stalking horse bidder for any of Debtors' Assets (in each case, as identified, a "Stalking Horse Bidder").

Debtors, in consultation with their professionals, the Committee and the Agent will continue to negotiate with and consider parties to serve as Stalking Horse Bidder(s). Any party seeking such consideration should immediately contact Debtors' investment bankers, WRP to express such interest. Any party seeking designation as a Stalking Horse Bidder shall be required to submit a bid (in each instance, the "Stalking Horse Bid") and agree to an APA memorializing the transaction such party proposes (in each instance a "Stalking Horse APA"). Debtors may and will name Stalking Horse Bidder(s) on a rolling basis as Stalking Horse Bids are submitted, negotiated and agreed to. Debtors will consider proposed Stalking Horse Bids initially through April 28, 2010, with the expectation of naming a Stalking Horse Bidder or Stalking Horse Bidders no later than April 30, 2010. To the extent that any of Debtors' Assets are not included in a Stalking Horse Bid, Debtors may, and reserve the right to, in consultation with the Committee and the Agent, identify further Stalking Horse Bid(s) after April 30, 2010.

Debtors reserve the right, subject to the consent of the Agent, to name a Stalking Horse Bidder(s) for any Component Asset or for all the Debtors' Assets, following consultation with their professionals, the Committee and the Agent. If a Stalking Horse Bidder(s) is identified and named (having the agreement of the Debtors and the consent of the Agent), Debtors shall publish a notice of such designation with the Court (in each case, a "Stalking Horse Notice"), and WRP will contact all parties that have expressed any interest (in writing or otherwise) in any portion of Debtors' Assets being purchased under the respective Stalking Horse APA and provide such parties with a copy of the Stalking Horse Notice and a copy of the respective Stalking Horse APA.

**Each Stalking Horse Bid, memorialized by Stalking Horse APA(s), shall be subject to higher and better bids. Debtors shall be under no obligation to designate and name a Stalking Horse Bidder or accept any Stalking Horse Bid(s) for any or all of the Debtors' Assets.**

**C. Due Diligence**

Debtors shall provide potential bidders for Debtors' Assets that have delivered to Debtors an executed confidentiality agreement in form and substance acceptable to Debtors (each a "Potential Bidder") (i) reasonable access to the online data room maintained by Debtors' investment bankers, WRP (which shall include any Stalking Horse APAs, if any); (ii) reasonable access to Debtors' books, records, facilities, key personnel, officers, independent accountants and legal counsel for the purpose of conducting due diligence; and (iii) reasonable access to Debtors' facilities and locations. Subject to any order as may be entered by the Court, Debtors

2

CLE - 2642955.1
11521464.2
CLE - 2652205.1

are not required to provide confidential or proprietary information to any party if Debtors reasonably believe that such disclosure would be detrimental to the interests and operations of Debtors or any of Debtors' affiliates. Debtors shall, in good faith, attempt to resolve any dispute arising from such a decision of Debtors to exclude any requested due diligence information, but any unresolved disputes shall be presented to the Court for resolution.

Debtors shall consider reasonable requests for additional information through their investment bankers, WRP.

### D. Qualified Bid Requirements

Debtors, in consultation with their professionals, the Agent and Committee, shall determine whether a Potential Bidder has submitted a Qualified Bid.

In order to be a "Qualified Bid," such bid must:

(i) be in writing;

(ii) be accompanied by an executed copy of an agreement, substantially in the form of one or more APA(s) (or if a Stalking Horse has been named, the applicable Stalking-Horse APAs, in each case, a "Modified APA"), which agreement shall not be subject to any due diligence or financing contingency, and a redline comparison of such Modified APA to the respective APA or, if applicable, Stalking-Horse APA;

(iii) include a cash purchase price for the Debtors' Assets (or applicable Component Asset(s)) (in each case, a "Qualified Bid Purchase Price") that is not less than $100,000 more than any related Stalking Horse Bid, inclusive of any Stalking Horse Protection Fee (if any)[2];

(iv) provide that such Potential Bidder's offer is irrevocable until the closing of the sale of Debtors' Assets (or applicable Component Asset(s)) if such Potential Bidder is a Successful Bidder or Reserve Bidder (each as defined below);

(v) be accompanied by a good-faith deposit in an amount equal to no less than 5% of the Qualified Bid Purchase Price (the "Qualified Bid Deposit"), in the form of a bank draft or wire transfer paid to Debtors' counsel, Hahn Loeser & Parks LLP (wire instructions can be obtained from WRP);

(vi) be accompanied by satisfactory evidence, in the opinion of Debtors, in consultation with their professionals, the Agent and the Committee, of committed financing or other confirmable fiscal wherewithal to consummate the transactions set forth in the Modified APA;

(vii) be accompanied by an affirmative statement from such Potential Bidder that it will fully and completely comply with these Bidding Procedures;

---

[2] Notwithstanding the contemplated $100,000 bid increment, Debtors fully reserve any and all rights to modify the bid increment requirement in connection with the nature of the Bid(s) received, considering, among other factors, dollar value of the Bid(s), the assets which are included in the Bid(s), and negotiations of any Stalking Horse Bid(s) and Stalking Horse APA(s).

3

(viii) be actually received by Debtors' investment bankers, WRP on or before May 28, 2010, at 5:00 p.m. E.D.T. (the "Bid Deadline");

(ix) meet all other requirements of these Bid Procedures.

**Debtors reserve all rights, subject to the consent of the Agent, to waive compliance with any identified requirement to a Bid to qualify as a Qualified Bid on any reasonable basis, following consultation with their professionals, the Committee and the Agent.**

WRP shall distribute any Qualified Bids to the following parties:

**Debtors**

c/o Laurence V. Goddard, Chief Restructuring Officer
THE PARKLAND GROUP
1375 East 9th Street, Suite 1350
Cleveland, OH 44114

**With copies to:**

Lawrence E. Oscar, Esq.
Daniel A. DeMarco, Esq.
Christopher W. Peer, Esq.
HAHN LOESER & PARKS, LLP
200 Public Square, Suite 2800
Cleveland, Ohio 44114

**and**

David Cesar
Mark D. Kozel
THE PARKLAND GROUP
1375 East 9th Street, Suite 1350
Cleveland, OH 44114

**and**

**Agent**

c/o Alan R. Lepene, Esq.
Curtis L. Tuggle, Esq.
THOMPSON HINE LLP
3900 Key Center
127 Public Square
Cleveland, Ohio 41114

**and**

4

CLE - 2642955.1
11521464.2
CLE - 2652205.1

**Committee**

c/o Douglas L. Lutz, Esq.
FROST BROWN TODD LLC
2200 PNC Center
201 East Fifth Street
Cincinnati, OH 45202-4182

### E.  Qualified Bidder Requirements.

Debtors, in consultation with the Agent and the Committee, shall determine whether a Potential Bidder is a Qualified Bidder.  Any Stalking Horse Bidder(s) that are designated shall be deemed to be Qualified Bidders.

In order to be a "Qualified Bidder," such Potential Bidder must be a person or entity that:

> (i)  has delivered to Debtors, or Debtors' representative, an executed confidentiality agreement in form and substance acceptable to the Debtors;

> (ii)  has delivered to WRP a Qualified Bid (including transmittal of the entire Qualified Bid Deposit) on or before the Bid Deadline; and

> (iii)  meets all other requirements of these Bid Procedures.

Debtors shall notify any Potential Bidder whether they are a Qualified Bidder within twenty-four (24) hours after the Bid Deadline.  **Notwithstanding anything contained above in this paragraph, should any Potential Bidder fail to meet the qualifications to be considered a Qualified Bidder, Debtors, in consultation with the Agent and the Committee may allow a Potential Bidder who has failed to meet the requirements to be a Qualified Bidder twenty-four (24) hours to cure any deficiencies to their Bid.**

**Debtors reserve all rights, subject to the consent of the Agent, to waive compliance with any identified requirement to for a Potential Bidder to qualify as a Qualified Bidder for any reasonable reason, following consultation with their professionals, the Committee and the Agent.**

**Debtors reserve the right, subject to the consent of the Agent, to reject any Bid.**

### F.  Auction.

If Debtors receive more than one Qualified Bid, then an auction (the "Auction") shall be held on June 2, 2010, at 10:00 a.m. E.D.T. at the Cleveland, Ohio offices of Hahn Loeser & Parks LLP, located at 200 Public Square, Suite 2800, Cleveland, Ohio 44114.

5

CLE - 2642955.1
11521464.2
CLE - 2652205.1

**Debtors reserve all rights, subject to the consent of the Agent, to cancel or reschedule the Auction for any reason at any time, following consultation with their professionals, the Committee and the Agent.**

### G. Auction Process.

In order to participate in the Auction, all Qualified Bidders must appear in person at the Auction, or through a duly authorized representative. In addition to Qualified Bidders (along with their advisors and counsel), only representatives of Debtors, Stalking Horse Bidder(s), Committee, Agent, Huntington National Bank and Bank of America, N.A. (together with KeyBank National Association, collectively, the "Pre-Petition Lenders"), Naples Lending Group, L.C. and Office of the United States Trustee for Region 9 shall be entitled to be present at the Auction. Debtors will arrange for a stenographic record of the Auction to be made. Each Qualified Bidder shall be required to confirm that it has not engaged in any actions that would be considered inconsistent with these Bid Procedures or fundamentals of fairness with respect to the bidding or Debtors' Assets.

Debtors, in consultation with the Agent and Committee, will separately evaluate Qualified Bids (whether for Component Assets or all Debtors' Assets). The Auction shall be conducted in rounds and in any order the Debtors determine. Debtors reserve the right, subject to the consent of the Agent, to aggregate bids for Component Assets and compare such aggregated bids with bids for all the Debtor's Assets in determining the then current best bid. Debtors may, subject to the consent of the Agent, return to an auction for any set of Debtors' Assets at any time, until it has determined and named a Successful Bidder(s) (as defined herein) for all Debtors' assets. At the end of every round, Debtors shall declare the highest or otherwise best bid or bids at that time for the assets then under consideration. Upon a determination by Debtors that no further higher or otherwise best bid or bids has been received, Debtors, with the consent of the Agent, may conclude the Auction.

Each Qualified Bidder shall have the right to continue to improve its respective bid at the Auction. The initial minimum over bid shall be $100,000 over any Bid established prior to the auction (the "Initial Overbid"). Thereafter, Qualified Bidders may increase their Qualified Bids in any manner that they deem fit; provided, however, that each subsequent increase must include a minimum of $100,000 in additional consideration.[3]

Debtors, in consultation with the Agent and the Committee reserve the right to approach any Bidder(s) and seek clarification to bids at any time, including without limitation, inviting Bidder(s) to communicate with other Bidder(s) if such communication would be beneficial to the Auction.

At the conclusion of the Auction, Debtors, with the consent of the Agent, and in consultation with the Committee, shall determine which Qualified Bid is the highest and best bid (a "Successful Bid") and the next highest and best Qualified Bid submitted at the Auction (a

---

[3] Notwithstanding the contemplated $100,000 bid increment, Debtors fully reserve any and all rights to modify the bid increment requirement in connection with the nature of the Bid(s) received, considering, among other factors, dollar value of the Bid(s), the assets which are included in the Bid(s), and negotiations of any Stalking Horse Bid(s) and Stalking Horse APA(s).

6

CLE - 2642955.1
11521464.2
CLE - 2652205.1

"Reserve Bid"). The Qualified Bidder(s) submitting the Successful Bid(s) shall become a "Successful Bidder(s)," and the Qualified Bidder(s) submitting the Reserve Bid(s) shall become a "Reserve Bidder(s)." The Successful Bidder(s) and Reserve Bidder(s) may be named for Component Asset(s) or for all Debtors' Assets, or any combination thereof, as determined by Debtors, with the consent of the Agent, and in consultation with their professionals and the Committee.

The value of any Qualified Bid(s), for purposes of these proceedings, shall be determined by comparing, among other things, (i) the type, number and nature of any changes to the APA or Stalking Horse APA requested by each such Qualified Bidder(s), (ii) the extent to which such modifications are likely to delay the closing of the Sale of Debtors' Assets (or respective Component Asset(s)) to such Qualified Bidder(s), and the cost to the Debtors and their estates of such modifications or delay, (iii) the extent to which such Qualified Bid(s) includes the purchase of more or less of Debtors' Assets, (iv) the type and amount of consideration to be received by the Debtors' estates, (v) the amount of any cure payments, which, if paid, would reduce the proceeds available for distribution to creditors, (vi) the likelihood of the Qualified Bidder(s) ability to close the transaction (including without limitation consideration of such Qualified Bidders' financial wherewithal), and (vii) the net benefit to the Debtors' estates.

**Nothing herein shall preclude Debtors, with the consent of the Agent, and in consultation with the Committee, from modifying any auction procedures at the Auction.**

### H. Negotiation of Stalking Horse Protection Fee(s).

In the event that a Stalking Horse Bidder(s) is named and designated, Debtors may, with the consent of the Agent, and in consultation with the Committee, negotiate a reasonable Stalking Horse Protection Fee(s) payable to such Stalking Horse Bidder(s) in the event that such Stalking Horse Bidder(s) are not the Successful Bidder(s) (whether as initial Successful Bidder or as successor by Reserve Bidder(s)). Stalking Horse Protection Fee(s) shall be approved by the Court. Any Stalking Horse Protection Fee(s) negotiated shall be memorialized in the respective Stalking Horse Notice. At the Auction, any Qualified Bidder wishing to enter a bid in excess of the Stalking Horse Bid must enter an amount equal to the Stalking Horse Bid plus the Stalking Horse Protection Fees, plus any minimum Bid amount to advance their bid(s).

In no event shall a Stalking Horse Protection Fee(s) be payable to any Stalking Horse Bidder unless approved by the Court, until the assets considered in such Stalking Horse Bidder's Stalking Horse APA have been indefeasibly sold and transferred to a party other than such Stalking Horse.

### I. Return of Deposits.

The Deposit(s) of the Successful Bidder(s) shall be applied to the Successful Bidder's obligations under the Successful Bid upon closing of the transactions contemplated thereby. If a Successful Bidder(s) fails to close the transactions contemplated by the Successful Bidder then such Successful Bidder(s) shall indefeasibly forfeit its Deposit(s) (and any right to any Stalking Horse Protection Fee, if applicable).

7

The Deposit(s) of the Reserve Bidder(s) shall be returned to the Reserve Bidder(s) upon closing of the transactions contemplated by the Successful Bidder; provided, however, that if the Successful Bidder(s) fails to close the Transactions when and as provided in the Successful Bid(s), then the Deposit(s) of the Reserve Bidder(s) shall be applied to the Reserve Bidder's obligations under the Reserve Bid(s) upon closing of the Transactions contemplated thereby. If a Reserve Bidder(s) fails to close the Transactions contemplated by a Reserve Bid(s), then such Reserve Bidder(s) shall forfeit its Deposit(s).

All other Deposits of Qualified Bidders who are not the Successful Bidder(s) or Reserve Bidder(s) shall be returned within five (5) business days after conclusion of the Auction.

Debtors reserve all their rights regarding any return of Deposits, and failure by Debtors to timely return any Deposit(s) shall not serve as a claim for breach of any Bid(s) or create any default in favor of any Bidder(s).

## J.  Sale Hearing.

The Sale Hearing will be held on **June 3, 2010 at 10:00 a.m. (prevailing Eastern Time)** at the United States Bankruptcy Court for the Northern District of Ohio, Federal Building & U.S. Courthouse, Frank T. Bow Building, 201 Cleveland Avenue SW, Canton, Ohio 44702. At the Sale Hearing, the Debtors will seek the entry of an order (the "Sale Order") approving and authorizing the proposed Sale to the Successful Bidder(s), if any. The Sale Hearing may be adjourned or rescheduled without notice other than by announcement of the adjourned date at the Sale Hearing.

## K.  Closing; Assumption and Assignment of Executory Contracts and Unexpired Leases.

The closing of any sale of any of Debtors' Assets (or a portion thereof) will occur in accordance with the terms of the Successful Bidder's APA, and shall occur no later than June 21, 2010 (the "Closing").

Debtors shall file and serve a schedule of the unexpired leases and executory contracts to be assumed by the Successful Bidder(s) on all parties to such agreements as soon as is practicable, and in no event later than fifteen (15) days following the Closing, which schedule shall include Debtors' calculation of the amount they believe must be paid to cure all defaults under each of the unexpired leases and executory contracts that are to be assumed and assigned to the Successful Bidder (collectively, the "Cure Amounts").

## L.  Miscellaneous.

The Agent shall be entitled to exercise its right under section 365(k) of the Bankruptcy Code at the Auction to credit bid the indebtedness owed to the Pre-Petition Lenders. For purposes of these Bid Procedures, the Agent shall be deemed a Qualified Bidder and shall be entitled to participate in the Auction without having to submit a bid by the Bid Deadline or satisfy any of the other requirements to be a Qualified Bidder.

8

Please direct any questions regarding the foregoing Bid Procedures to either WRP or counsel for the Debtors.

CLE - 2642955.1
11521464.2
CLE - 2652205.1

# **EXHIBIT C**

CLE - 2647809.1

# UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF OHIO
### AT CANTON

```
-------------------------------------------------- x
In re:                                             :    Chapter 11
                                                   :
SCHWAB INDUSTRIES, INC., et al.,¹                  :    Case No. 10-60702
                                                   :    (Jointly Administered)
                      Debtors.                     :
                                                   :    Judge Russ Kendig
-------------------------------------------------- x
```

## NOTICE OF HEARING, AUCTION AND BIDDING PROCEDURES FOR SALE OF SUBSTANTIALLY ALL OF THE ASSETS OF DEBTOR AND SALE MOTION

Debtors filed a Motion for Order (1) Authorizing the Sale of Substantially All of the Debtors' Assets, Free and Clear of Liens, Claims, Interests and Encumbrances, Subject to Higher or Better Offers, Pursuant to Bankruptcy Code Sections 363 and 365; (2) Approving the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases in Connection with such Sale and Determining and Adjudicating Cure Amounts with Respect to Such Contracts and Leases; (3) Waiving the Fourteen-Day Stay Period Provided by Bankruptcy Rule 6004(H); and (4) Granting Related Relief (the "Sale Motion").

Debtors also filed a Motion for an Order (1) Approving Auction and Bidding Procedures and an Auction Date; (2) Scheduling Date and Time for Sale Hearing; (3) Approving the Form and Manner of Service of Notice of the Sale Hearing and Auction Pursuant to Bankruptcy Rules 2002, 6004 and 6006; (4) Approving the Form and Manner of Service of Notice of the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases; and (5) Granting Related Relief (the "Sale Procedures Motion"). The United States Bankruptcy Court for the Northern District of Ohio (the "Court") entered an order dated as of _____, 2010 (the "Sale Procedures Order"). The Sale Procedures Order approves certain bidding and auction procedures (the "Bidding Procedures") pursuant to which the Debtors will solicit bids and seek authority to sell (the "Sale") substantially all of the assets of Debtors (the "Assets"), that are the subject of the Sale Motion. Capitalized terms that are not defined in this Notice shall have the same meaning as set forth in the Sale Procedures Motion.

**NOTICE IS HEREBY GIVEN** that copies of the Sale Motion, the Sale Procedures Motion and the Sale Procedures Order are on file with the Clerk of the Court and may be viewed on-line at http://www.ohnb.uscourts.gov or obtained by contacting Colleen M. Beitel, Paralegal, Hahn Loeser & Parks LLP, Telephone: 216.621.0150 or by email at cmbeitel@hahnlaw.com.

**NOTICE IS FURTHER HEREBY GIVEN** that the Auction contemplated by the Bidding Procedures is scheduled for **June 2, 2010 at 10:00 a.m. E.D.T.** in the offices of Hahn Loeser & Parks LLP, 200 Public Square, Suite 2800, Cleveland, Ohio 44114.

---

¹ The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number are: Schwab Industries, Inc. (2467); Medina Cartage Co. (9373); Medina Supply Company (3995); Quality Block & Supply, Inc. (2186); O.I.S. Tire, Inc. (7525), Twin Cities Concrete Company (9196); Schwab Ready-Mix, Inc. (8801); Schwab Materials, Inc. (8957); and Eastern Cement Corp. (7232).

**NOTICE IS FURTHER HEREBY GIVEN** that the Bidding Procedures, including instructions for submission of Qualified Bids, govern participation in the Auction and can be obtained from the website or entity set forth above. Copies of the Bidding Procedures, along with information relating to the Assets and/or the Auction may be obtained by contacting Debtors' investment bankers, Western Reserve Partners, LLC, Attn: Ken Hirsch; Telephone (216) 589-0900 or by email at khirsch@wesrespartners.com.

**NOTICE IS FURTHER HEREBY GIVEN** that the hearing to consider approval of the Sale Motion and the Sale of the Assets to the bidder submitting the highest and best offer therefor at the Auction shall be held on **June 3, 2010 at 10:00 a.m. E.D.T.** (the "Sale Hearing"), at the Ralph Regular Federal Building and United States Courthouse, 401 McKinley Avenue SW, Canton, OH 44702. Objections to the Sale Motion shall be in writing, shall conform to the Bankruptcy Rules and the Local Rules and orders of this Court, shall set forth (i) the nature of the objector's claims against or interests in the Debtor's estates; (ii) the basis for the objection, (iii) the specific grounds therefor, and (iv) all evidence in support of said objection, and shall be filed and served so as to be received on or before **May 28, 2010 at 5:00 p.m. E.D.T.**, by Counsel for the Debtors. Any person that does not comply with this paragraph shall not be heard at the Sale Hearing. If the Buyer or any Successful Bidder objects to the Debtors' determination of a Qualified Bid as a higher and better bid for the Assets, the sole and exclusive remedy of such Qualified Bidder shall be to bid under protest at the Auction and, upon compliance with this paragraph, have standing at the Sale Hearing to contest the Debtors' determination.

**NOTICE IS FURTHER HEREBY GIVEN** that any inquiries regarding information contained in this Notice should be directed to Christopher W. Peer, Esq., Hahn Loeser & Parks LLP, Telephone: 216.621.0150 or by email at cpeer@hahnlaw.com.

Dated: April 5, 2010

Respectfully submitted,

/s/ Lawrence E. Oscar

Lawrence E. Oscar (0022696)
Daniel A. DeMarco (0038920)
Christopher W. Peer (0076257)
HAHN LOESER & PARKS LLP
200 Public Square, Suite 2800
Cleveland, Ohio 44114
Telephone:     (216) 621-0150
Facsimile:      (216) 241-2824
E-mail:          leoscar@hahnlaw.com
                      dademarco@hahnlaw.com
                      cpeer@hahnlaw.com

*Counsel for Debtors*

# EXHIBIT D

CLE - 2647809.1

**UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**AT CANTON**

```
------------------------------------------------------- x
```
In re:                                     :   Chapter 11
                                           :
SCHWAB INDUSTRIES, INC., *et al.*,[1]        :   Case No. 10-60702
                                           :   (Jointly Administered)
                                Debtors.   :
                                           :   Judge Russ Kendig
```
------------------------------------------------------- x
```

**NOTICE OF (I) POTENTIAL ASSUMPTION AND ASSIGNMENT
OF EXECUTORY CONTRACTS (II) REQUIREMENT TO PROVIDE INFORMATION AS
TO CURE AMOUNTS, AND (III) PROCESS FOR DETERMINING CURE AMOUNTS
WITH RESPECT TO EXECUTORY CONTRACTS TO BE ASSUMED AND ASSIGNED**

PLEASE TAKE NOTICE OF THE FOLLOWING:

   1.      Pursuant to the *Order (1) Approving Auction and Bidding Procedures and an Auction Date; (2) Scheduling Date and Time for Sale Hearing; (3) Approving the Form and Manner of Service of Notice of the Sale Hearing and Auction Pursuant to Bankruptcy Rules 2002, 6004 and 6006; (4) Approving the Form and Manner of Service of Notice of the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases; and (5) Granting Related Relief* (the "Bidding Procedures Order"), Debtors hereby provide notice that the executory contracts and/or unexpired leases listed on Exhibit A hereto may be assumed by Debtors and/or assigned pursuant to section 365 of the Bankruptcy Code, to the persons(s) submitting the highest and best offer(s) for the Assets[2] or any portion thereof pursuant to the bidding procedures approved under the Bidding Procedures Order (any such person(s) is/are referred to below as an "Assignee").

---

[1]      The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number are:  Schwab Industries, Inc. (2467); Medina Cartage Co. (9373); Medina Supply Company (3995); Quality Block & Supply, Inc. (2186); O.I.S. Tire, Inc. (7525), Twin Cities Concrete Company (9196); Schwab Ready-Mix, Inc. (8801); Schwab Materials, Inc. (8957); and Eastern Cement Corp. (7232).

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Bidding Procedures Order.

CURE NOTICE                                                                    Page 1
CLE - 2651434.1

2.     Opposite the name of each non-Debtor party to an executory contract or unexpired lease listed on Exhibit A is the dollar amount that Debtors believe is necessary as of _____, 2010 to cure any defaults under any such contract or lease to which such non-Debtor is a party (as to each such respective executory contract and unexpired lease, the "Cure Amount").

3.     If you object (a) to the Cure Amount listed for a given executory contract or unexpired lease on Exhibit A or (b) to the assumption and/or assignment of a given unexpired lease or executory contract to any such Assignee, then, on or before **June 1, 2010 at 5:00 p.m. E.D.T.** (the "Objection Deadline"), you or your attorney must file a written objection (the "Objection") explaining your position at:

United States Bankruptcy Court
Ralph Regula Federal Building and United States Courthouse
401 McKinley Avenue SW
Canton, OH 44702

If you mail your Objection to the Court for filing, you must mail it early enough so the Court will receive it on or before the Objection Deadline.

You must also mail a copy of the Objection to the following persons:

Lawrence E. Oscar, Esq.
Daniel A. DeMarco, Esq.
Christopher W. Peer, Esq.
Hahn Loeser & Parks LLP
200 Public Square, Suite 2800
Cleveland, Ohio 44114

4.     The Objection must state with specificity (a) why you object to such Cure Amount, what cure amount you believe is required, and provide sufficient documentation to support the cure amount you assert, and (b) if you object to assumption and/or assignment of a given executory contract or unexpired lease, the reasons why you object. If no Objection is timely filed with respect to a given Cure Amount, the Cure Amount set forth herein for such executory contract or unexpired

lease shall be binding upon the non-Debtor party to such executory contract or unexpired lease. All non-Debtor parties that file a timely Objection are required to appear at the Sale Hearing, which is scheduled to take place on **June 3, 2010, at 10:00 a.m. E.D.T.** at the United States Bankruptcy Court, Ralph Regula Federal Building and United States Courthouse, 401 McKinley Avenue SW, Canton, Ohio 44702.

Dated:    April 5, 2010               Respectfully submitted,
          Cleveland, Ohio


*/s/ Lawrence E. Oscar*
Lawrence E. Oscar (0022696)
Daniel A. DeMarco (0038920)
Christopher W. Peer (0076257)
HAHN LOESER & PARKS LLP
200 Public Square, Suite 2800
Cleveland, Ohio  44114
Telephone:   (216) 621-0150
Facsimile:   (216) 241-2824
E-mail:leoscar@hahnlaw.com
       dademarco@hahnlaw.com
       cpeer@hahnlaw.com

*Counsel to Debtors*

# EXHIBIT E

CLE - 2647809.1

# UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF OHIO
### AT CANTON

------------------------------------------------------ x

In re:                                         :    Chapter 11

                                            :

SCHWAB INDUSTRIES, INC., *et al.*,[1]   :    Case No. 10-60702

                                            :    (Jointly Administered)

                   Debtors.         :

                                            :    Judge Russ Kendig

------------------------------------------------------ x

---

[1]   The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number are: Schwab Industries, Inc. (2467); Medina Cartage Co. (9373); Medina Supply Company (3995); Quality Block & Supply, Inc. (2186); O.I.S. Tire, Inc. (7525), Twin Cities Concrete Company (9196); Schwab Ready-Mix, Inc. (8801); Schwab Materials, Inc. (8957); and Eastern Cement Corp. (7232).

CLE - 2647594.1

**ORDER (1) APPROVING AUCTION AND BIDDING PROCEDURES AND AN AUCTION DATE; (2) SCHEDULING DATE AND TIME FOR SALE HEARING; (3) APPROVING THE FORM AND MANNER OF SERVICE OF NOTICE OF THE SALE HEARING AND AUCTION PURSUANT TO BANKRUPTCY RULES 2002, 6004 AND 6006; (4) APPROVING THE FORM AND MANNER OF SERVICE OF NOTICE OF THE ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES; AND (5) GRANTING RELATED RELIEF**

This matter having come before the Court on the motion (the "Sale Procedures Motion") for an Order (1) Approving Auction and Bidding Procedures; (2) Scheduling a Date and Time for Sale Hearing, (3) Approving the Form and Manner of Service of Notice of the Auction and Sale Hearing; (4) Approving the Form and Manner of Service of Notice of the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases; and (5) Granting Related Relief filed on April 5, 2010 by Schwab Industries, Inc ("SII"), Medina Cartage Co. ("MCC"), Medina Supply Company ("MSC"), Quality Block & Supply, Inc. ("QBS"), O.I.S. Tire, Inc. ("OIS"), Twin Cities Concrete Company ("TCC"), Schwab Ready-Mix, Inc. ("SRM"), Schwab Materials, Inc. ("SMI") and Eastern Cement Corp. ("ECC", and together with SII, MCC, MSC, QBS, OIS, TCC, SRM and SMI, the "Debtors"), seeking entry of an order (a) establishing the bidding and auction procedures (the "Bidding Procedures") that will govern the sale of substantially all of the assets of Debtors (the "Assets"); (b) scheduling the hearing (the "Sale Hearing") to approve the sale of the Assets (the "Sale"); (c) approving the proposed form of service of notice (the "Sale Notice") for the Sale; and (d) approving the form of service of notice related to the assumption and assignment of unexpired leases and executory contracts (the "Cure Claim Notice"). Unless otherwise defined herein, capitalized terms in this order (the "Sale Procedures Order") shall be given the same meaning accorded to such terms in the Sale Procedures Motion. The Court has considered the entire record in these proceedings to date and

2

CLE - 2647594.1

the arguments presented by counsel for the various parties reflected in the record at the hearing held on April 15, 2010.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

Based on the foregoing, and after due deliberation and good sufficient factual and legal cause appearing therefor, the Court finds and concludes as follows:

1.  The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and Rule 5005 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). Venue in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b). The statutory predicates for relief sought herein include sections 105(a), 363, 365 and 1146(c) of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), Bankruptcy Rules 2002, 4001(d), 6004, 6006, 9013 and 9014 and Local Rule 9013.

2.  Debtors are diligently marketing the Assets for sale.

3.  Debtors have formulated a proposed Asset Purchase Agreement (appended to the Sales Procedures Motion, the "APA").

4.  With respect to the Sale Motion and all matters addressed in this Sale Procedures Order due and proper notice has been given to all necessary parties.

5.  Debtors have shown good and sufficient business reasons for the relief requested in the Sale Procedures Motion and have exercised prudent and reasonable business judgment with respect thereto.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT**

CLE - 2647594.1

1. The Bidding Procedures be and hereby are approved as attached hereto as <u>Exhibit B</u>, and Debtors are authorized to proceed with the auction and sale process in accordance with the Bidding Procedures.

2. The APA be and hereby is approved as attached hereto as <u>Exhibit A</u>, and Debtors are authorized to proceed with the APA as part of the Bidding Procedures.

3. Within three business (3) days after the entry of this Sale Procedures Order and in no event later than April 19, 2010, Debtors shall serve (except with respect to those parties receiving electronic notice in Debtors' bankruptcy proceeding) the Sale Notice, substantially in the form annexed hereto as <u>Exhibit C</u> on the following entities: (i) all parties that contacted by Debtors or their advisors in connection with the marketing and sale process for the Assets; (ii) all other prospective offerors and parties-in-interest upon written request to Debtors; (iii) all entities who receive electronic notice in Debtors' bankruptcy proceedings; and (iv) all parties pursuant to Bankruptcy Rules 6004(a), 6004(c), 6006(c) and 9014 and the case management procedures in place in these Cases. Service pursuant to Bankruptcy Rules 6004(a), 6004(c), 6006(c) and 9014 on those parties not receiving electronic notice shall be by first-class mail addressed to the business address of such persons appearing in Debtors' records notwithstanding Bankruptcy Rule 9014. Pursuant to Bankruptcy Rule 2002, service of the Sale Notice described herein shall constitute good and sufficient notice of the Bidding Procedures (including the APA), the Auction, this Sale Procedures Order, the Sale Motion, and the Sale Hearing (and any proceedings to be held thereon or related thereto) on all known and unknown creditors and parties-in-interest, including person entitled to service pursuant to Bankruptcy Rules 2002, 6004(a), 6004(c), 6006(c) and 9014. The Form of Sale Notice is hereby approved.

4

CLE - 2647594.1

4. Debtors shall serve via first-class mail upon all parties (the "Counterparties") to executory contracts and unexpired leases (the "Contracts") that are or may be assumed and assigned in connection with the Sale a notice (the "Cure Claim Notice"), substantially in the form attached hereto as Exhibit D, on or before May 24, 2010, of (a) the Debtors' intent to assume and assign certain of the Contracts to any Successful Bidder; (b) a schedule of the Contracts and the monetary defaults, if any, associated with each Contract that is required to be cured under section 365 of the Bankruptcy Code (the "Cure Amounts"); and (c) the procedures for filing objections to the assumption and assignment of the Contracts, including any objections to proposed Cure Amounts. Service pursuant to Bankruptcy Rules 6006(c) and 9014 on those parties not receiving electronic notice shall be by first-class mail addressed to the business address of such persons appearing in Debtors' records notwithstanding Bankruptcy Rule 9014. The Form of Cure Claim Notice is hereby approved.

5. Objections, if any, to the Sale Motion shall be in writing, shall conform to the Bankruptcy Rules and the Local Rules and orders of this Court, shall set forth (i) the nature of the objector's claims against or interests in Debtors' estates; (ii) the basis for the objection, (iii) the specific grounds therefor and (iv) all evidence in support of said objection, and shall be filed and served so as to be received on or before **May 28, 2010 at 5:00 p.m. E.D.T**, by (a) Debtors and Debtors' Counsel, (b) the Committee, (c) the United States Trustee, (d) counsel for the Senior Lenders, (e) counsel for Naples Funding Group, L.C., and (f) all parties requesting service of notice and other motions and pleadings in this chapter 11 proceeding. Any person that does not comply with this paragraph shall not be heard at the Sale Hearing. If any Successful Bidder objects to Debtors' determination of a Qualified Bid as a higher and better bid for the Assets, the sole and exclusive remedy of such Qualified Bidder shall be to bid under protest at the Auction

5

and, upon compliance with this paragraph, have standing at the Sale Hearing to contest Debtors' determination.

6.     Debtors are authorized to modify the listing of Core Assets and Non-Core Assets, upon consultation with the Secured Lenders.

7.     Except as set forth above, nothing otherwise contained in this Order shall be deemed to deprive any party of the right to object timely to the Sale Motion, all of which rights will be expressly reserved by this Order.

8.     The Sale Hearing to consider the relief requested in the Sale Motion and to consider whether to approve the bid by the Buyer or other Successful Bidder shall be held on **June 3, 2010 at 10:00 a.m. E.D.T.**

9.     The Bidding Procedures are solely for the benefit of Debtors and nothing contained in this Sale Procedures Order shall create any rights in any other person or bidder.

10.     The Court shall retain jurisdiction to hear and determine all matters arising for or related to this implementation of this Sale Procedures Motion.

###

Prepared and Submitted by:

*/s/ Draft*
Lawrence E. Oscar (0022696)
Daniel A. DeMarco (0038920)
Christopher W. Peer (0076257)
HAHN LOESER & PARKS LLP
200 Public Square, Suite 2800
Cleveland, Ohio  44114
Telephone:     (216) 621-0150
Facsimile:     (216) 241-2824
E-mail:          leoscar@hahnlaw.com
                 dademarco@hahnlaw.com
                 cpeer@hahnlaw.com

*Counsel to Debtors*

CLE - 2647594.1