## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF OHIO
## AT CANTON

| | |
|---|---|
| IN RE: | ) Chapter 11 |
| | ) |
| SCHWAB INDUSTRIES, INC., | ) Case No. 10-60702 (RK) |
| | ) |
| Debtor. | ) Jointly Administered |

## GLOBAL NOTES AND STATEMENT OF
## LIMITATIONS, METHODOLOGY, AND DISCLAIMER
## REGARDING THE DEBTORS' SCHEDULES OF ASSETS
## AND LIABILITIES AND STATEMENTS OF FINANCIAL AFFAIRS

Schwab Industries, Inc., and its subsidiaries, as debtors and debtors in possession (collectively, the "*Debtors*")[1], have filed their respective Schedules of Assets and Liabilities (the "*Schedules*") and Statements of Financial Affairs (the "*SOFAs*", and collectively with the "*Schedules*," the "*Schedules and Statements*") in the United States Bankruptcy Court for the District of Ohio at Canton (the "*Bankruptcy Court*"). The Debtors, with the assistance of their advisors, prepared the Schedules and Statements in accordance with section 521 of title 11 of the United States Code (the "*Bankruptcy Code*") and Rule 1007 of the Federal Rules of Bankruptcy Procedure (the "*Bankruptcy Rules*").

David R. Exley, Vice President of Administration for the Debtors, has signed the Schedules and Statements. In reviewing and signing the Schedules and Statements, Mr. Exley has necessarily relied upon the efforts, statements, and representations of various personnel of the Debtors. Mr. Exley has not (and could not have) personally verified the accuracy of each such statement and representation, including statements and representations concerning amounts owed to creditors.

These Global Notes and Statement of Limitations, Methodology, and Disclaimer Regarding the Schedules and Statements (the "*Global Notes*") pertain to, are incorporated by reference in, and comprise an integral part of all of the Schedules and Statements. The Global Notes should be referred to and reviewed in connection with any review of the Schedules and

---

[1]  The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number are: Schwab Industries, Inc. (2467); Medina Cartage Co. (9373); Medina Cartage Co. (9373); Medina Supply Company (3995); Quality Block & Supply, Inc. (2186); O.I.S. Tire, Inc. (7525); Twin Cities Concrete Company (9196); Schwab Ready-Mix, Inc. (8801); Schwab Materials, Inc. (8957); and Eastern Cement Corp. (7232). Each of the Debtors has a principal place of business at 2301 Progress Street, Dover, OH 44622.

CLE - 2675448.1

Statements.[2] In the event that the Schedules and Statements differ from any of the foregoing Global Notes, the Global Notes shall control.

The Schedules and Statements do not purport to represent financial statements, whether prepared in accordance with Generally Accepted Accounting Principles in the United States ("**GAAP**") or not, nor are they intended to be fully reconciled to the Debtors' financial statements (whether publicly filed or otherwise). The Schedules and Statements contain unaudited information that is subject to further review and potential adjustment. In preparing the Schedules and Statements, the Debtors relied on financial data derived from their books and records that was available at the time of such preparation. The Debtors have made reasonable, good faith efforts to ensure the accuracy and completeness of such financial information. Further research or discovery may identify subsequent and additional information that may necessitate material amendments to the Schedules and Statements. As a result, the Debtors are unable to warrant or represent that the Schedules and Statements are without inadvertent errors, omissions, or inaccuracies. The Debtors reserve all rights to amend or supplement the Schedules and Statements as is necessary and appropriate.

Nothing contained in the Schedules and Statements shall constitute a waiver of any of the Debtors' rights or an admission with respect to their chapter 11 cases, including, without limitation, any issues involving substantive consolidation, equitable subordination, offsets or defenses, and/or causes of action arising under the provisions of chapter 5 of the Bankruptcy Code and any other relevant applicable laws to recover assets or avoid transfers.

1. **Summary of Significant Reporting Policies**. The following is a summary of significant reporting policies:

   a) Accruals/Unvouchered Payables. The Debtors have made every reasonable attempt to list all accruals and unvouchered payables on their liabilities schedules.

   b) Amendments and Supplements. While the Debtors made reasonable and good faith efforts to file complete and accurate Schedules and Statements, inadvertent errors or omissions may exist. The Debtors reserve all rights to amend or supplement the Schedules and Statements as is necessary and appropriate.

   c) Bankruptcy Court Orders. Pursuant to various orders entered or to be entered by the Bankruptcy Court (collectively, the "***Pre-petition Payment Orders***"), the Debtors were or will be authorized to pay certain outstanding pre-petition claims, including, without limitation, certain

---

[2]  These Global Notes are in addition to the specific notes contained in each Debtor's Schedules and Statements. The fact that the Debtors have prepared a "Specific Note" with respect only to specific Schedules and Statements should not be interpreted as a decision by the Debtors to exclude the applicability of such Specific Note to any of the Debtors' remaining Schedules and Statements, as appropriate.

10-60702-rk    Doc 282    FILED 04/16/10    ENTERED 04/16/10 01:36:47    Page 2 of 51

claims of employees for wages, salaries and benefits, certain tax claims, and certain claims of shippers, warehousemen, and contractors. However, despite the Debtors' good faith efforts to account for the satisfaction of such claims pursuant to the Pre-petition Payment Orders, the claims listed in the Schedules and Statements may not reflect amounts paid pursuant to these various Orders as such claims were unpaid as of February 28, 2010 (the "*Petition Date*"). Where payment is known, such creditors were excluded from the Schedules. To the extent possible, the Debtors have indicated that these claims are contingent in light of the fact that they may be satisfied postpetition. Moreover, to the extent such claims are listed on the Schedules and Statements, inadvertently or otherwise, the Debtors do not waive any right to amend the Schedules and Statements and/or to subsequently object to such claims on any basis, including that such claims have already been satisfied through payments with respect to the Pre-petition Payment Orders or otherwise.

d)  Claims Description. Any failure to designate a claim on a given Debtor's Schedules and Statements as "disputed," "contingent," or "unliquidated" does not constitute an admission by the Debtor that such amount is not "disputed," "contingent," or "unliquidated." The Debtors reserve all rights to dispute any claim, whether reflected on their respective Schedules and Statements or asserted pursuant to a filed proof of claim, on any grounds, including, without limitation, amount, liability or classification, or to otherwise subsequently designate such claims as "disputed," "contingent," or "unliquidated."

e)  Classifications. Listing a claim or contract (1) on Schedule D as "secured," (2) on Schedule F as "unsecured," or (3) on Schedule G as "executory" or "unexpired," does not constitute an admission by the Debtors of the legal rights of the claimant, or a waiver of the Debtors' right to recharacterize or reclassify such claim or contract.

f)  Causes of Action. Despite reasonable and good faith efforts, the Debtors may not have identified and/or set forth all of their causes of action (filed or potential) against third parties in their Schedules and Statements. The Debtors reserve all rights with respect to any causes of action, and nothing in the Global Notes or the Schedules and Statements shall be deemed a waiver of any such causes of action or Debtors' rights thereunder. Similarly, in instances where the Debtors are defendants in pending causes of action, nothing in the Global Notes or the Schedules and Statements shall be deemed as an admission or determination with respect to, or a waiver of any defense or objection to, such causes of action, and all of the Debtors' defenses, objection and other rights with respect to such causes of action are hereby preserved.

g)  Schedules and Statement Reflect Assets at Net Book and/or Appraised Value. In certain instances, market valuations are neither maintained by,

nor readily available to, the Debtors. In other instances, market valuations are available but they are out-of-date. It would be prohibitively expensive, unduly burdensome and an inefficient use of estate assets for the Debtors to obtain current market valuations of all of their assets. Accordingly, unless otherwise indicated, the Debtors' Schedules and Statements reflect the Debtors' assets at net book values or according to most recent appraisals. Values also do not include mineral rights. Market values of these assets may vary, at some times materially, from the net book value of such assets. As applicable, assets that have been fully depreciated or were expensed for accounting purposes have no net book value.

h)    Estimates and Assumptions. In preparing the Schedules and Statements, the Debtors were required to make certain estimates and assumptions that affect the reported amounts of assets and liabilities, the disclosure and potential values of contingent assets and liabilities on the date of the Schedules and Statements and the reported amounts of revenues and expenses during the reporting period. Actual results could differ from those estimates, perhaps materially.

i)    Executory Contracts and Unexpired Leases. The Debtors have not necessarily set forth executory contracts and unexpired leases as assets in the Schedules and Statements, even though these contracts may have some value to the Debtors' estates. The Debtors' executory contracts and unexpired leases have been set forth in Schedule G. The Debtors' rejection of executory contracts and unexpired leases will result in the assertion of rejection damages claims; as no such contracts and leases had been rejected by Court order on the Petition Date, and no rejection damages claims had been filed as of such date, the Schedules and Statements do not reflect any claims for rejection damages claims. The Debtors reserve the right to make any arguments and objections with respect to the assertion of any such claims. Inclusion of an executory contract or unexpired lease does not constitute assumption or rejection of such executory contract or unexpired lease.

j)    Foreign Currency. Unless otherwise indicated, all amounts are reflected in U.S. dollars, and translated from other currencies as of the Petition Date where applicable.

k)    GAAP. The aggregate asset values and claim amounts set forth in the Schedules and Statements do not necessarily reflect the amounts that would be set forth in a balance sheet prepared in accordance with GAAP.

l)    Persons listed as "insiders" have been included for informational purposes only. The Debtors do not take any position with respect to: (a) such person's influence over the control of the Debtors; (b) the management responsibilities or functions of such individual; (c) the decision-making or corporate authority of such individual; or (d) whether such individual

could successfully argue that he or she is not an "insider" under applicable law, including, without limitation, the federal securities laws, or with respect to any theories of liability, or for any other purpose.

m)  Intercompany Claims. Receivables and payables among the Debtors in these cases (each an "***Intercompany Receivable***" or "***Intercompany Payable***" and, collectively, the "***Intercompany Claims***") are reported on Schedule B(16) as a net receivable or payable due to or from the applicable Debtor to or from the other Debtors. Where no balance is listed, the Debtors do not believe, based on information currently available, that the applicable Debtor has any Intercompany Receivables or Intercompany Payables. This manner of reporting follows the Debtors' customary practice of reporting such claims.

n)  Liabilities. The Debtors allocated liabilities between the prepetition and postpetition periods based on the information and research conducted in connection with the preparation of the Schedules and Statements. As additional information becomes available and further research is conducted, the allocation of liabilities between the prepetition and postpetition periods may change. The Debtors reserve all rights to modify, amend, and supplement the Schedules and Statements as is necessary and appropriate.

o)  Materialman's/Mechanics' Liens. The inventories, property, and equipment listed in the Schedules and Statements are presented without consideration of any materialman's or mechanics' liens.

p)  Litigation. The Debtors have attempted to list on Schedule F all known claimants related to any pending or threatened litigation action as contingent, disputed, and unliquidated with unknown amounts. Although claim amounts were not estimated, allowed claims, if any, for these claimants may be substantial. Certain litigation actions reflected as claims against Schwab Industries, Inc. may relate to any of the other Debtors. The Debtors have made reasonable efforts to accurately record these actions in the Schedules and Statements of the Debtor that is the party to the action.

q)  Recharacterization. Notwithstanding that the Debtors have made reasonable efforts to correctly characterize, classify, categorize, or designate certain claims, assets, executory contracts, unexpired leases, and other items reported in the Schedules and Statements, the Debtors nonetheless may have improperly characterized, classified, categorized, or designated certain items. Thus, the Debtors reserve all rights to recharacterize, reclassify, recategorize, or redesignate items reported in the Schedules and Statements at a later time as is necessary and appropriate as additional information becomes available.

r)    Setoffs.  The Debtors routinely are subject to certain setoffs and other similar rights exercised by or with respect to customers or suppliers in the ordinary course of business. Setoffs in the ordinary course can result from various items, including, but not limited to, intercompany transactions, pricing discrepancies, returns, warranties, and other disputes between the Debtors and their customers and/or suppliers. These normal setoffs and other similar rights are consistent with the ordinary course of business in the Debtors' businesses and can be particularly voluminous, making it unduly burdensome and costly for the Debtors to list such transactions. Therefore, although the exercise of such setoffs and other similar rights may have been taken into consideration when scheduling certain amounts, setoffs and these other rights are not independently accounted for, and as such, are excluded from the Schedules and Statements. Notwithstanding the foregoing, the Debtors have not reviewed the validity of the aforementioned setoff rights and hereby reserve all rights to challenge such setoff rights.

s)    Petition Date.  Financial information for the Debtors is, unless otherwise noted herein or in the Schedules and Statements, provided as of the Petition Date of February 28, 2010.

t)    Third-Party Property.  In the ordinary course of their business, the Debtors lease and/or maintain on site equipment from certain third-party lessors for use in the daily operation of their business and otherwise use and hold property owned by third-parties pursuant to contracts and leases with such parties. To the extent known, such leases or contracts are set forth in Schedule G. The property subject to any such leases or contracts is not reflected in either Schedule A or Schedule B as either owned property or assets of the Debtors. Neither is the property subject to any such leases or contracts reflected in the Debtors' SOFAs as property or assets of third-parties within the control of the Debtors. Nothing contained in the Schedules and Statements is or shall be construed as an admission or determination as to the legal status of any lease (including, but not limited to, whether any lease is a true lease or a financing arrangement) or contract (including, but not limited to, whether the contract is, in fact, an executory contract), and the Debtors reserve all rights with respect to any such issues.

u)    Totals.  All totals that are included in the Schedules and Statements represent totals of all known amounts included in the Debtors' books and records as of the Petition Date. To the extent there are unknown or undetermined amounts, the actual total may be different than the listed total.

v)    Undetermined Amounts.  The description of an amount as "unknown," "TBD," or "undetermined" is not intended to reflect upon the materiality of such amount.

w)   Consolidated Entity Accounts Payable and Disbursement Systems. The Debtors utilize consolidated accounts payable and disbursement systems in their day-to-day operations, the effect of which is that certain accounts payable and/or payment detail may not be available on a legal entity basis. Although effort has been made to attribute open payable amounts and/or payments to the correct legal entities, the Debtors reserve their right to modify or amend the Schedules and SOFAs to attribute any payable to any different legal entity. Payments made are listed by the entity making such payment notwithstanding that certain payments will have been made on behalf of another entity.

x)   Entity Classification Issues. The Debtors have endeavored in good faith to identify the assets owned by each Debtor and the liabilities owed by each Debtor. While the Schedules reflect the results of this effort, several factors may impact the ability of the Debtors precisely to assign assets and liabilities to particular Debtor entities, including but not limited to (a) certain assets may be primarily used by a Debtor other than the entity which holds title to such assets according to the Debtors' books and records; (b) the Debtor entity that owns or holds title to certain assets may not be ascertainable given the consolidated manner in which the Debtors have operated their businesses; (c) certain liabilities may have been nominally incurred by one Debtor, yet such liabilities may have actually been incurred by, or the invoices related to such liabilities may have been issued to or in the name of, another Debtor; and (d) certain creditors of the Debtors may have treated one or more of the Debtors as a consolidated entity rather than as differentiated entities.

y)   Settlement of Inter-Company Claims. Prior to the Petition Date, Debtors and their subsidiaries and affiliates, including Affiliated Debtors, routinely settled their inter-company accounts. These settlements did not involve transfer of cash, but rather were bookkeeping transactions. No warranty or representation is given with regard to settlement of inter-company claims.

z)   Excluded Assets and Liabilities. Liabilities resulting from accruals and/or estimates of long-term liabilities either are not payable at this time or have not yet been reported and, therefore, do not represent specific claims as of the Petition Date and are not otherwise set forth in the Statements and Schedules. Additionally, certain deferred charges, accounts, or reserves recorded for GAAP reporting purposes only are not included in the Debtors' Schedules.

2.   **Specific Schedules and Statements Disclosures**

a)   Schedule A - Real Property. The Debtors have listed the value of their real estate properties based on appraisals performed on various dates in the second half of 2009. These amounts may be materially different from the

fair market value of such real estate property. Debtors also operate from real property leased from third parties. Such leased property is not listed on Schedule A.

b)    Schedule B(2) – Checking, savings accounts. As part of Debtors' business operations, in the ordinary course of business, the Debtors use a cash management system ("Cash Management System") to transfer funds between and among the Debtors in order to manage their respective operations and cash needs. Funds are collected in certain collections accounts and disbursed or transferred (including inter-company transfers) on a daily basis to disbursement accounts that are designated for certain purposes, such as payroll, operational expenses and other disbursement needs. All cash accounts are reported as a book balance as of the Petition Date.

In addition, the aforementioned transfers give rise to claims held by one Debtor against another Debtor, or vice-versa, which are difficult to determine as of the Petition Date and therefore have not been listed in the Schedules. The Debtors reserve their right to amend the Schedules and Statements to reflect such claims. The Debtors have requested and have been granted authority to continue employing their Cash Management System.

c)    Schedule B(13) - Stocks and interests in businesses. Equity interests in subsidiaries and affiliates primarily arise from common stock ownership interests. Each Debtor's "Schedule B-Personal Property" lists such Debtor's ownership interests, if any, in subsidiaries and affiliates, including other Debtors. For purposes of these Statements and Schedules, the Debtors have listed the value of such ownership interests as undetermined because the fair market value of such stock or interests is dependent on numerous variables and factors and may differ significantly from the net book value.

d)    Schedule B14 – Interest in Partnerships and Join Ventures. The estimated value of the partnership interests reported on Schedule B14 are based on Book Values.

e)    Schedule B(23) - Licenses, franchises and general intangibles. The Debtors have listed various licenses which may or may not be transferable and, therefore, may have no market value, although they do have value to the Debtors because they are used to operate the Debtors' businesses. Nothing herein or in the Schedules and Statements shall be construed as an admission or acknowledgment by the Debtors that any particular license is not transferable either pursuant to its terms or pursuant to the provisions of the Bankruptcy Code or has no market value, and the Debtors reserve all rights with respect to any such issues.

f) <u>Schedule B(24) - Customers lists and other compilations containing personally identifiable information</u>. The Debtors have listed various customer lists with an undetermined value. For confidentiality reasons, copies of customer lists are not valued or included.

g) <u>Schedule B(25) – Vehicles</u>. Debtors have listed all their vehicles, as identified or known as of the Petition Date. Debtors are continuing the evaluation and investigation into categorizing and valuing their vehicles. Debtors reserve the right to modify and supplement vehicle information. The value information provided may or may not be indicative of market value.

h) <u>Schedule B(28) – Office Equipment</u>. Debtors have endeavored to identify and list all office equipment owned by Debtors. Values listed generally are not book values, reflecting depreciation over time. The values reported may or may not differ from actual market values.

i) <u>Schedule B(29) – Machinery and Equipment</u>. The Debtors have listed the value of their machinery and equipment based on an appraisal dated 09/25/09. The reported amounts may be materially different from the fair market value of such personal properties.

j) <u>Schedule D - Creditors Holding Secured Claims.</u> Although the Debtors have scheduled claims of various creditors as secured claims, the Debtors reserve all rights to dispute or challenge the secured nature of any such creditor's claim or the characterization of the structure of any such transaction or any document or instrument related to such creditor's claim. The descriptions provided in Schedule D are intended to be a summary only. In certain instances a Debtor may be a co-obligor, co-mortgagor or a guarantor with respect to scheduled claims of other Debtors. No claim set forth on Schedule D of any Debtor is intended to acknowledge claims of creditors that are otherwise satisfied or discharged by other entities. Further, reference to the applicable agreements and other related relevant documents is necessary for a complete description of the collateral and the nature, extent and priority of any liens. Nothing in the Global Notes or the Schedules shall be deemed a modification or interpretation of the terms of such agreements and related documents. Schedule D for each Debtor reflects indebtedness owed pursuant to the Debtors' prepetition secured credit facility. Although there are multiple lenders related to the revolving and term facilities that comprise the Debtors' prepetition secured credit facility, only KeyBank National Association, the administrative agent for such lenders, has been listed for purposes of Schedule D.

To generate the list of creditors holding secured claims by virtue of a UCC filing, the Debtors utilized UCC lien searches. Because these lien searches were performed prior to the Petition Date, it is possible that certain claimants with perfected interests may not be listed on Schedule D.

By listing a party on Schedule D based on a UCC filing, the Debtors are not conceding or admitting that such party actually holds a perfected, non-avoidable security interest in any assets that are the subject of such filing, and fully reserve their rights.

k)     <u>Schedule E - Creditors Holding Unsecured Priority Claims</u>. The Debtors have authority to pay certain prepetition obligations, including the authority to pay employee wages and other employee benefits in the ordinary course of business pursuant to Court order (the "***Employee Wage and Benefit Order***"). Pursuant to the Employee Wage and Benefit Order, the Debtors believe that any employee claims for prepetition amounts related to ongoing payroll and benefits, whether allowable as a priority or nonpriority claim, have been or will be satisfied, and such satisfied amounts are not listed on Schedule E.

Further, certain claims may be subject to on-going audits and the Debtors are otherwise unable to determine with certainty the amount of many, if not all, of the claims listed on Schedule E. Therefore, the Debtors have listed all such claims as unknown in amount, pending final resolution of ongoing audits or other outstanding issues.

The listing of any claim on Schedule E does not constitute an admission by the Debtors that such claim is entitled to priority treatment under 11 U.S.C. §507. The Debtors reserve the right to take the position that the claim listed herein is a Secured claim, an unsecured or a subordinated claim.

Debtors, as a precaution, and to provide notice, listed all known and applicable taxing agencies on Schedule E. This was done in an abundance of caution and shall not be construed as an admission of any taxes due, pre or postpetition.

l)     <u>Schedule F - Creditors Holding Unsecured Claims</u>. Pursuant to an order entered by the Bankruptcy Court on March 5, 2010, the Debtors have received authority to pay certain outstanding pre-petition claims of certain critical shippers (the "***Critical Shippers and other lien claimants Order***"). The Debtors believe that any claims on account of such critical shippers and other lien claimants have been or will be satisfied, and such satisfied amounts are not listed on Schedule F.

Whenever reasonably practicable, the Debtors have allocated liabilities to particular Debtors. However, for a number of reasons, including that the Debtors' principally operated their business by business unit rather than by Debtor entity, it is practically impossible in certain cases to assign a given liability to a particular Debtor. For a complete understanding of the unsecured debts of each Debtor, the reader should review Schedule F of each. Despite the Debtors' reasonable and good faith efforts to properly

allocate liabilities, certain liabilities may have been allocated to certain Debtors which should have been allocated to a different Debtor. In order to determine the total liabilities of the Debtors, parties in interest should review each Schedule F for of all of the Debtors.

Schedule F also contains information regarding threatened or pending litigation involving the Debtors. The amounts for these potential claims are listed as "unknown" and marked as contingent, unliquidated, and disputed in the Schedules and Statements. The Debtors expressly incorporate by reference into Schedule F all parties to pending and potential litigation, if any, listed in question 4(a) of the applicable Debtor's SOFAs as contingent, unliquidated, and disputed claims, to the extent not already listed on Schedule F.

Schedule F also reflects the prepetition amounts owed to counterparties to executory contracts and unexpired leases. Such prepetition amounts, however, may be paid in connection with the assumption or assumption and assignment of an executory contract or unexpired lease. Schedule F does not include additional rejection damages claims, if any, of the counterparties to executory contracts and unexpired leases that may be rejected as of or after the Petition Date. Inclusion on Schedule F is not evidence of the existence of a cure claim.

The claims of creditors for, among other things, merchandise, goods, services, or taxes are listed on the Debtors' books and records and may not reflect credits or allowances due from such creditor. The Debtors reserve all of their rights respecting such credits and allowances. The amounts listed may be exclusive of contingent and unliquidated amounts.

m)  Schedule G - Executory Contract and Unexpired Leases.  While every reasonable and good faith effort has been made to ensure the accuracy and completeness of Schedule G, inadvertent errors or omissions may have occurred. Certain of the leases and contracts listed on Schedule G may contain renewal options, guarantees of payment, options to purchase, rights of first refusal, and other miscellaneous rights. Such rights, powers, duties, and obligations are not set forth on Schedule G. Certain of the executory agreements may not have been memorialized in writing and could be subject to dispute. A number of insurance contracts listed are umbrella agreements that cover some or all of the Debtors. Where relevant, such agreements have been listed in the Schedule G only of the Debtor that signed the original umbrella agreement. In addition, the Debtors may have entered into various other types of agreements in the ordinary course of their business, such as supplemental agreements, amendments, letter agreements, title agreements and confidentiality agreements. Because of the number of such agreements and the difficulty in assembling a complete list of them given the size, magnitude and diversity of the Debtors' business, all of such agreements may not be set

forth on Schedule G. The Debtors reserve all of their rights to dispute or to challenge the characterization of the structure of any transaction, or any document or instrument related to a creditor's claim. In the ordinary course of business, the Debtors may have entered into agreements, written or oral, for the provision of certain services on a month-to-month or at-will basis. Such contracts may not be included on Schedule G. However, the Debtors reserve the right to assert that such agreements constitute executory contracts. Listing a contract or agreement on Schedule G does not constitute an admission that such contract or agreement is an executory contract or unexpired lease or that such contract or agreement was in effect on the Petition Date or is valid or enforceable. The omission of a contract or agreement on Schedule G does not constitute an admission that such omitted contract or agreement is not an executory contract or unexpired lease, nor that such omitted contract or agreement was not in effect on the Petition Date or invalid or unenforceable. The Debtors reserve all rights to amend Schedule G to add executory contracts or unexpired leases or to challenge the legal status of any contract or lease, including the characterization of any lease as an unexpired non-residential real property lease, or whether any listed contract, lease, or other agreement constitutes an executory contract or unexpired lease. Any and all of the Debtors' rights, claims, and causes of action regarding the contracts and agreements listed on Schedule G are hereby reserved and preserved.

n)  Schedule H - Co-Debtors.  For purposes of Schedule H, only KeyBank National Association, as the administrative agent under the prepetition secured credit facility, is listed for claims arising under such secured credit facility.

In the ordinary course of their businesses, the Debtors are involved in pending or threatened litigation and claims arising out of the conduct of their businesses. These matters may involve multiple plaintiffs and defendants, some or all of whom may assert cross-claims and counter-claims against other parties. Because such claims are listed elsewhere in the Schedules and Statements, they have not been set forth individually on Schedule H.

o)  SOFA Question 3(b) - Payments to Creditors within 90 days.  Payments are listed by the entity making such payment or credited through intercompany accounts pursuant to the cash management system in place, notwithstanding that certain payments may have been made on behalf of another entity. The Debtors utilize an integrated cash management system. As a result, during the year preceding the Petition Date, payments were made to insiders of each of the Debtors by Schwab Industries, Inc. and/or some other Debtor. Some of these payments may have been for the benefit of another Debtor. These payments are listed on the SOFA for the Debtor making the payment, even if the payment was made to or for the benefit of

an insider of another Debtor. To ascertain information relating to all payments that were made to insiders, all of the Debtors' SOFAs should be consulted.

p)      SOFA Question 3(c) – Payment to insiders within one year. Payments to insiders have been reported on SOFA 23.

q)      SOFA Question 4(a) – Suits and Administrative Proceedings. The Debtors have made reasonable and good faith efforts to include in their responses to SOFA Question 4 (a) a complete list of all lawsuits and litigation proceedings to which the Debtors were a party within the one (1) year period immediately preceding the Petition Date. To the extent the Debtors become aware that they have omitted any such lawsuits or proceedings, they will amend their SOFAs.

r)      SOFA Question 7 – Gift. From time to time the Debtors may make *de minimis* contributions to local charities. These amounts are not reflected on SOFA 7.

s)      SOFA Question 8 – Losses. The losses listed exclude those incurred in the ordinary course of business or those where the amount is *de minimis*.

t)      SOFA Question 9 – Payment Related to Debt Counseling or Bankruptcy. Due to the centralized cash management system, Debtors made payments to various professionals for restructuring services on behalf of all of the Debtors.

u)      SOFA Question 19(a) – Books, records and financial statements. The positions assigned to the individuals listed in SOFA 19(a) represent the current position held by the individual.

v)      SOFA Question 23 – Withdrawals from a partnership or distributions by a corporation within one year. Debtors Schwab Industries, Inc., Eastern Cement Corp. and Schwab Ready-Mix, Inc. made payments on behalf of all of the Debtors to some of their respective current and former Officers.

# United States Bankruptcy Court
## Northern District of Ohio At Canton

In re   **Schwab Industries, Inc.**                           ,        Case No.   **10-60702 (RK)**

                                            Debtor        Chapter            **11**

## SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each. Report the totals from Schedules A, B, D, E, F, I, and J in the boxes provided. Add the amounts from Schedules A and B to determine the total amount of the debtor's assets. Add the amounts of all claims from Schedules D, E, and F to determine the total amount of the debtor's liabilities. Individual debtors must also complete the "Statistical Summary of Certain Liabilities and Related Data" if they file a case under chapter 7, 11, or 13.

| NAME OF SCHEDULE | ATTACHED (YES/NO) | NO. OF SHEETS | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A - Real Property | Yes | 1 | 2,780,000.00 | | |
| B - Personal Property | Yes | 6 | 67,453,7540.64 | | |
| C - Property Claimed as Exempt | No | 0 | | | |
| D - Creditors Holding Secured Claims | Yes | 1 | | 56,940,250.72 | |
| E - Creditors Holding Unsecured Priority Claims  (Total of Claims on Schedule E) | Yes | 6 | | 370,524.34 | |
| F - Creditors Holding Unsecured Nonpriority Claims | Yes | 12 | | 5,246,211.58 | |
| G - Executory Contracts and Unexpired Leases | Yes | 2 | | | |
| H - Codebtors | Yes | 3 | | | |
| I - Current Income of Individual Debtor(s) | No | 0 | | | N/A |
| J - Current Expenditures of Individual Debtor(s) | No | 0 | | | N/A |
| Total Number of Sheets of ALL Schedules | | 31 | | | |
| Total Assets | | | 69,623,740.64 | | |
| Total Liabilities | | | | 62,556,986.64 | |

Copyright (c) 1996-2009 - Best Case Solutions - Evanston, IL - (800) 492-8037                        Best Case Bankruptcy

In re  **Schwab Industries, Inc.** , Case No. __10-60702 (RK)__
Debtor

# SCHEDULE A - REAL PROPERTY

Except as directed below, list all real property in which the debtor has any legal, equitable, or future interest, including all property owned as a cotenant, community property, or in which the debtor has a life estate. Include any property in which the debtor holds rights and powers exercisable for the debtor's own benefit. If the debtor is married, state whether husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor holds no interest in real property, write "None" under "Description and Location of Property."

**Do not include interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If an entity claims to have a lien or hold a secured interest in any property, state the amount of the secured claim. See Schedule D. If no entity claims to hold a secured interest in the property, write "None" in the column labeled "Amount of Secured Claim." If the debtor is an individual or if a joint petition is filed, state the amount of any exemption claimed in the property only in Schedule C - Property Claimed as Exempt.

| Description and Location of Property | Nature of Debtor's Interest in Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption | Amount of Secured Claim |
|---|---|---|---|---|
| **Building - Corporate Office**<br>**2301 Progress Street, Dover, OH 44622**<br>**Appraisal: 08/20/09** | **Fee simple** | - | 1,240,000.00 | Unknown |
| **Building - Warehouse**<br>**358 Stonecreek Rd, NW, New Philadelphia, OH 44663**<br>**Appraisal: 08/20/09** | **Fee simple** | - | 320,000.00 | Unknown |
| **Tire Retread Factory**<br>**3251 Brightwood Road, Midvale, OH 44653**<br>**Appraisal: 08/20/09** | **Fee simple** | - | 610,000.00 | Unknown |
| **Ridge Road Rear (Communications Tower)**<br>**New Philadelphia, OH**<br>**Parcel No. 2500859000** | **Fee simple** | - | Unknown | Unknown |
| **214 Clubside Drive, NW**<br>**New Philadelphia, OH**<br>**Parcel No. 4308214000** | **Fee simple** | - | Unknown | Unknown |
| **3251 Brightwood**<br>**Road, Village of Midvale**<br>**Tuscarawas County, Ohio** | **Fee simple** | - | 610,000.00 | Unknown |

|  | Sub-Total > | 2,780,000.00 | (Total of this page) |
|---|---|---|---|
|  | Total > | 2,780,000.00 |  |

__0__ continuation sheets attached to the Schedule of Real Property

(Report also on Summary of Schedules)

Copyright (c) 1996-2009 - Best Case Solutions - Evanston, IL - (800) 492-8037

Best Case Bankruptcy

**2301 Progress Street**
**Dover, Ohio 44622**

Situated in the City of Dover, County of Tuscarawas and State of Ohio:

And known as being a part of a 30.866 acres tract in the Third Quarter of Township Nine (9), Range Two (2) of the United States Military Lands conveyed to the City of Dover by Warranty Deed recorded in Volume 553, Page 839, of the Tuscarawas County Deed records, and being more fully described as follows:

Beginning at an iron pin set at the intersection of the Westerly boundary line of the former Consolidated Rail Corp. (Central Region, Pittsburg Division) formerly the Pennsylvania Railroad (T.C. & O.R. Railroad) and now presently owned by the Dover Chemical Corporation as conveyed by Deed recorded in Volume 550, Page 917 of the Tuscarawas County Deed Records, and the North boundary line of said 30.866 acres tract, said point of beginning being the following Three courses from a railroad spike found on the Westerly boundary line of said former Consolidated Rail Corp., marking its intersection with the quarter township line between the Second and Third Quarters of Township 9, Range 2 West, and in a public road now known, as County Road No. 80, said railroad spike being referenced from Volume 505, Page 217, of the Tuscarawas County Deed Records;

Thence from said railroad spike and along said Westerly boundary line, South 14 deg. 29' 05" East 2420.33 feet to an iron pin found;

Thence North 82 deg. 23' 05" West 0.59 feet to an iron pin found;

Thence South 14 deg. 26' 30" East, 701.52 feet to the iron pin set at the beginning of the tract herein described;

Thence from said point of beginning and following the Northerly boundary line of said 30.866 acres tract and the Southerly boundary lines of 0.487 acre tract and a 5.795 acres tract conveyed to The Ohio Power Company by Deeds recorded in Volume 555, Page 251, and Volume 543, Page 834 of the Tuscarawas County Deed Records, South 75 deg. 33' 30" West, 617.78 feet to an iron pin found at the Southwest corner of said 5.795 acres tract and on the East boundary line of a 7.071 acres tract conveyed to the City of Dover by Deed recorded in Volume 529, Page 126 of the Tuscarawas County Deed Records;

Thence with the East boundary of said 7.071 acres tract and with a curve to the left having a degree of curve of 0.50933 deg., a central angle of 2 deg. 06' 49.95", a radius of 11,249.16 feet, and an arc length of 415.00 feet to an iron pin set;

Thence leaving the East boundary line of said 7.071 acres tract South 75 deg. 33' 30" East, 639.27 feet to an iron pin set on the Westerly boundary line of said former Consolidated Rail Corp. and the Easterly boundary line of said 30.866 acres tract;

Thence following said boundary line North 14 deg. 26' 30" West, 414.42 feet to the point of beginning, containing 5.992 acres.

2301 Progress Street
Dover, Ohio 44622

PPN: 15-05831

PARCEL 1:

Situated in the City of New Philadelphia, County of Tuscarawas and State of Ohio:

And known as being 1.091 acre of a 2.50 acre tract of land conveyed to the T.J.'s Realty Incorporated as recorded in Volume 520, Page 219 of the Tuscarawas County Record of Deeds, being located in Lot Number 32 of the Horsefield Tract in the Second Quarter of Township 8 (Dover), Range 2, County of Tuscarawas, City of New Philadelphia, State of Ohio and further bounded and described as follows:

Beginning at an iron found on the North line of a 2.80 acre tract of land now or formerly owned by Helen Breyer (Volume 526, Page 599) and the South line of said 2.50 acre tract (said iron pin bearing North 76 deg. 27' 00" West, 30.00 feet from the Northeast corner of said 2.80 acre tract, the Southeast corner of said 2.50 acre tract and the centerline of Tuscarawas County Route No. 21);

Thence North 13 deg. 33' 00" East a distance of 285.64 feet to an iron pin set and the true place of beginning for the tract of land herein described;

Thence North 76 deg. 27' 00" West a distance of 201.56 feet to an iron pin set in the Pennsylvania Railroad;

Thence North 6 deg. 58' 00" East a distance of 192.63 feet to an iron pin set in said railroad iron pin also being the Southwest corner of a 1.76 acre tract of land now or formerly owned by Michael J. Nugo, et al. (Volume 515, Page 810);

Thence South 78 deg. 24' 00" East and with the South line of said County said 1.76 acre tract a distance of 253.79 feet to a point on the centerline of said County Road #21 (passing over an iron pin found at 25.52 feet and a drill hole at 223.77 feet from said iron pin) said point being the Southeast corner of said 1.76 acre tract;

Thence South 13 deg. 33' 00" West and with the centerline of said County Road No. 21 a distance of 200.00 feet to a point;

Thence North 76 deg. 27' 00" West a distance of 30.00 feet to the true place of beginning and containing 1.091 acre of land more or less, as surveyed by Terry L. Hites in September of 1985, but subject to all legal highways. Be the same more or less, but subject to all legal highways.

358 16th Street
New Philadelphia, Ohio 44663

PPN: 43-05677-001

PARCEL 2:

Situated in the City of New Philadelphia, County of Tuscarawas and State of Ohio:

And known as being located in Lot #32 of the Horsefield Tract and being a part of a 5.39 acre tract heretofore conveyed to Theo V. Breyer by Deed recorded in Volume 480 at Page 880 of the Tuscarawas County Deed Records, the part hereby conveyed being more fully described as follows:

Beginning at the Northeast corner of the 5.39-acre tract in County Road #21 and at the Southeast corner of a 1.76-acre tract (Volume 515, Page 810);

Thence from said beginning and with the East line of the 5.39 acre tract in the road South 13 deg. 33' West, 485.64 feet;

Thence leaving said line and road, North 76 deg. 27' West, 30.0 feet to an iron pin;

Thence continuing North 76 deg. 27' West, 129.56 feet to an iron pin;

Thence continuing North 76 deg. 27' West, 39.27 feet to a point on the West line of the 5.39 acre tract;

Thence with the West line thereof North 6 deg. 58' East, 480.17 feet to the Southwest, corner of the aforementioned 1.76 acre tract and the Northwest corner of the 5.39 acre tract, South 78 deg. 24' East, 25.52 feet to an iron pin;

Thence continuing South 78 deg. 24' East, 25.52 feet to an iron pin;

Thence continuing South 78 deg. 24' East, 198.25 feet to a railroad spike;

Thence continuing South 78 deg. 24' East, 30.02 feet to the place of beginning, containing 2.50 (Two and Fifty One Hundredth) acres, more or less, but subject to all legal highways.

EXCEPTING THEREFROM THE FOLLOWING DESCRIBED PROPERTY:

Situated in the City of New Philadelphia, County of Tuscarawas and State of Ohio:

And known as being a 1.091 acre of a 2.50 acre tract of land conveyed to the T.J.'s Realty Incorporated as recorded in Volume 520, Page 219 of the Tuscarawas County Record of Deeds, being located in Lot Number 32 of the Horsefield Tract in the Second Quarter of Township 8 (Dover, Range 2, County of Tuscarawas, City of New Philadelphia, State of Ohio and further bounded and described as follows:

Beginning at an iron pin found on the North line of a 2.80 acre tract of land now or formerly owned by Helen Breyer (Volume 526, Page 599) and the South line of said 2.50 acre tract (said iron pin bearing North 76 deg. 27' 00" West, 30.00 feet from the Northeast corner of said 2.80 acre tract, the Southeast corner of said 2.50 acre tract and the centerline of Tuscarawas County Route No. 21);

Thence North 13 deg. 33' 00" East a distance of 285.64 feet to an iron pin set and the true place of beginning for the tract of land herein described;

Thence North 76 deg. 27' 00" West a distance of 201.56 feet to an iron pin set in the Pennsylvania Railroad;

Thence North 6 deg. 58' 00" East a distance of 192.63 feet to an iron pin set in said railroad said iron pin also being the Southwest corner of a 1.76 acre tract of land now or formerly owned by Michael J. Nugo, et al. (Volume 515, Page 810);

Thence South 78 deg. 24' 00" East and with the South line of said 1.76 acre tract a distance of 253.79 feet to a point on the centerline of said County Road #21 (passing over an iron

pin found at 25.52 feet and a drill hole at 223.77 feet from said iron pin) said point also being the Southeast corner of said 1.76 acre tract;

Thence South 13 deg. 33' 00" West and with the centerline of said County Road No. 21 a distance of 200.00 feet to a point;

Thence North 76 deg. 27' 00" West a distance of 30.00 feet to the true place of beginning and containing 1.091 acre of land more or less, as surveyed by Terry L. Hites in September of 1985, but subject to all legal highways. Leaving to be conveyed 1.409 acres more or less. Be the same more or less, but subject to all legal highways.

V/L Rt. 21 South
New Philadelphia, Ohio 44663

PPN: 43-06747-000

**3251 Brightwood Road**
**Midvale, Ohio 44653**

Situated in the Village of Midvale, County of Tuscarawas and State of Ohio:

And known as being located in Lot #14 of the Spencer Tract in the First Quarter of Township 7, Range 1 and being a part of a 72.44-acre tract heretofore conveyed to Leo E. and Doreen Gundy by Deed recorded in Volume 422 at Page 636 of the Tuscarawas County Deed Records, the part hereby conveyed being more fully described as follows:

Beginning at a point in the road at the most Westerly corner of a 5.00-acre tract (Volume 505, Page 554), said point being located the following Three (3) courses from an iron pin at the Northeast corner of Lot #15 of the Spencer Tract;

South 6 deg. 59' West, along the East line of Lot #15, 399.05 feet;

South 65 deg. 28' West, 2206.50 feet to a point in the road at the most Westerly corner of a 3.16 acre tract; and

Thence in said road by a curve to the left having a radius of 2291.83 feet an arc distance of 1454.60 feet to the true place of beginning;

Thence from said beginning and in the road the following Two (2) courses, by a curve to the left having a radius of 2291.83 feet an arc distance of 151.15 feet and North 69 deg. 19' West, 48.85 feet;

Thence leaving the road North 23 deg. 08' East, passing iron pins at 40.00 feet and 812.53 feet a total distance of 1112.73 feet to an iron pin on the Southwesterly Limited Access Right-of-Way Line of U.S. Rt. #250;

Thence with said line, South 38 deg. 39' East, 233.42 feet to an iron pin;

Thence leaving said line, South 24 deg. 04' East, 160.33 feet to an iron pin;

Thence South 23 deg. 21' West, 419.56 feet to an iron pin at the most Northerly corner of the aforementioned 5.00 acre tract;

Thence with the Northwesterly line thereof passing an iron pin at 379.0 feet a total distance of 419.00 feet to the place of beginning, containing 4.897 acres, more or less, but subject to all legal highways. Further subject to an easement 30 feet in width extending across the above described 4.897 acre tract, the centerline of said easement being more fully described, as follows:

Beginning at a point on the Southeasterly line of the 4.897 acre tract, said point being located South 24 deg. 04' West, 160.33 feet and South 23 deg. 21' West, 15.19 feet from the most Easterly corner of said tract;

Thence from said beginning, North 75 deg. 08' West, 204.94 feet to a point on the Northwesterly line of 4.897 acre tract and there terminate. Reserved for a public street in and for the Village of Midvale, be the same more or less, but subject to all legal highways.

3251 Brightwood Road
Midvale, Ohio 44653

PPN: 27-00422.000

In re   **Schwab Industries, Inc.**                     ,      Case No.   **10-60702 (RK)**

Debtor

# SCHEDULE B - PERSONAL PROPERTY

Except as directed below, list all personal property of the debtor of whatever kind. If the debtor has no property in one or more of the categories, place an "x" in the appropriate position in the column labeled "None." If additional space is needed in any category, attach a separate sheet properly identified with the case name, case number, and the number of the category. If the debtor is married, state whether husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only in Schedule C - Property Claimed as Exempt.

**Do not list interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property."

If the property is being held for a minor child, simply state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|:---:|---|:---:|---:|
| 1. Cash on hand | | **Petty Cash**<br>**2301 Progress Street**<br>**Dover, OH 44622** | - | 1,057.00 |
| 2. Checking, savings or other financial accounts, certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | | **Huntington National Bank**<br>**Disbursement Account**<br>**Account No. XX-XXXX-4252** | - | -2,514,253.55 |
| | | **Huntington National Bank**<br>**Payroll Account**<br>**Account No. XX-XXXX-4265** | - | 0.00 |
| | | **Huntington National Bank**<br>**Concentration Account**<br>**Account No. XX-XXXX-0186** | - | 0.00 |
| | | **Huntington National Bank**<br>**BWC Account**<br>**Account No. XX-XXXX-7012** | - | 2,000.00 |
| 3. Security deposits with public utilities, telephone companies, landlords, and others. | | **Suite Lease Deposit**<br>**The Arena at Gateway** | - | 150,000.00 |
| 4. Household goods and furnishings, including audio, video, and computer equipment. | X | | | |
| 5. Books, pictures and other art objects, antiques, stamp, coin, record, tape, compact disc, and other collections or collectibles. | X | | | |
| 6. Wearing apparel. | X | | | |
| 7. Furs and jewelry. | X | | | |
| 8. Firearms and sports, photographic, and other hobby equipment. | X | | | |

Sub-Total >     -2,261,196.55
(Total of this page)

  **3**   continuation sheets attached to the Schedule of Personal Property

Copyright (c) 1996-2009 - Best Case Solutions - Evanston, IL - (800) 492-8037           Best Case Bankruptcy

In re   **Schwab Industries, Inc.**   ,   Case No.   **10-60702 (RK)**

Debtor

# SCHEDULE B - PERSONAL PROPERTY
(Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 9. Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | | **Premiums Paid for a Split Dollar Insurance Policy:** | - | **3,322,046.00** |
| | | **John Hancock (U.S.A.)** **1 John Hancock Way Suite 1350** **Boston, MA 02217-1350** | | |
| | | **Ohio National Life Insurance Company** **P. O. Box 641004** **Cincinnati, OH 45264-1004** | | |
| | | **Phoenix Life Insurance Company** **P.O. Box 643070** **Pittsburgh, PA 15264** | | |
| 10. Annuities. Itemize and name each issuer. | X | | | |
| 11. Interests in an education IRA as defined in 26 U.S.C. § 530(b)(1) or under a qualified State tuition plan as defined in 26 U.S.C. § 529(b)(1). Give particulars. (File separately the record(s) of any such interest(s). 11 U.S.C. § 521(c).) | X | | | |
| 12. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Give particulars. | X | | | |
| 13. Stock and interests in incorporated and unincorporated businesses. Itemize. | | **Medina Supply Company** **100% of Common Stock Ownership** | - | **Unknown** |
| | | **Twin Cities Concrete Company** **100% of Common Stock Ownership** | - | **Unknown** |
| | | **Schwab Ready-Mix, Inc.** **100% of Common Stock Ownership** | - | **Unknown** |
| | | **Quality Block & Supply, Inc.** **100% of Common Stock Ownership** | - | **Unknown** |
| | | **Medina Cartage Co.** **100% of Common Stock Ownership** | - | **Unknown** |
| | | **O.I.S. Tire, Inc.** **100% of Common Stock Ownership** | - | **Unknown** |
| | | **Union Country Club** **Less than 5% Equity Interest** | - | **Unknown** |

Sub-Total >   **3,322,046.00**
(Total of this page)

Sheet  **1**  of  **3**  continuation sheets attached
to the Schedule of Personal Property

Copyright (c) 1996-2009 - Best Case Solutions - Evanston, IL - (800) 492-8037         Best Case Bankruptcy

In re    **Schwab Industries, Inc.**                                    ,    Case No.    **10-60702 (RK)**
_____
                        Debtor

# SCHEDULE B - PERSONAL PROPERTY
### (Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 14. Interests in partnerships or joint ventures. Itemize. | | Jones Loop Trust<br>3443 Hancock Bridge Pkwy, Suite 301<br>N. Ft Myers, FL 33903 | - | 1,388,490.00 |
| | | Hangar Company<br>P.O. Box 400<br>Dover, OH 44622 | - | 22,608.00 |
| 15. Government and corporate bonds and other negotiable and nonnegotiable instruments. | X | | | |
| 16. Accounts receivable. | | Miscellaneous Receivables | - | 5,099.00 |
| | | Intercompany  Receivable - Schwab Materials, Inc. | - | 42,710,504.52 |
| | | Intercompany  Receivable - Schwab Ready-Mix, Inc. | - | 17,568,407.18 |
| | | Intercompany  Receivable - O.I.S. Tire, Inc. | - | 180,806.45 |
| | | Intercompany  Receivable - Eastern Cement Corp. | - | 6,596,230.17 |
| | | Intercompany  Receivable - Twin Cities Concrete Company | - | 2,693,549.29 |
| 17. Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled. Give particulars. | X | | | |
| 18. Other liquidated debts owed to debtor including tax refunds. Give particulars. | | Jerry Schwab Household Insurance Reimbursement | - | 908.02 |
| | | Stop-Loss Medical Claims Reimbursement | - | 2,755.66 |
| 19. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule A - Real Property. | X | | | |
| 20. Contingent and noncontingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | X | | | |
| 21. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | | Contingent Tax Refunds | - | Unknown |

|  | Sub-Total > | 71,169,358.29 |
|---|---|---|
|  | (Total of this page) | |

Sheet __2__ of __3__ continuation sheets attached
to the Schedule of Personal Property

Copyright (c) 1996-2009 - Best Case Solutions - Evanston, IL - (800) 492-8037                                      Best Case Bankruptcy

In re **Schwab Industries, Inc.** , Case No. **10-60702 (RK)**
_____
Debtor

# SCHEDULE B - PERSONAL PROPERTY
### (Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 22. Patents, copyrights, and other intellectual property. Give particulars. | X | | | |
| 23. Licenses, franchises, and other general intangibles. Give particulars. | X | | | |
| 24. Customer lists or other compilations containing personally identifiable information (as defined in 11 U.S.C. § 101(41A)) provided to the debtor by individuals in connection with obtaining a product or service from the debtor primarily for personal, family, or household purposes. | X | | | |
| 25. Automobiles, trucks, trailers, and other vehicles and accessories. | | See Attachment B25 | - | To Be Supplemented |
| 26. Boats, motors, and accessories. | X | | | |
| 27. Aircraft and accessories. | X | | | |
| 28. Office equipment, furnishings, and supplies. | | See Attachment B28 | - | 17,576.00 |
| 29. Machinery, fixtures, equipment, and supplies used in business. | X | | | |
| 30. Inventory. | X | | | |
| 31. Animals. | X | | | |
| 32. Crops - growing or harvested. Give particulars. | X | | | |
| 33. Farming equipment and implements. | X | | | |
| 34. Farm supplies, chemicals, and feed. | X | | | |
| 35. Other personal property of any kind not already listed. Itemize. | | Prepaid Expenses | - | 334,464.00 |

|  |  |
|---|---|
| Sub-Total > | 352,040.00 |
| (Total of this page) | |
| Total > | 67,453,740.64 |

Sheet __3__ of __3__ continuation sheets attached
to the Schedule of Personal Property

(Report also on Summary of Schedules)

Copyright (c) 1996-2009 - Best Case Solutions - Evanston, IL - (800) 492-8037

Best Case Bankruptcy

**Schwab Industries, Inc.**
**SCHEDULES OF ASSETS AND LIABILITIES**
**ATTACHMENT B25**

**(B25) Automobiles, Trucks, Trailers and Other Vehicles**

| DESCRIPTION OF VEHICLE | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY |
|---|---|
| 2005 Jeep SPR 1J4GL48K55W658916 | |
| 2005 Jeep SPR 1J4GL48K55W709542 | |
| 2006 Jeep SPR 1J4GL48K26W134026 | |
| 2004 Dodge Durango 1D4HG48D54F232935 | |
| 2005 Dodge Durango 1D4HB48N65F610013 | |
| 2005 Jeep Grand Cherokee 1J4HR58N35C548435 | |
| | To Be Supplemented |

**Schwab Industries, Inc.**
**SCHEDULES OF ASSETS AND LIABILITIES**
**ATTACHMENT B28**

**(B28) Office Equipment, Furnishings and Supplies**

| Location/Department | Description | Date Acquired | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY |
|---|---|---|---|
| | Walnut Desk & Credenza | 04/01/86 | $0.00 |
| | Jansko Arm Chair | 06/20/86 | $209.00 |
| | 5/36 5262 Line Printer | 06/30/86 | $0.00 |
| | Oak Conference Table | 10/16/86 | $0.00 |
| | 44x96 Conf Table | 07/01/87 | $0.00 |
| | 98 Tap Office Chairs | 07/01/87 | $0.00 |
| | Chair Ss Nuy Leather | 07/01/87 | $0.00 |
| | 60x30 Desk | 03/06/89 | $0.00 |
| | 60x30 Table | 03/06/89 | $0.00 |
| | Quasar Tv & VCR | 02/02/90 | $0.00 |
| | Nat S2700 Desk & Credenza | 06/13/90 | $0.00 |
| | #98tap Globe Chair | 08/06/90 | $0.00 |
| | Computer Table | 07/15/91 | $0.00 |
| | Hp Laser Jet Iii Printer | 01/31/92 | $0.00 |
| | Cabinets & Shelving | 11/12/92 | $0.00 |
| | 4xc560 & Other Furniture | 11/25/92 | $0.00 |
| | Assist'd Furniture | 12/07/92 | $0.00 |
| | Refrigerator 12040 | 12/07/92 | $0.00 |
| | Conf & Type Tables | 12/23/92 | $0.00 |
| | Cabinets & Shelving | 02/01/93 | $1.00 |
| | 3 File Cabinets | 02/02/93 | $0.00 |
| | Shelves | 03/01/93 | $0.00 |
| | 10 Chairs Conf-B | 06/30/93 | $0.00 |
| | 2 Desks Med Oak/Putt | 02/15/94 | $0.00 |
| | 3 Burgundy Chairs | 02/15/94 | $0.00 |
| | Oak Desk & Credenza | 04/26/94 | $0.00 |
| | Furniture New Phil. Apartment | 11/21/94 | $0.00 |
| | 2 Bookcases File Walnut | 11/30/94 | $0.00 |
| | Furniture Estero Florida Apartment | 01/31/95 | $0.00 |
| | 4 Drawers Lateral File | 02/22/95 | $0.00 |
| | Deskpro 2000-K72q036 | 10/07/97 | $0.00 |
| | Deskpro 2000-K72z182 | 12/08/97 | $0.00 |
| | Med-Gte Phone System | 10/30/98 | $0.00 |
| | Sharp Copier Ar-250 | 11/24/99 | $0.00 |
| | Computer Software (Citrix) | 09/08/00 | $0.00 |
| | Insinc Corporation | 09/08/00 | $0.00 |
| | Command Alkon Server Upgrade | 03/17/05 | $0.00 |
| | Sharp Copier Arm355n | 10/13/06 | $1,298.00 |
| | Command Alkon V5 Software Upgrade | 12/01/06 | $0.00 |
| | Oracle/Citrix Server Upgrade (HW) | 12/01/06 | $16,068.00 |
| | Windows 2003 Software Upgrade | 12/01/06 | $0.00 |
| | | | $17,576.00 |

In re    **Schwab Industries, Inc.**                       ,       Case No.   **10-60702 (RK)**

Debtor

# SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number of all entities holding claims secured by property of the debtor as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. List creditors holding all types of secured interests such as judgment liens, garnishments, statutory liens, mortgages, deeds of trust, and other security interests.

List creditors in alphabetical order to the extent practicable. If a minor child is a creditor, the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). If all secured creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor" ,include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H", "W", "J", or "C" in the column labeled "Husband, Wife, Joint, or Community".

If the claim is contingent, place an "X" in the column labeled "Contingent". If the claim is unliquidated, place an "X" in the column labeled "Unliquidated". If the claim is disputed, place an "X" in the column labeled "Disputed". (You may need to place an "X" in more than one of these three columns.)

Total the columns labeled "Amount of Claim Without Deducting Value of Collateral" and "Unsecured Portion, if Any" in the boxes labeled "Total(s)" on the last sheet of the completed schedule. Report the total from the column labeled "Amount of Claim" also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report the total from the column labeled "Unsecured Portion" on the Statistical Summary of Certain Liabilities and Related Data.

☐ Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | H W J C | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| Account No. | | | 10/18/07 | | | | | |
| KEYBANK NATIONAL ASSOCIATION AS ADMINISTRATIVE AGENT 127 PUBLIC SQUARE CLEVELAND, OH 44114 | X | - | REVOLVING LINE OF CREDIT Substantially all of the personal property assets and a first-priority mortgage interest in substantially all of the real property | | | | | |
| | | | Value $      **Unknown** | | | | 5,831,969.12 | Unknown |
| Account No. | | | 10/18/07 | | | | | |
| KEYBANK NATIONAL ASSOCIATION AS ADMINISTRATIVE AGENT 127 PUBLIC SQUARE CLEVELAND, OH 44114 | X | - | TERM A LOAN Substantially all of the personal property assets and a first-priority mortgage interest in substantially all of the real property | | | | | |
| | | | Value $      **0.00** | | | | 19,121,175.48 | Unknown |
| Account No. | | | 10/18/07 | | | | | |
| KEYBANK NATIONAL ASSOCIATION AS ADMINISTRATIVE AGENT 127 PUBLIC SQUARE CLEVELAND, OH 44114 | X | - | TERM B LOAN Substantially all of the personal property assets and a first-priority mortgage interest in substantially all of the real property | | | | | |
| | | | Value $      **0.00** | | | | 31,987,106.12 | Unknown |
| Account No. | | | | | | | | |
| | | | Value $ | | | | | |
| **0** continuation sheets attached | | | Subtotal (Total of this page) | | | | 56,940,250.72 | 0.00 |
| | | | Total (Report on Summary of Schedules) | | | | 56,940,250.72 | 0.00 |

Copyright (c) 1996-2009 - Best Case Solutions - Evanston, IL - (800) 492-8037                  Best Case Bankruptcy

B6E (Official Form 6E) (12/07)

.

In re  **Schwab Industries, Inc.**                                                  ,        Case No.   __10-60702 (RK)__
                                    Debtor

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

A complete list of claims entitled to priority, listed separately by type of priority, is to be set forth on the sheets provided. Only holders of unsecured claims entitled to priority should be listed in this schedule. In the boxes provided on the attached sheets, state the name, mailing address, including zip code, and last four digits of the account number, if any, of all entities holding priority claims against the debtor or the property of the debtor, as of the date of the filing of the petition. Use a separate continuation sheet for each type of priority and label each with the type of priority.

The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H-Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of claims listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all claims listed on this Schedule E in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules.

Report the total of amounts entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

Report the total of amounts not entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts not entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

☐ Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

**TYPES OF PRIORITY CLAIMS**  (Check the appropriate box(es) below if claims in that category are listed on the attached sheets)

☐ **Domestic support obligations**

Claims for domestic support that are owed to or recoverable by a spouse, former spouse, or child of the debtor, or the parent, legal guardian, or responsible relative of such a child, or a governmental unit to whom such a domestic support claim has been assigned to the extent provided in 11 U.S.C. § 507(a)(1).

☐ **Extensions of credit in an involuntary case**

Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief. 11 U.S.C. § 507(a)(3).

☐ **Wages, salaries, and commissions**

Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives up to $10,950* per person earned within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(4).

■ **Contributions to employee benefit plans**

Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(5).

☐ **Certain farmers and fishermen**

Claims of certain farmers and fishermen, up to $5,400* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507(a)(6).

☐ **Deposits by individuals**

Claims of individuals up to $2,425* for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided. 11 U.S.C. § 507(a)(7).

■ **Taxes and certain other debts owed to governmental units**

Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. § 507(a)(8).

☐ **Commitments to maintain the capital of an insured depository institution**

Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution. 11 U.S.C. § 507 (a)(9).

☐ **Claims for death or personal injury while debtor was intoxicated**

Claims for death or personal injury resulting from the operation of a motor vehicle or vessel while the debtor was intoxicated from using alcohol, a drug, or another substance. 11 U.S.C. § 507(a)(10).

* Amounts are subject to adjustment on April 1, 2010, and every three years thereafter with respect to cases commenced on or after the date of adjustment.

**5**___ continuation sheets attached

Copyright (c) 1996-2009 - Best Case Solutions - Evanston, IL - (800) 492-8037                    Best Case Bankruptcy

In re **Schwab Industries, Inc.**                            ,      Case No.    **10-60702 (RK)**

Debtor

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS
(Continuation Sheet)

Contributions to employee benefit plans

TYPE OF PRIORITY

| CREDITOR'S NAME, AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions.) | C O D E B T O R | H W J C — Husband, Wife, Joint, or Community | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM | AMOUNT NOT ENTITLED TO PRIORITY, IF ANY | AMOUNT ENTITLED TO PRIORITY |
|---|---|---|---|---|---|---|---|---|---|
| Account No. | | | **Pension Benefits** | | | | | | |
| **PENSION BENEFIT GUARANTY CORP. OFFICE OF THE CHIEF COUNSEL 1200 K STREET, N.W., SUITE 340 WASHINGTON, DC 20005** | - | | | | | | **Unknown** | **Unknown** | |
| Account No. | | | | | | | | | |
| | | | | | | | | | |
| Account No. | | | | | | | | | |
| | | | | | | | | | |
| Account No. | | | | | | | | | |
| | | | | | | | | | |
| Account No. | | | | | | | | | |
| | | | | | | | | | |

Sheet **1** of **5** continuation sheets attached to
Schedule of Creditors Holding Unsecured Priority Claims

Subtotal (Total of this page)

| | |
|---|---|
| Subtotal | **0.00** |
| (Total of this page) **0.00** | **0.00** |

Copyright (c) 1996-2009 - Best Case Solutions - Evanston, IL - (800) 492-8037            Best Case Bankruptcy

In re **Schwab Industries, Inc.** ,  Case No. **10-60702 (RK)**

Debtor

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS
(Continuation Sheet)

**Taxes and Certain Other Debts
Owed to Governmental Units**

TYPE OF PRIORITY

| CREDITOR'S NAME, AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions.) | C O D E B T O R | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM | AMOUNT NOT ENTITLED TO PRIORITY, IF ANY |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | AMOUNT ENTITLED TO PRIORITY |
| Account No. | | | Taxes | | | | | |
| DEPARTMENT OF INSURANCE SUPERVISION AND PENSION BENEFIT GUARANTY CORP 1200 K STREET, N.W. WASHINGTON, DC 20005-4026 | - | | | X | X | X | 41,609.00 | 0.00 / 41,609.00 |
| Account No. | | | Taxes | | | | | |
| DEPARTMENT OF THE TREASURY INTERNAL REVENUE SERVICE CENTER OGDEN, UT 84201 | - | | | X | X | X | 34,422.00 | 2.00 / 34,420.00 |
| Account No. | | | Taxes | | | | | |
| DOVER CITY INCOME TAX 122 E. 3rd ST. DOVER, OH 44622-2922 | - | | | X | X | X | Unknown | Unknown / Unknown |
| Account No. | | | Taxes | | | | | |
| INTERNAL REVENUE SERVICE ATTN: CENTRALIZED INSOLVENCY OPS PO BOX 21126 PHILADELPHIA, PA 19114 | - | | | X | X | X | Unknown | Unknown / Unknown |
| Account No. | | | Taxes | | | | | |
| INTERNAL REVENUE SERVICE CENTER CINCINNATI, OH 45999-0012 | - | | | X | X | X | 124,570.00 | 0.00 / 124,570.00 |

Sheet **2** of **5** continuation sheets attached to
Schedule of Creditors Holding Unsecured Priority Claims

| | Subtotal | 2.00 |
|---|---|---|
| | (Total of this page) | 200,601.00 / 200,599.00 |

Copyright (c) 1996-2009 - Best Case Solutions - Evanston, IL - (800) 492-8037

Best Case Bankruptcy

In re  **Schwab Industries, Inc.**                                                    ,   Case No.  __10-60702 (RK)__
                          Debtor

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS
### (Continuation Sheet)

**Taxes and Certain Other Debts
Owed to Governmental Units**

TYPE OF PRIORITY

| CREDITOR'S NAME, AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions.) | CODEBTOR | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM | AMOUNT NOT ENTITLED TO PRIORITY, IF ANY | AMOUNT ENTITLED TO PRIORITY |
|---|---|---|---|---|---|---|---|---|---|
| Account No. | | | Taxes | | | | | | |
| INTERNAL REVENUE SERVICE CENTER OGDEN, UT 84201-0012 | | - | | X | X | X | 121,011.00 | 0.00 | 121,011.00 |
| Account No. | | | Taxes | | | | | | |
| MIDVALE VILLAGE INCOME TAX P.O. BOX 109 MIDVALE, OH 44653-0109 | | - | | X | X | X | Unknown | Unknown | Unknown |
| Account No. | | | Taxes | | | | | | |
| NEW PHILADELPHIA INCOME TAX 150 E. HIGH AVE. STE. 41 NEW PHILADELPHIA, OH 44663-4500 | | - | | X | X | X | 952.00 | 0.00 | 952.00 |
| Account No. | | | Taxes | | | | | | |
| OHIO BUREAU OF WORKERS' COMPENSATION ATTN: LAW SECTION BANKRUPTCY UNIT P.O. BOX 15567 COLUMBUS, OH 43215-0567 | | - | | X | X | X | Unknown | Unknown | Unknown |
| Account No. | | | Environmental | | | | | | |
| OHIO DEPARTMENT OF COMMERCE DIV. OF STATE FIRE MARSHAL, BUREAU OF UNDERGROUND STORAGE TANK REG. 8895 EAST MAIN STREET REYNOLDSBURG, OH 43068 | | - | | X | X | X | Unknown | Unknown | Unknown |
| Sheet __3__ of __5__ continuation sheets attached to Schedule of Creditors Holding Unsecured Priority Claims | | | Subtotal (Total of this page) | | | | 121,963.00 | 0.00 | 121,963.00 |

Copyright (c) 1996-2009 - Best Case Solutions - Evanston, IL - (800) 492-8037                                    Best Case Bankruptcy

In re **Schwab Industries, Inc.** ,　Case No. **10-60702 (RK)**
_____
Debtor

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS
(Continuation Sheet)

Taxes and Certain Other Debts
Owed to Governmental Units

TYPE OF PRIORITY

| CREDITOR'S NAME, AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions.) | C O D E B T O R | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM | AMOUNT NOT ENTITLED TO PRIORITY, IF ANY / AMOUNT ENTITLED TO PRIORITY |
|---|---|---|---|---|---|---|---|---|
| Account No. | | | Taxes | | | | | |
| OHIO DEPARTMENT OF TAXATION CORPORATION FRANCHISE TAX UNIT P O BOX 2476 COLUMBUS, OH 43216-2476 | - | | | X | X | X | Unknown | Unknown / Unknown |
| Account No. | | | Taxes | | | | | |
| OHIO DEPARTMENT OF TAXATION COMMERCIAL ACTIVITY TAX DIVISION P O BOX 16158 COLUMBUS, OH 43216-6158 | - | | | X | X | X | 30,483.00 | 0.00 / 30,483.00 |
| Account No. | | | Taxes | | | | | |
| OHIO DEPT. OF JOB & FAMILY SVCS. ATTN: COLLECTIONS DEPT PO BOX 182404 COLUMBUS, OH 43218-2404 | - | | | X | X | X | Unknown | Unknown / Unknown |
| Account No. | | | Taxes | | | | | |
| OHIO DEPT. OF JOB & FAMILY SVCS. ATTN: LEGAL SERVICES 30 EAST BROAD ST., 31ST FL COLUMBUS, OH 43215 | - | | | X | X | X | Unknown | Unknown / Unknown |
| Account No. | | | Taxes | | | | | |
| OHIO DEPT. OF TAXATION ATTN: BANKRUPTCY DIVISION PO BOX 530 COLUMBUS, OH 43216-0530 | - | | | X | X | X | Unknown | Unknown / Unknown |

Sheet __4__ of __5__ continuation sheets attached to
Schedule of Creditors Holding Unsecured Priority Claims

Subtotal
(Total of this page)

| | |
|---|---|
| | 0.00 |
| 30,483.00 | 30,483.00 |

Copyright (c) 1996-2009 - Best Case Solutions - Evanston, IL - (800) 492-8037　　　　　　　Best Case Bankruptcy

In re **Schwab Industries, Inc.**,      Case No. **10-60702 (RK)**
_____
Debtor

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS
(Continuation Sheet)

**Taxes and Certain Other Debts
Owed to Governmental Units**

TYPE OF PRIORITY

| CREDITOR'S NAME, AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions.) | CODEBTOR | Husband, Wife, Joint, or Community | | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM | AMOUNT NOT ENTITLED TO PRIORITY, IF ANY |
|---|---|---|---|---|---|---|---|---|---|
| | | H W J C | | | | | | | AMOUNT ENTITLED TO PRIORITY |
| Account No. | | | | Environmental | | | | | |
| OHIO ENVIRONMENTAL PROTECTION AGNCY PO BOX 1049 COLUMBUS, OH 43216-1049 | - | | | | X | X | X | | Unknown |
| | | | | | | | | Unknown | Unknown |
| Account No. 106614 | | | | Taxes | | | | | |
| TUSCARAWAS COUNTY TREASURER TUSCARAWAS COUNTY PO BOX 250 NEW PHILADELPHIA, OH 44663-0350 | - | | | | | | | | 0.00 |
| | | | | | | | | 17,477.34 | 17,477.34 |
| Account No. | | | | Taxes | | | | | |
| TUSCARAWAS COUNTY TREASURER ATTN: JEFF MAMARELLA 125 EAST HIGH AVENUE NEW PHILADELPHIA, OH 44663 | - | | | | X | X | X | | Unknown |
| | | | | | | | | Unknown | Unknown |
| Account No. | | | | Environmental | | | | | |
| US EPA, REGION 5 77 W. JACKSON BOULEVARD MAIL CODE: DU-7J CHICAGO, IL 60604-3590 | - | | | | X | X | X | | Unknown |
| | | | | | | | | Unknown | Unknown |
| Account No. | | | | | | | | | |
| | | | | | | | | | |

Sheet **5** of **5** continuation sheets attached to
Schedule of Creditors Holding Unsecured Priority Claims

| | Subtotal | 0.00 | |
|---|---|---|---|
| | (Total of this page) | 17,477.34 | 17,477.34 |
| | Total | 2.00 | |
| | (Report on Summary of Schedules) | 370,524.34 | 370,522.34 |

Copyright (c) 1996-2009 - Best Case Solutions - Evanston, IL - (800) 492-8037
Best Case Bankruptcy

In re   **Schwab Industries, Inc.**               ,    Case No.   **10-60702 (RK)**

Debtor

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number, of all entities holding unsecured claims without priority against the debtor or the property of the debtor, as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). Do not include claims listed in Schedules D and E. If all creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of all claims listed on this schedule in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report this total also on the Statistical Summary of Certain Liabilities and Related Data.

☐   Check this box if debtor has no creditors holding unsecured claims to report on this Schedule F.

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | Husband, Wife, Joint, or Community | | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|---|
| | | H W | J C | | | | | |
| Account No. **248284** | | | | Trade Payable | | | | |
| ADP INC. PO BOX 78415 PHOENIX, AZ 85062-8415 | | - | | | | | | 114.36 |
| Account No. **104791** | | | | Trade Payable | | | | |
| ADT SECURITY PO BOX 371967 PITTSBURGH, PA 15250-7967 | | | | | | | | 213.76 |
| Account No. **258634** | | | | Trade Payable | | | | |
| AIR CELL INC. DEPT 0095 DENVER, CO | | - | | | | | | 117.83 |
| Account No. **255610** | | | | Trade Payable | | | | |
| BEN MCGRATH 123 6TH ST SW STRASBURG, OH | | - | | | | | | 625.00 |
|   **11**   continuation sheets attached | | | | Subtotal (Total of this page) | | | | 1,070.95 |

Copyright (c) 1996-2009 - Best Case Solutions - Evanston, IL - (800) 492-8037                  S/N:28092-090310   Best Case Bankruptcy

In re __Schwab Industries, Inc.__ ,    Case No. __10-60702 (RK)__
Debtor

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No. **110605**<br><br>BLOOM'S PRINTING INC.<br>4792 N 4TH ST EXT S E<br>DENNISON, OH 44621-8929 | | - | Trade Payable | | | | 234.30 |
| Account No. **223941**<br><br>BRUNER COX LLP<br>PO BOX 35429<br>CANTON, OH 44735-5429 | | - | Trade Payable | | | | 93,777.00 |
| Account No. **248575**<br><br>BWC STATE INSURANCE FUND<br>CORPORATE PROCESSING DEPT<br>WILLIAM GREEN BUILDING<br>30 WEST SPRING STREET<br>COLUMBUS, OH 43215-2256 | | - | Trade Payable | X | X | X | 12,734.24 |
| Account No. **312944**<br><br>CBF PRINT SOLUTIONS, INC.<br>4343 SHALLOWFORD RD<br>SUITE E-3<br>MARIETTA, GA | | - | Trade Payable | | | | 639.30 |
| Account No. **296358**<br><br>CDW DIRECT LLC<br>PO BOX 75723<br>CHICAGO, IL 60675-5723 | | - | Trade Payable | | | | 2,224.02 |

Sheet no. _1_ of _11_ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)     **109,608.86**

In re __Schwab Industries, Inc.__ ,      Case No. __10-60702 (RK)__

Debtor

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | Husband, Wife, Joint, or Community | | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|---|
| | | H W | J C | | | | | |
| Account No. | | | | Trade Payable | | | | |
| CINCINNATI INSURANCE COMPANY PO BOX 145496 CINCINNATI, OH 45214 | - | | | | X | X | X | **Unknown** |
| Account No. 115810 | | | | Trade Payable | | | | |
| COPECO INC. PO BOX 643999 PITTSBURG, PA 15264-3999 | - | | | | | | | **1,835.27** |
| Account No. 65496 | | | | Trade Payable | | | | |
| CULLIGAN/MIDLAND WATER SYSTE 809 BLVD PO BOX 277 DOVER, OH | - | | | | | | | **109.64** |
| Account No. 319425 | | | | Trade Payable | | | | |
| DELTA ENERGY SERVICES LLC 2674 FEDERATED BLVD COLUMBUS, OH | - | | | | | | | **1,600.00** |
| Account No. 11148 | | | | Trade Payable | | | | |
| DOMINION EAST OHIO PO BOX 26785 RICHMOND, VA 23261-6785 | - | | | | | | | **1,820.43** |

Sheet no. __2__ of __11__ sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims

Subtotal (Total of this page)     **5,365.34**

In re **Schwab Industries, Inc.** ,          Case No. **10-60702 (RK)**

Debtor

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No. **101362**<br><br>**DOVER MUNICIPAL UTILITIES**<br>**122 EAST THIRD ST**<br>**DOVER, OH** | - | | Trade Payable | | | | 1,732.97 |
| Account No. **26577**<br><br>**DOVER-PHILA ELECTRIC INC.**<br>**801 BLVD**<br>**DOVER, OH 44622-2090** | - | | Trade Payable | | | | 17.89 |
| Account No. **317711**<br><br>**EXPRESS SCRIPTS INC.**<br>**SHERYL SIMPSON**<br>**1 EXPRESS WAY**<br>**ST LOUIS, MO** | - | | Trade Payable | | | | 12,304.27 |
| Account No. **77059**<br><br>**FEDEX**<br>**PO BOX 371461**<br>**PITTSBURGH, PA 15250-7461** | - | | Trade Payable | | | | 74.84 |
| Account No. **56961**<br><br>**FERRIS CHEVROLET INC.**<br>**634 WABASH AVE**<br>**PO BOX 609**<br>**NEW PHILADELPHIA, OH 44663-0609** | - | | Trade Payable | | | | 203.89 |

Sheet no. __3__ of __11__ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)

14,333.86

Copyright (c) 1996-2009 - Best Case Solutions - Evanston, IL - (800) 492-8037          Best Case Bankruptcy

In re __Schwab Industries, Inc.__ _____,    Case No. __10-60702 (RK)__
                                        Debtor

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | Husband, Wife, Joint, or Community | | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|---|
| | | H W | J C | | | | | |
| Account No. 267338 <br><br> **FIRST COMMUNICATIONS** <br> **PO BOX 182854** <br> **COLUMBUS, OH** | | - | | Trade Payable | | | | 239.71 |
| Account No. 115828 <br><br> **FTI GROUP** <br> **4228 N CENTRAL EXPWY LB 31** <br> **DALLAS, TX** | | - | | Trade Payable | | | | 478.84 |
| Account No. 181972 <br><br> **GREAT LAKES COMPUTER CORP** <br> **PO BOX 92224** <br> **CLEVELAND, OH** | | - | | Trade Payable | | | | 155.80 |
| Account No. 294379 <br><br> **GUARNIERI & CO, ALBERT** <br> **PO BOX 73011** <br> **CLEVELAND, OH** | | - | | Trade Payable | | | | 469.74 |
| Account No. 193359 <br><br> **HARTFORD INSURANCE COMPANIES** <br> **PO BOX 8500-3690** <br> **PHILADELPHIA, PA 19178-3690** | | - | | Trade Payable | | | | 281.07 |

Sheet no. __4__ of __11__ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page) **1,625.16**

Copyright (c) 1996-2009 - Best Case Solutions - Evanston, IL - (800) 492-8037          Best Case Bankruptcy

In re    **Schwab Industries, Inc.**                                              ,    Case No.    __10-60702 (RK)__

                                          Debtor

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | H W J C | Husband, Wife, Joint, or Community | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|---|
| Account No. | | | | Litigation | | | | |
| HELICOPTER MARKETING ASSOC. LLC 910 N. EULESS, STE. 910-2 MAIN STREET EULESS, TX 76039 | - | | | | X | X | X | Unknown |
| Account No. 254220 | | | | Trade Payable | | | | |
| HIGHMARK SELF-ADMIN BILL PO BOX 382229 PITTSBURGH, PA 15250-8229 | - | | | | | | | 642.22 |
| Account No. 56995 | | | | Trade Payable | | | | |
| HUMPHRIES AUTO CITY INC. PO BOX 689 DOVER, OH 44622-0689 | - | | | | | | | 159.15 |
| Account No. | | | | Trade Payable | | | | |
| IBM CREDIT LLC ATTN: LEGAL DEPT NORTH CASTLE DR MS NCA-306 ARMONK, NY 10504-2575 | - | | | | X | X | X | 0.00 |
| Account No. 105232 | | | | Trade Payable | | | | |
| J & J REFUSE SERVICE INC. PO BOX 448 DOVER, OH 44622-0448 | - | | | | | | | 84.16 |

Sheet no. __5__ of __11__ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)            885.53

Copyright (c) 1996-2009 - Best Case Solutions - Evanston, IL - (800) 492-8037                                           Best Case Bankruptcy

In re   **Schwab Industries, Inc.**                                          ,        Case No.      **10-60702 (RK)**
_____
Debtor

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | H W J C | Husband, Wife, Joint, or Community | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|---|
| Account No. | | - | | Supplemental Retirement Plan | | X | | |
| JERRY A SCHWAB AND DONNA L SCHWAB 4601 GULF SHORE BLVD, ENCLAVE # 23 Naples, FL 34103-2215 | | | | | | | | **Unknown** |
| Account No. **63132** | | - | | Trade Payable | | | | |
| KELLER & ASSOCIATES, J J PO BOX 548 NEENAH, WI 54957-0548 | | | | | | | | **848.75** |
| Account No. **19490** | | - | | Trade Payable | | | | |
| MATRIX PO BOX 660780 DALLAS, TX | | | | | | | | **694.94** |
| Account No. | | - | | Advertising | | | | |
| MCGRAW HILL CONSTRUCTION 7625 COLLECTION CENTER DR CHICAGO, IL 60693 | | | | | | | | **10,605.40** |
| Account No. | | - | | Intercompany Payable | | | | |
| MEDINA CARTAGE CO. 2301 PROGRESS ST. DOVER, OH 44622 | | | | | | | | **4,221,425.55** |

Sheet no. __6___ of __11__ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)

**4,233,574.64**

Copyright (c) 1996-2009 - Best Case Solutions - Evanston, IL - (800) 492-8037                                                                Best Case Bankruptcy

In re __Schwab Industries, Inc._____ ,   Case No. ___10-60702 (RK)_____

Debtor

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No. <br><br> **MEDINA SUPPLY COMPANY** <br> **2301 PROGRESS ST.** <br> **DOVER, OH 44622** | - | | Intercompany Payable | | | | 231,922.12 |
| Account No. <br><br> **MICHAEL P. MCMASTERS JR** <br> **699 RIVER HILL RD SE** <br> **PORT WASHINGTON, OH 43837** | - | | Litigation - Workers' Compensation | X | X | X | **Unknown** |
| Account No. 57496 <br><br> **MILLER & MILLER INS AGENCY** <br> **PO BOX 424** <br> **DOVER, OH 44622-0424** | - | | Trade Payable | X | X | X | 1,395.75 |
| Account No. 133057 <br><br> **ORACLE/J D EWARDS & CO** <br> **PO BOX 71028** <br> **CHICAGO, IL 60694-1028** | - | | Trade Payable | | | | 1,162.12 |
| Account No. 253438 <br><br> **PARADYME (INSINC.)** <br> **29 WATER ST** <br> **SUITE 203** <br> **NEWBURYPORT, MA** | - | | Trade Payable | | | | 8,015.43 |

Sheet no. _7___ of _11__ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)   **242,495.42**

Copyright (c) 1996-2009 - Best Case Solutions - Evanston, IL - (800) 492-8037    Best Case Bankruptcy

In re   **Schwab Industries, Inc.**                                    ,     Case No.   __10-60702 (RK)__
                                          Debtor

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | Husband, Wife, Joint, or Community | | | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|---|---|
| | | H | W J | C | | | | | |
| Account No. **234667** <br><br> **PITNEY BOWES (POSTAGE)** <br> **PO BOX 856056** <br> **LOUISVILLE, KY 40285-6056** | | - | | | Trade Payable | | | | 3,500.00 |
| Account No. **235918** <br><br> **PITNEY BOWES GLOBAL FINANCIAL** <br> **PO BOX 856460** <br> **LOUISVILLE, KY 40285-6460** | | - | | | Trade Payable | | | | 1,131.03 |
| Account No. **63626** <br><br> **PITNEY-BOWES INC.** <br> **PO BOX 856390** <br> **LOUISVILLE, KY 40285-6390** | | - | | | Trade Payable | | | | 994.71 |
| Account No. **298265** <br><br> **PLATINUM PLUS** <br> **PO BOX 15710** <br> **WILMINGTON, DE 19886-5710** | | - | | | Trade Payable | | | | 1,387.78 |
| Account No. <br><br> **QUALITY BLOCK & SUPPLY, INC.** <br> **2301 PROGRESS ST.** <br> **DOVER, OH 44622** | | - | | | Intercompany Payable | | | | 126,255.40 |

Sheet no. __8__ of __11__ sheets attached to Schedule of                      Subtotal            133,268.92
Creditors Holding Unsecured Nonpriority Claims                      (Total of this page)

Copyright (c) 1996-2009 - Best Case Solutions - Evanston, IL - (800) 492-8037                                   Best Case Bankruptcy

In re __Schwab Industries, Inc._____ ,  Case No. ___10-60702 (RK)_____
                                                Debtor

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | Husband, Wife, Joint, or Community | | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|---|
| | | H W | J C | | | | | |
| Account No. **184188**<br><br>**QUICKEN LOANS ARENA**<br>**ACCOUNTING DEPT**<br>**PO BOX 5758**<br>**CLEVELAND, OH 44101-0758** | - | | | Trade Payable | X | X | X | 418,252.00 |
| Account No. **285536**<br><br>**QWEST**<br>**PO BOX 52187**<br>**PHOENIX, AZ 85072-2187** | - | | | Trade Payable | | | | 4,481.27 |
| Account No. **315408**<br><br>**RICHARD W. HINIG**<br>**217 N BROADWAY SUITE 2**<br>**NEW PHILADELPHIA, OH** | - | | | Professional Fees | | | | 6,250.00 |
| Account No.<br><br>**SAFETY NATIONAL CASUALTY**<br>**CORP.**<br>**1832 SCHUETZ RD**<br>**ST LOUIS, MO 63146** | - | | | Trade Payable | X | | | Unknown |
| Account No. **225226**<br><br>**SPEEDWAY SUPER AMERICA LLC**<br>**PO BOX 740587**<br>**CINCINNATI, OH 45274-0587** | - | | | Trade Payable | | | | 952.39 |

Sheet no. _9___ of _11__ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)

429,935.66

Copyright (c) 1996-2009 - Best Case Solutions - Evanston, IL - (800) 492-8037        Best Case Bankruptcy

In re   **Schwab Industries, Inc.**         ,      Case No.   **10-60702 (RK)**

                     Debtor

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No. **295435** <br><br> **STAPLES** <br> **DEPT DET** <br> **PO BOX 83689** <br> **CHICAGO, IL 60696-3689** | | - | Trade Payable | | | | 2,295.81 |
| Account No. **317614** <br><br> **TCF EQUIPMENT FINANCE INC.** <br> **PO BOX 650** <br> **HOPKINS, MN 55343-0650** | | - | Trade Payable | | | | 2,294.00 |
| Account No. **200125** <br><br> **TRANS UNION CORP** <br> **PO BOX 99506** <br> **CHICAGO, IL 60693-9506** | | - | Trade Payable | | | | 143.86 |
| Account No. **30761** <br><br> **VERIZON NORTH** <br> **PO BOX 9688** <br> **MISSION HILLS, CA 91346-9688** | | - | Trade Payable | | | | 1,768.22 |
| Account No. **319601** <br><br> **VERIZON WIRELESS** <br> **PO BOX 25505** <br> **LEHIGH VALLEY, PA 18002-5505** | | - | Trade Payable | | | | 1,151.78 |

Sheet no. __10__ of __11__ sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims

Subtotal (Total of this page)    **7,653.67**

Copyright (c) 1996-2009 - Best Case Solutions - Evanston, IL - (800) 492-8037        Best Case Bankruptcy

In re **Schwab Industries, Inc.** , Case No. **10-60702 (RK)**

Debtor

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | Husband, Wife, Joint, or Community | | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|---|
| | | H W J C | | | | | | |
| Account No. **281973** | | | | Trade Payable | | | | |
| **VICTORY CAPITAL MANAGEMENT TRUST REVENUE ME-01-0B-0160 100 GANNETT DR STE 101 SOUTH PORTLAND, ME 04106-5900** | | - | | | | | | **53,427.67** |
| Account No. | | | | Trade Payable | | | | |
| **WELLS FARGO INSURANCE SERVICES USA THE GALLERIA AND TOWER AT ERIEVIEW 1301 EAST NINTH ST #3800 CLEVELAND, OH 44144-1824** | | - | | | X | X | | **Unknown** |
| Account No. **191038** | | | | Trade Payable | | | | |
| **WELLS FARGO TPA PO BOX 535100 ATLANTA, GA 30353-5100** | | - | | | X | X | | **12,965.90** |
| Account No. | | | | Trade Payable | | | | |
| **WESTFIELD COMPANIES ONE PARK CIRCLE PO BOX 5001 WESTFIELD CENTER, OH 44251-5001** | | - | | | X | X | X | **Unknown** |
| Account No. | | | | | | | | |

Sheet no. **11** of **11** sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims

| | | |
|---|---|---|
| Subtotal (Total of this page) | | **66,393.57** |
| Total (Report on Summary of Schedules) | | **5,246,211.58** |

Copyright (c) 1996-2009 - Best Case Solutions - Evanston, IL - (800) 492-8037

Best Case Bankruptcy

In re   **Schwab Industries, Inc.**                                          ,   Case No.   __10-60702 (RK)__

_____
Debtor

# SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Describe all executory contracts of any nature and all unexpired leases of real or personal property. Include any timeshare interests. State nature of debtor's interest in contract, i.e., "Purchaser", "Agent", etc. State whether debtor is the lessor or lessee of a lease. Provide the names and complete mailing addresses of all other parties to each lease or contract described. If a minor child is a party to one of the leases or contracts, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

☐ Check this box if debtor has no executory contracts or unexpired leases.

| Name and Mailing Address, Including Zip Code, of Other Parties to Lease or Contract | Description of Contract or Lease and Nature of Debtor's Interest. State whether lease is for nonresidential real property. State contract number of any government contract. |
|---|---|
| Cavaliers - Gund Arena<br>1 Center Court<br>Attn: President<br>AKA Quicken Loans Arena<br>Cleveland, OH 44115 | Suite Lease Agreement |
| Cincinnati Insurance Co.<br>Po Box 145496<br>Cincinnati, OH 45250 | Insurance - EPLI |
| Cincinnati Insurance Co.<br>Po Box 145496<br>Cincinnati, OH 45250 | Insurance - Umbrella |
| Cincinnati Insurance Co.<br>Po Box 145496<br>Cincinnati, OH 45250 | Insurance - Crime Bond |
| Copeco<br>137 East Iron Avenue<br>Dover, OH 44622 | Maintenance Agreement |
| DDI Leasing, Inc.<br>(Assigned to TCF Equipment Finance, Inc.)<br>11100 Wayzata Boulevard<br>Suite 801<br>Minnetonka, MN 55305 | Equipment Leasing  Agreement |
| Jerry A. Schwab and Donna L. Schwab<br>4601 Gulf Shore Blvd., Enclave # 23<br>Naples, FL 34103-2215 | Supplemental Retirement Agreement |
| McGraw Hill Construction<br>7625 Collection Center Drive<br>Chicago, IL 60693 | Advertising Contract |
| Pitney Bowes<br>PO Box 856056<br>Louisville, KY 40285-6056 | Equipment Rental |
| Qwest Communications Corporation<br>Attn: Legal Department<br>1801 California Street<br>Suite 900<br>Denver, CO 80202 | Service Agreement |

**1**

_____ continuation sheets attached to Schedule of Executory Contracts and Unexpired Leases

Copyright (c) 1996-2009 - Best Case Solutions - Evanston, IL - (800) 492-8037                                          Best Case Bankruptcy

# SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES
### (Continuation Sheet)

| Name and Mailing Address, Including Zip Code, of Other Parties to Lease or Contract | Description of Contract or Lease and Nature of Debtor's Interest. State whether lease is for nonresidential real property. State contract number of any government contract. |
|---|---|
| **Safety National Casualty Corp.**<br>**1832 Schuetz Rd**<br>**St Louis, MO 63146** | **Insurance - Workers Comp.** |
| **Wells Fargo Insurance Services USA, Inc.**<br>**The Galleria and Tower at Erieview**<br>**1301 East Ninth St. #3800**<br>**Cleveland, OH 44114-1824** | **Insurance** |
| **Wells Fargo TPA**<br>**PO Box 3262**<br>**Charleston, WV 25332** | **Health Insurance** |
| **Westfield Companies**<br>**One Park Circle**<br>**PO Box 5001**<br>**Westfield Center, OH 44251-5001** | **Insurance - Package** |
| **Westfield Companies**<br>**One Park Circle**<br>**PO Box 5001**<br>**Westfield Center, OH 44251-5001** | **Insurance - Employers Liability** |

Sheet __1__ of __1__ continuation sheets attached to the Schedule of Executory Contracts and Unexpired Leases

.

In re   **Schwab Industries, Inc.**                          Case No.    **10-60702 (RK)**

                                     Debtor

# SCHEDULE H - CODEBTORS

Provide the information requested concerning any person or entity, other than a spouse in a joint case, that is also liable on any debts listed by debtor in the schedules of creditors. Include all guarantors and co-signers. If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within the eight year period immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state, commonwealth, or territory. Include all names used by the nondebtor spouse during the eight years immediately preceding the commencement of this case. If a minor child is a codebtor or a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

☐ Check this box if debtor has no codebtors.

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|---|---|
| EASTERN CEMENT CORP.<br>2301 PROGRESS ST.<br>DOVER, OH 44622 | KEYBANK NATIONAL ASSOCIATION<br>AS ADMINISTRATIVE AGENT<br>127 PUBLIC SQUARE<br>CLEVELAND, OH 44114<br>  Revolving Line of Credit |
| EASTERN CEMENT CORP.<br>2301 PROGRESS ST.<br>DOVER, OH 44622 | KEYBANK NATIONAL ASSOCIATION<br>AS ADMINISTRATIVE AGENT<br>127 PUBLIC SQUARE<br>CLEVELAND, OH 44114<br>  Term A Loan |
| EASTERN CEMENT CORP.<br>2301 PROGRESS ST.<br>DOVER, OH 44622 | KEYBANK NATIONAL ASSOCIATION<br>AS ADMINISTRATIVE AGENT<br>127 PUBLIC SQUARE<br>CLEVELAND, OH 44114<br>  Term B Loan |
| MEDINA CARTAGE CO.<br>2301 PROGRESS ST.<br>DOVER, OH 44622 | KEYBANK NATIONAL ASSOCIATION<br>AS ADMINISTRATIVE AGENT<br>127 PUBLIC SQUARE<br>CLEVELAND, OH 44114<br>  Revolving Line of Credit |
| MEDINA CARTAGE CO.<br>2301 PROGRESS ST.<br>DOVER, OH 44622 | KEYBANK NATIONAL ASSOCIATION<br>AS ADMINISTRATIVE AGENT<br>127 PUBLIC SQUARE<br>CLEVELAND, OH 44114<br>  Term A Loan |
| MEDINA CARTAGE CO.<br>2301 PROGRESS ST.<br>DOVER, OH 44622 | KEYBANK NATIONAL ASSOCIATION<br>AS ADMINISTRATIVE AGENT<br>127 PUBLIC SQUARE<br>CLEVELAND, OH 44114<br>  Term B Loan |
| MEDINA SUPPLY COMPANY<br>2301 PROGRESS ST.<br>DOVER, OH 44622 | KEYBANK NATIONAL ASSOCIATION<br>AS ADMINISTRATIVE AGENT<br>127 PUBLIC SQUARE<br>CLEVELAND, OH 44114<br>  Revolving Line of Credit |
| MEDINA SUPPLY COMPANY<br>2301 PROGRESS ST.<br>DOVER, OH 44622 | KEYBANK NATIONAL ASSOCIATION<br>AS ADMINISTRATIVE AGENT<br>127 PUBLIC SQUARE<br>CLEVELAND, OH 44114<br>  Term A Loan |

**2**

_____ continuation sheets attached to Schedule of Codebtors

Copyright (c) 1996-2009 - Best Case Solutions - Evanston, IL - (800) 492-8037                                 Best Case Bankruptcy

# SCHEDULE H - CODEBTORS
### (Continuation Sheet)

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
| --- | --- |
| **MEDINA SUPPLY COMPANY**<br>**2301 PROGRESS ST.**<br>**DOVER, OH 44622** | **KEYBANK NATIONAL ASSOCIATION**<br>**AS ADMINISTRATIVE AGENT**<br>**127 PUBLIC SQUARE**<br>**CLEVELAND, OH 44114**<br>  **Term B Loan** |
| **O.I.S. TIRE, INC.**<br>**2301 PROGRESS ST.**<br>**DOVER, OH 44622** | **KEYBANK NATIONAL ASSOCIATION**<br>**AS ADMINISTRATIVE AGENT**<br>**127 PUBLIC SQUARE**<br>**CLEVELAND, OH 44114**<br>  **Revolving Line of Credit** |
| **O.I.S. TIRE, INC.**<br>**2301 PROGRESS ST.**<br>**DOVER, OH 44622** | **KEYBANK NATIONAL ASSOCIATION**<br>**AS ADMINISTRATIVE AGENT**<br>**127 PUBLIC SQUARE**<br>**CLEVELAND, OH 44114**<br>  **Term A Loan** |
| **O.I.S. TIRE, INC.**<br>**2301 PROGRESS ST.**<br>**DOVER, OH 44622** | **KEYBANK NATIONAL ASSOCIATION**<br>**AS ADMINISTRATIVE AGENT**<br>**127 PUBLIC SQUARE**<br>**CLEVELAND, OH 44114**<br>  **Term B Loan** |
| **QUALITY BLOCK & SUPPLY, INC.**<br>**2301 PROGRESS ST.**<br>**DOVER, OH 44622** | **KEYBANK NATIONAL ASSOCIATION**<br>**AS ADMINISTRATIVE AGENT**<br>**127 PUBLIC SQUARE**<br>**CLEVELAND, OH 44114**<br>  **Revolving Line of Credit** |
| **QUALITY BLOCK & SUPPLY, INC.**<br>**2301 PROGRESS ST.**<br>**DOVER, OH 44622** | **KEYBANK NATIONAL ASSOCIATION**<br>**AS ADMINISTRATIVE AGENT**<br>**127 PUBLIC SQUARE**<br>**CLEVELAND, OH 44114**<br>  **Term A Loan** |
| **QUALITY BLOCK & SUPPLY, INC.**<br>**2301 PROGRESS ST.**<br>**DOVER, OH 44622** | **KEYBANK NATIONAL ASSOCIATION**<br>**AS ADMINISTRATIVE AGENT**<br>**127 PUBLIC SQUARE**<br>**CLEVELAND, OH 44114**<br>  **Term B Loan** |
| **SCHWAB MATERIALS, INC.**<br>**2301 PROGRESS ST.**<br>**DOVER, OH 44622** | **KEYBANK NATIONAL ASSOCIATION**<br>**AS ADMINISTRATIVE AGENT**<br>**127 PUBLIC SQUARE**<br>**CLEVELAND, OH 44114**<br>  **Revolving Line of Credit** |
| **SCHWAB MATERIALS, INC.**<br>**2301 PROGRESS ST.**<br>**DOVER, OH 44622** | **KEYBANK NATIONAL ASSOCIATION**<br>**AS ADMINISTRATIVE AGENT**<br>**127 PUBLIC SQUARE**<br>**CLEVELAND, OH 44114**<br>  **Term A Loan** |

Sheet   **1**   of   **2**   continuation sheets attached to the Schedule of Codebtors

In re __Schwab Industries, Inc.__ ,     Case No. __10-60702 (RK)__

Debtor

# SCHEDULE H - CODEBTORS
(Continuation Sheet)

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|---|---|
| **SCHWAB MATERIALS, INC.**<br>**2301 PROGRESS ST.**<br>**DOVER, OH 44622** | **KEYBANK NATIONAL ASSOCIATION**<br>**AS ADMINISTRATIVE AGENT**<br>**127 PUBLIC SQUARE**<br>**CLEVELAND, OH 44114**<br>   **Term B Loan** |
| **SCHWAB READY-MIX, INC.**<br>**2301 PROGRESS ST.**<br>**DOVER, OH 44622** | **KEYBANK NATIONAL ASSOCIATION**<br>**AS ADMINISTRATIVE AGENT**<br>**127 PUBLIC SQUARE**<br>**CLEVELAND, OH 44114**<br>   **Revolving Line of Credit** |
| **SCHWAB READY-MIX, INC.**<br>**2301 PROGRESS ST.**<br>**DOVER, OH 44622** | **KEYBANK NATIONAL ASSOCIATION**<br>**AS ADMINISTRATIVE AGENT**<br>**127 PUBLIC SQUARE**<br>**CLEVELAND, OH 44114**<br>   **Term A Loan** |
| **SCHWAB READY-MIX, INC.**<br>**2301 PROGRESS ST.**<br>**DOVER, OH 44622** | **KEYBANK NATIONAL ASSOCIATION**<br>**AS ADMINISTRATIVE AGENT**<br>**127 PUBLIC SQUARE**<br>**CLEVELAND, OH 44114**<br>   **Term B Loan** |
| **TWIN CITIES CONCRETE COMPANY**<br>**2301 PROGRESS ST.**<br>**DOVER, OH 44622** | **KEYBANK NATIONAL ASSOCIATION**<br>**AS ADMINISTRATIVE AGENT**<br>**127 PUBLIC SQUARE**<br>**CLEVELAND, OH 44114**<br>   **Revolving Line of Credit** |
| **TWIN CITIES CONCRETE COMPANY**<br>**2301 PROGRESS ST.**<br>**DOVER, OH 44622** | **KEYBANK NATIONAL ASSOCIATION**<br>**AS ADMINISTRATIVE AGENT**<br>**127 PUBLIC SQUARE**<br>**CLEVELAND, OH 44114**<br>   **Term A Loan** |
| **TWIN CITIES CONCRETE COMPANY**<br>**2301 PROGRESS ST.**<br>**DOVER, OH 44622** | **KEYBANK NATIONAL ASSOCIATION**<br>**AS ADMINISTRATIVE AGENT**<br>**127 PUBLIC SQUARE**<br>**CLEVELAND, OH 44114**<br>   **Term B Loan** |

Sheet __2__ of __2__ continuation sheets attached to the Schedule of Codebtors

Copyright (c) 1996-2009 - Best Case Solutions - Evanston, IL - (800) 492-8037     Best Case Bankruptcy

# United States Bankruptcy Court
## Northern District of Ohio At Canton

In re   **Schwab Industries, Inc.**                                Case No.   **10-60702 (RK)**

                                              Debtor(s)              Chapter      **11**

## DECLARATION CONCERNING DEBTOR'S SCHEDULES

### DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF CORPORATION OR PARTNERSHIP

        I, the Vice-President, Administration of the corporation named as debtor in this case, declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of   **31**   sheets, and that they are true and correct to the best of my knowledge, information, and belief.

Date   **April 15, 2010**                    Signature   **/s/ David R. Exley**

                                                      **David R. Exley**

                                                      **Vice-President, Administration**

*Penalty for making a false statement or concealing property:* Fine of up to $500,000 or imprisonment for up to 5 years or both. 18 U.S.C. §§ 152 and 3571.