------------------------------------------------------- x
In re: : Chapter 11
 :
SCHWAB INDUSTRIES, INC., *et al.*,[1] : Case No. 10-60702
 : (Jointly Administered)
         Debtors. :
 : Judge Russ Kendig
------------------------------------------------------- x

**MOTION OF DEBTORS FOR ORDER (A) SCHEDULING EXPEDITED
HEARING ON MOTION FOR A REVISED BIDDING PROCEDURES ORDER
APPROVING (1) EXECUTED STALKING HORSE ASSET PURCHASE AGREEMENT;
(2) PROPOSED BREAK-UP FEE AND EXPENSE REIMBURSEMENT; (3) REVISED
BIDDING PROCEDURES; (4) THE FORM AND MANNER OF SERVICE OF NOTICE
OF THE SALE HEARING AND AUCTION; AND (5) THE FORM AND MANNER OF
SERVICE OF NOTICE OF THE ASSUMPTION AND ASSIGNMENT OF CERTAIN
EXECUTORY CONTRACTS AND UNEXPIRED LEASES AND (B) APPROVING
FORM AND MANNER OF NOTICE THEREOF, FILED CONCURRENTLY WITH
THE MOTION TO REVISE BIDDING PROCEDURES**

Schwab Industries, Inc ("SII"), Medina Cartage Co. ("MCC"), Medina Supply Company ("MSC"), Quality Block & Supply, Inc. ("QBS"), O.I.S. Tire, Inc. ("OIS"), Twin Cities Concrete Company ("TCC"), Schwab Ready-Mix, Inc. ("SRM"), Schwab Materials, Inc. ("SMI") and Eastern Cement Corp. ("ECC", and together with SII, MCC, MSC, QBS, OIS, TCC, SRM and SMI, the "Debtors"), the debtors and debtors in possession in the above-captioned Chapter 11 cases (the "Cases"), by and through their undersigned counsel, hereby move (the "Motion") the Court for entry of an order scheduling an expedited hearing on the *Motion for a Revised Bidding Procedures Order Approving (1) Executed Stalking Horse Asset Purchase Agreement; (2)*

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number are: Schwab Industries, Inc. (2467); Medina Cartage Co. (9373); Medina Supply Company (3995); Quality Block & Supply, Inc. (2186); O.I.S. Tire, Inc. (7525), Twin Cities Concrete Company (9196); Schwab Ready-Mix, Inc. (8801); Schwab Materials, Inc. (8957); and Eastern Cement Corp. (7232).

*Proposed Break-Up Fee and Expense Reimbursement; (3) Revised Bidding Procedures; (4) the Form and Manner of Service of Notice of the Sale Hearing and Auction; and (5) the Form and Manner of Service of Notice of the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases* (the "<u>Motion to Revise Sale Procedures</u>")[2]. In support of the Motion, the Debtors respectfully state as follows:

## BACKGROUND

1. On February 28, 2010 (the "<u>Petition Date</u>"), Debtors commenced the Cases by filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code.

2. Debtors are continuing in possession of their properties and assets and are operating and managing their businesses as debtors-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in the Cases.

3. On March 9, 2010, the United States Trustee appointed an official committee of unsecured creditors (the "<u>Committee</u>").

4. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§157 and 1334. Venue of this case in this district is proper pursuant to 28 U.S.C. §§1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. §157(b)(2).

### *Debtors and Debtors' Businesses*

5. In addition to those operations in Ohio and Florida described above, through Debtor ECC, Debtors hold exclusive access to a deep-water terminal at Port Manatee on the Gulf of Mexico. The strategic positioning of Port Manatee allows Debtors to both (i) efficiently distribute imported cement and aggregates throughout Florida; and (ii) export material

---

[2] Unless otherwise defined or stated herein, all capitalized terms used herein shall have the meanings ascribed to them in the Sale Motion.

throughout the Gulf of Mexico region. Debtors also operate a citrus grove on the gulf coast of Florida that generates revenue for operations

*Events Leading to the Chapter 11 Filing*

6. Debtors are leaders in the production, supply and distribution of ready-mix concrete, concrete block, cement and related supplies to commercial, municipal and residential contractors throughout Northeast Ohio and Southwest Florida. In fiscal year 2006, they provided more than $208 million worth of product to their customers.

7. During fiscal year 2007 and thereafter, as a result of the nationwide real estate crash and the consequential dramatic slow down in the construction industry, Debtors' operations, particularly in Southwest Florida (where real estate and new construction has steeply declined), suffered.[3] The decrease in sales negatively impacts Debtors' working capital availability and cash flows.

8. Debtors' unsuccessful efforts to obtain refinancing result in their current liquidity crisis. This liquidity crisis necessitates Debtors' petition for relief under Chapter 11 of the Bankruptcy Code.

9. On March 24, 2010, the Court entered the *Agreed Order Authorizing Limited Use of Cash Collateral* [Docket No. 202] memorializing the agreement of Debtors and the Secured Lenders to use certain of Debtors' cash collateral through March 26, 2010 (the "March 24 Order").

10. On the heels of the March 24 Order, Debtors and their Secured Lenders negotiated an agreement upon which Secured Lenders will allow Debtors to use certain cash

---

[3] For fiscal year ending April 30, 2007, Debtors had approximately $197,000,000 in sales. For fiscal year ending April 30, 2008, Debtors had approximately $144,000,000 in sales. For fiscal year ending April 30, 2009, Debtors had approximately $103,000,000 in sales. Debtors' fiscal year ends each April 30. The decrease in sales was significantly sharper for Debtors' Florida operations.

collateral.  This agreement was memorialized in the *First Amended Agreed Order Authorizing Limited Use of Cash Collateral* (the "April 5 Cash Collateral Order") entered by the Court on April 5, 2010 [Docket No. 239].  The Cash Collateral Order included certain milestones for completing a sale of substantially all Debtors' assets, including the requirement that Debtors obtain a binding letter of intent from a prospective purchaser(s), free from due diligence and financing contingencies (a "Compliant Bid").

11. On April 5, 2010 Debtors also filed certain motions to sell substantially all their assets, including, a *Motion for an Order (1) Approving Auction and Bidding Procedures and an Auction Date; (2) Scheduling Date and Time for Sale Hearing; (3) Approving the Form and Manner of Service of Notice of the Sale Hearing and Auction Pursuant to Bankruptcy Rules 2002, 6004 and 6006; (4) Approving the Form and Manner of Service of Notice of the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases; and (5) Granting Related Relief* (the "Sale Procedures Motion").

12. On April 15, 2010, the Court entered the *Final Agreed Order Authorizing Limited Use of Cash Collateral* [Docket No. 280] memorializing the agreement of Debtors and the Secured Lenders to allow Debtors to use certain of Debtors' cash collateral through June 21, 2010 (the "April 15 Cash Collateral Order").  Mirroring the language in the April 5 Cash Collateral Order, the April 15 Cash Collateral Order included milestones requiring that Debtors obtain a Compliant Bid no later than April 30, 2010 to have continued use of cash collateral.

13. On April 16, 2010, the Court entered an Order dated April 16, 2010 (the "Initial Sale Procedures Order")  approving the Sale Procedures Motion which approved certain bidding and auction procedures (the "Initial Bidding Procedures") pursuant to which the Debtors have

solicited bids and have obtained the authority to sell (the "Sale") substantially all of the assets of Debtors (the "Assets"), that are the subject of the Sale Motion.

14. As discussed above, the April 15 Cash Collateral Order requires, as a condition of the continued use of cash collateral by the Debtors that, among other things, no later than April 30, 2010 Debtors obtain a binding commitment with no financing or due diligence contingencies (a "Commitment"). (April 15 Cash Collateral Order at ¶ 7g.) The Commitment is required to be in form and substance satisfactory to the Agent and Pre-Petition Lenders. (Id.) On or before April 30, 2010, Atlas Holdings and GarMark Partners provided a Compliant Bid to the Debtors from Cement Resources, LLC ("Cement Resources"), communicated a Compliant Bid to Debtors and their professionals (the "CR Bid"). The CR Bid, originally offered $47 million in cash, was the only Compliant Bid meeting all requirements for the continued use of cash collateral. When considering the combined value of more than one Compliant Bid to reach an acceptable "aggregate purchase price" and comparing such aggregate bid to the CR Bid, the CR Bid is the highest and best bid, both in terms of value and in the opinion of Debtors' board of directors.

15. As an absolute condition of the CR Bid, Debtors are required to file motions seeking, among other things, revisions to the Initial Bidding Procedures Order and Initial Bidding Procedures. The Motion to Revise Sale Procedures is Debtors act in furtherance of this condition to the CR Bid.

16. The CR Bid is, in the opinion of the Debtors and as an exercise of their reasoned business judgment the highest and best offer to purchase the Assets and is in the best interests of Debtors, the Pre-Petition Lenders and all interested parties. The CR Bid will allow Debtors to

have a credible and committed Stalking Horse Bidder at the Auction, proposed to be rescheduled for May 17, 2010.

## RELIEF REQUESTED

17. Pursuant to this Motion, the Debtors seek the entry of an order (i) scheduling an expedited hearing to consider the Motion to Revise Bidding Procedures, and (ii) approving the form and manner of notice of the expedited hearing.

## PENDING REQUESTS FOR RELIEF

18. Contemporaneously with filing of this Motion, the Debtors filed the following:

| Motion or Application | Nature of Relief Requested |
|---|---|
| *Motion for a Revised Bidding Procedures Order Approving (1) Executed Stalking Horse Asset Purchase Agreement; (2) Proposed Break-Up Fee and Expense Reimbursement; (3) Revised Bidding Procedures; (4) the Form and Manner of Service of Notice of the Sale Hearing and Auction; and (5) the Form and Manner of Service of Notice of the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases* | Order (i) approving certain revisions to the Initial Bidding Procedures Order and the Initial Bidding Procedures; (ii) approving Cement Resources as the Stalking Horse Bidder for substantially all the Assets of the Debtors; (iii) approving the Break-Up Fee; and other related relief. |

## REQUEST FOR EXPEDITED HEARING

19. Bankruptcy Rule 9006(c) provides that "when an act is required or allowed to be done at or within a specified time by the rules or by a notice given thereafter or by order of Court, the Court for cause shown may in its discretion with or without motion or notice order the period reduced." Fed. R. Bankr. P. 9006(c).

20. As described in detail in the Motion to Revise Bidding Procedures, the relief requested in the Motion to Revise Bidding Procedures is essential to permit Debtors to preserve the going concern value of Debtors' operations and maximize value for all interested parties. In

short, it provides Debtors, and all their constituents with a Stalking Horse Bidder committed to purchasing the Assets, albeit with conditions that require the consideration and approval of this Court on an expedited and emergency basis. These conditions are required by Cement Resources.

21. In addition, the relief requested will assist in the administration of these cases by permitting continuing use of cash and promoting the necessary support of Debtors' customers, employees, suppliers and other creditors in this case. Any long delays in the consideration of the Motion to Revise Bidding Procedures would hinder Debtors' ability to preserve and maximize value for all stakeholders in the case.

22. Pursuant to the April 15 Cash Collateral Order, Debtors are required to obtain a binding Commitment, in furtherance of a sale of substantially all Debtors' Assets. These are conditions required by the Pre-Petition Lenders and agreed to by Debtors in order to effectuate the expedited sale of the Assets. The CR Bid satisfies this critical condition, but requires consideration of and entry of and Order on the Motion to Revise Bidding Procedures.

23. The Pre-Petition Lenders support the relief sought in the Motion and the Motion to Revise Bidding Procedures.

24. Accordingly, Debtors believe that the Motion to Revise Bidding Procedures involves matters that require an expedited, emergency hearing and respectfully request that the Court schedule such a hearing on the Motion to Revise Bidding Procedures for these Cases on or before May 7, 2010 at a time acceptable to the Court.

25. Debtors propose that any objections or responses to the relief requested in the Sale Motion be directed to be filed not less than twenty-four (24) hours before the hearing on the Motion to Revise Bidding Procedures.

**NOTICE**

26. Debtors propose to serve a notice of the filing of the Motion and the Motion to Revise Bidding Procedures and the expedited hearing thereon, substantially in the form attached hereto as Exhibit A and incorporated herein by reference (the "Notice"), by facsimile or electronic mail (where known and applicable) and/or overnight mail as soon as practicable after the entry of an order approving the Notice or as otherwise instructed by the Court on the following parties (collectively, the "Notice Parties"): (i) the office of the United States Trustee for Region 9; (ii) each Debtors' secured lenders (KeyBank, National Association, Huntington National Bank and Bank of America, NA); (iii) counsel for the Agent for Debtors' secured lenders; (iv) the additional creditors identified on Debtors' consolidated list of thirty (30) largest unsecured creditors; (v) counsel for Concrete Resources; (vi) other known claimants having liens or security interests in property of Debtors; (vii) counsel for the Committee; (viii) the Internal Revenue Service; (ix) the United States Department of Justice; (x) all parties identified by and known to Debtors to be non-Debtor parties to executory contracts and unexpired leases with Debtors; and (xi) equity holders in the Transferred Partnerships (as that term is defined in the asset purchase agreement between Cement Resources and Debtors attached to the Motion to Revise Bidding Procedures). Because the list of other parties that could possibly be affected by the Motion to Revise Bidding Procedures is necessarily large, serving notice of the Motion to Revise Bidding Procedures on all such parties would be impracticable. Accordingly, Debtors request that service of the Notice on the Notice Parties in the form and manner described in this paragraph be deemed adequate and appropriate under the circumstances and in full compliance with applicable provisions of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and the Local Bankruptcy Rules; provided, however, that Debtors will

provide any party with a copy of the Motion to Revise Bidding Procedures upon request, such request mechanism being set forth in the Notice.

## CONCLUSION

WHEREFORE, Debtors respectfully request that the Court enter an order, substantially in the form attached hereto as Exhibit B (i) scheduling an expedited hearing on the Sale Motion to be conducted on or before May 7, 2010; (ii) approving the form of the Notice attached hereto as Exhibit A; (iii) finding that service of the Notice in the manner described herein shall be sufficient and adequate notice under the circumstances and in full compliance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules and the Local Bankruptcy Rules; and (iv) granting such other and further relief as the Court may deem proper.

Dated: May 3, 2010
Cleveland, Ohio

Respectfully submitted,

*/s/ Christopher W. Peer*
Lawrence E. Oscar (0022696)
Daniel A. DeMarco (0038920)
Christopher W. Peer (0076257)
HAHN LOESER & PARKS LLP
200 Public Square, Suite 2800
Cleveland, Ohio 44114
Telephone: (216) 621-0150
Facsimile: (216) 241-2824
E-mail: leoscar@hahnlaw.com
dademarco@hahnlaw.com
cpeer@hahnlaw.com

*Counsel to Debtors*

CLE - 2707357.1

# **EXHIBIT A**

CLE - 2707357.1

UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF OHIO
AT CANTON

------------------------------------------------------- x
In re:                                                  :   Chapter 11
                                                        :
                                                        :   Case No. 10-60702
SCHWAB INDUSTRIES, INC., *et al.*[1]                    :   (Jointly Administered)
                                                        :
            Debtors.                                    :   Judge Russ Kendig
                                                        :
------------------------------------------------------- x

NOTICE OF EXPEDITED HEARING ON
MOTION FOR A REVISED BIDDING PROCEDURES ORDER APPROVING
(1) EXECUTED STALKING HORSE ASSET PURCHASE AGREEMENT;
(2) PROPOSED BREAK-UP FEE AND EXPENSE REIMBURSEMENT; (3) REVISED
BIDDING PROCEDURES; (4) THE FORM AND MANNER OF SERVICE OF NOTICE
OF THE SALE HEARING AND AUCTION; AND (5) THE FORM AND MANNER OF
SERVICE OF NOTICE OF THE ASSUMPTION AND ASSIGNMENT OF CERTAIN
EXECUTORY CONTRACTS AND UNEXPIRED LEASES

PLEASE TAKE NOTICE THAT, on May 3, 2010, Schwab Industries, Inc ("SII"), Medina Cartage Co. ("MCC"), Medina Supply Company ("MSC"), Quality Block & Supply, Inc. ("QBS"), O.I.S. Tire, Inc. ("OIS"), Twin Cities Concrete Company ("TCC"), Schwab Ready-Mix, Inc. ("SRM"), Schwab Materials, Inc. ("SMI") and Eastern Cement Corp. ("ECC", and together with SII, MCC, MSC, QBS, OIS, TCC, SRM and SMI, the "Debtors"), the debtors and debtors in possession in the above-captioned Chapter 11 cases (the "Cases"), filed a motion revise certain bidding procedures and to designate Cement Resources, LLC as a stalking horse bidder at the auction for the sale of substantially all Debtors' assets (the "Motion to Revise Bidding Procedures"), subject to certain conditions and approval of the Court.

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number are: Schwab Industries, Inc. (2467); Medina Cartage Co. (9373); Medina Supply Company (3995); Quality Block & Supply, Inc. (2186); O.I.S. Tire, Inc. (7525); Twin Cities Concrete Company (9196); Schwab Ready-Mix, Inc. (8801); Schwab Materials, Inc. (8957); and Eastern Cement Corp. (7232).

NOTICE OF EXPEDITED HEARING -
CLE - 2707357.1

PLEASE TAKE FURTHER NOTICE THAT, on **Friday, May 7, 2010** at _____ **_.m.**, Eastern Time, the Honorable Russ Kendig, United States Bankruptcy Judge, will conduct an expedited hearing (the "Hearing") in the Bankruptcy Courtroom at the United States Bankruptcy Court, Frank T. Bow Federal Building, 201 Cleveland Avenue, S.W., Canton, Ohio 44702, with respect to the following Motion filed by the Debtors:

*Motion for a Revised Bidding Procedures Order Approving (1) Executed Stalking Horse Asset Purchase Agreement; (2) Proposed Break-Up Fee and Expense Reimbursement; (3) Revised Bidding Procedures; (4) the Form and Manner of Service of Notice of the Sale Hearing and Auction; and (5) the Form and Manner of Service of Notice of the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases.*

Objections to the Motion are required to be filed with the Court and served on counsel for the Debtors no later than twenty-four (24) hours in advance of the Hearing.

Any party that wishes to obtain a copy of the above-listed Motion to Revise Bidding Procedures may contact Colleen Beitel at Hahn Loeser & Parks LLP, by e-mail at cmbeitel@hahnlaw.com.

**PLEASE TAKE FURTHER NOTICE THAT, IF YOU OPPOSE THE RELIEF SOUGHT IN THE SALE MOTION, OR IF YOU WOULD LIKE THE COURT TO CONSIDER YOUR VIEWS WITH RESPECT TO THE SALE MOTION, THEN YOU OR YOUR ATTORNEY MUST ATTEND THE HEARING ON FRIDAY MAY 7, 2010 AT [INSERT TIME] AM EASTERN DAYLIGHT TIME.**

Dated: May _____, 2010
Cleveland, Ohio

Respectfully Submitted,

*/s/ Christopher W. Peer*
Lawrence E. Oscar (0022696)
Daniel A. DeMarco (0038920)
Christopher W. Peer (0076257)
HAHN LOESER & PARKS LLP
200 Public Square, Suite 2800
Cleveland, Ohio 44114
Telephone: (216) 621-0150
Facsimile: (216) 241-2824
E-mail: leoscar@hahnlaw.com
dademarco@hahnlaw.com
cpeer@hahnlaw.com

*Counsel to Debtors*

3

CLE - 2707357.1

# EXHIBIT B

CLE - 2707357.1

UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF OHIO
AT CANTON

---------------------------------------------------------- x
                                                          :    Chapter 11

In re:                                              :
                                                          :    Case No. 10-60702
SCHWAB INDUSTRIES, INC., *et al.*[1]      :    (Jointly Administered)
                                                          :
                                       Debtors.      :    Judge Russ Kendig
                                                          :
---------------------------------------------------------- x

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number are: Schwab Industries, Inc. (2467); Medina Cartage Co. (9373); Medina Supply Company (3995); Quality Block & Supply, Inc. (2186); O.I.S. Tire, Inc. (7525); Twin Cities Concrete Company (9196); Schwab Ready-Mix, Inc. (8801); Schwab Materials, Inc. (8957); and Eastern Cement Corp. (7232).

ORDER SCHEDULING EXPEDITED HEARING -
CLE - 2707357.1

**ORDER (A) SCHEDULING EXPEDITED HEARING ON MOTION FOR A REVISED BIDDING PROCEDURES ORDER APPROVING (1) EXECUTED STALKING HORSE ASSET PURCHASE AGREEMENT; (2) PROPOSED BREAK-UP FEE AND EXPENSE REIMBURSEMENT; (3) REVISED BIDDING PROCEDURES; (4) THE FORM AND MANNER OF SERVICE OF NOTICE OF THE SALE HEARING AND AUCTION; AND (5) THE FORM AND MANNER OF SERVICE OF NOTICE OF THE ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES AND (B) APPROVING FORM AND MANNER OF NOTICE THEREOF, FILED CONCURRENTLY WITH THE MOTION TO REVISE BIDDING PROCEDURES**

Upon consideration of the motion, dated May 3, 2010 (the "<u>Motion</u>"), of Schwab Industries, Inc., and its affiliated and related debtors and debtors-in-possession[*] (collectively, the "<u>Debtors</u>"), for entry of an order (a) scheduling expedited hearing on the Motion to Revise Bidding Procedures and (b) approving form and manner of notice thereof, filed concurrently with the Motion to Revise Bidding Procedures, and after due deliberation and hearing, this Court finds that: (i) it has jurisdiction over the matters raised in the Motion under 28 U.S.C. §§157 and 1334; (ii) venue of this matter is proper under 28 U.S.C. §§1408 and 1409; (iii) this matter is a core proceeding under 28 U.S.C. §157(b)(2); (iv) the relief requested in the Motion is in the best interests of Debtors, their estates, creditors, and other parties in interest; (v) adequate and proper notice of the Motion and the hearing thereon has been given and that no other or further notice is necessary; and (vi) good and sufficient cause exists for the granting of the relief requested in the Motion as set forth herein. Accordingly,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

1. The Motion is GRANTED in its entirety.

---

[*] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtors' tax identification number are: Schwab Industries, Inc. (2467); Medina Cartage Co. (9373); Medina Supply Company (3995); Quality Block & Supply, Inc. (2186); O.I.S. Tire, Inc. (7525); Twin Cities Concrete Company (9196); Schwab Ready-Mix, Inc. (8801); Schwab Materials, Inc. (8957); and Eastern Cement Corp. (7232).

2. Capitalized terms not defined herein shall have the meaning ascribed thereto in the Motion.

3. An expedited hearing on the Sale Motion is scheduled for **May \_\_, 2010** at **_____ a.m.**, Eastern Daylight Time, at the United States Bankruptcy Court, Frank T. Bow Federal Building, 201 Cleveland Avenue, S.W., Canton, Ohio 44702.

4. The form of notice attached to the Motion as <u>Exhibit A</u> shall be utilized to provide notice to parties in interest of the Motion to Revise Bidding Procedures and the expedited hearing thereon scheduled pursuant to this Order (the "<u>Notice</u>") and is hereby approved in all respects.

5. Service of the Notice by facsimile or electronic mail, or if no facsimile number or electronic mail address is readily available and reliable, by overnight delivery or other express mail service as soon as practicable after the entry of this Order on each of the Notice Parties is deemed to be sufficient and adequate notice under the circumstances and in full compliance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules and the Local Bankruptcy Rules.

IT IS SO ORDERED.

# # #

Prepared and Submitted By:

*/s/ Christopher W. Peer*
Lawrence E. Oscar (0022696)
Daniel A. DeMarco (0038920)
Christopher W. Peer (0076257)
HAHN LOESER & PARKS LLP
200 Public Square, Suite 2800
Cleveland, Ohio 44114
Telephone: (216) 621-0150
Facsimile: (216) 241-2824

E-mail: leoscar@hahnlaw.com
dademarco@hahnlaw.com
cpeer@hahnlaw.com