**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below.**





**Russ Kendig**
**United States Bankruptcy Judge**

## UNITED STATES BANKRUPTCY COURT
### NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| SCHWAB INDUSTRIES, INC., *et al.*,[1] | ) | Case No. 10-60702-rk |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | Judge Russ Kendig |

**ORDER: (A) APPROVING SOLICITATION AND NOTICE PROCEDURES WITH RESPECT TO APPROVAL OF DISCLOSURE STATEMENT AND CONFIRMATION OF PROPOSED PLAN OF LIQUIDATION; (B) APPROVING FORM OF BALLOTS AND NOTICES IN CONNECTION THEREWITH; (C) CONDITIONALLY APPROVING THE DISCLOSURE STATEMENT; AND (D) SCHEDULING CERTAIN DATES AND DEADLINES WITH RESPECT THERETO**

Upon the Motion[2] of the Schwab Industries, Inc. and its affiliated debtors and debtors-in-

possession (collectively, the "*Debtors*") and the Official Committee of Unsecured Creditors (the

"*Committee*," and collectively with the Debtors, the "*Plan Proponents*") filed in the above-

captioned chapter 11 cases seeking entry of an order: (i) approving procedures for soliciting,

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number are: Schwab Industries, Inc. (2467); Medina Cartage Co. (9373); Medina Supply Company (3995); Quality Block & Supply, Inc. (2186); O.I.S. Tire, Inc. (7525); Twin Cities Concrete Company (9196); Schwab Ready-Mix, Inc. (8801); Schwab Materials, Inc. (8957); and Eastern Cement Corp. (7232).

[2]    Capitalized terms not defined herein shall have the meaning ascribed to them in the Motion.

receiving and tabulating votes on the Plan and for filing objections to the Plan and to the adequacy of the Disclosure Statement; (ii) approving the manner and forms of notice and other documents related to the approval of the Disclosure Statement and confirmation of the Plan; (iii) conditionally approving the Disclosure Statement; (iv) setting a joint hearing on the adequacy of the Disclosure Statement and confirmation of the Plan; and (v) authorizing and directing the Plan Proponents to use certain funds from the Administrative Expense Fund to pay certain Agreed Administrative Claims; it appearing that this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that this proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and it appearing that venue of this proceeding and the Motion is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409; and due, adequate, and sufficient notice of the Motion having been given; and it appearing that no other notice need be given; and after due deliberation and sufficient cause appearing therefore; it is

**ORDERED, ADJUDGED AND DECREED** that:

1.      The Motion is granted, subject to the terms of this Order.

2.      Upon the representation of the Plan Proponents that: (a) the Plan and Disclosure Statement were drafted cooperatively by the Debtors and the Committee; (b) the Pre-Petition Lenders (as defined in the Plan) and Oldcastle (as defined in the Plan) have reviewed both the Plan and Disclosure Statement; and (c) each of the Pre-Petition Lenders, Oldcastle, the Debtors and the Committee support both the Plan and the Disclosure Statement, the Disclosure Statement shall be deemed to be conditionally approved, and the Plan Proponents are authorized and directed to file and serve such Disclosure Statement according to the dates or deadlines outlined in the Motion and in this Order.

2

3.     By serving the Joint Hearing Notice and the Solicitation Packages in the manner proscribed in this Order and by November 5, 2010, the Plan Proponents will have provided adequate notice of the time fixed for filing objections and the hearing to consider approval of the Disclosure Statement in accordance with Bankruptcy Rules 2002 and 3017.

4.     The Joint Hearing Notice provides Creditors and parties in interest with sufficient notice regarding the injunction and exculpation provisions contained in the Plan, in compliance with Bankruptcy Rule 3016(c).

5.     The date this Order is entered shall be the Record Date for determining:  (a) the holders of Claims that are entitled to receive the Solicitation Package pursuant to the Solicitation Procedures; (b) holders of Claims entitled to vote to accept the Plan; and (c) whether Claims have been properly transferred to an assignee pursuant to Bankruptcy Rule 3001(e) such that the assignee can vote as the holder of a Claim.

6.     A joint hearing on the adequacy of the Disclosure Statement and confirmation of the Plan shall commence on December 9, 2010 at  2:00 p.m. prevailing Eastern Time, which date may be continued from time to time by the Court or the Plan Proponents without further notice other than adjournments announced in open court.

7.     Any objections to the adequacy of the Disclosure Statement and/or confirmation of the Plan (collectively, "*Objections*") shall be filed by no later than December 3, 2010, at 5:00 p.m. prevailing Eastern time, and must be:  (a) in writing; (b) state with particularity the grounds for such objections; (c) state the name and address of the objecting party (the "*Objecting Party*") and the nature and amount of the Claim or Interest of such party; and (d) filed with the Court and served such that it is actually received by the following notice parties (the "*Notice Parties*"): (i) the Debtors, Schwab Industries, Inc., c/o The Parkland Group, Inc., One Cleveland Center,

10-60702-rk    Doc 659    FILED 10/27/10    ENTERED 10/27/10 16:02:28    Page 3 of 37

1375 East 9th Street, Suite 1350, Cleveland, Ohio 44114 (Attn: Laurence V. Goddard); (ii) counsel to the Debtors, HAHN LOESER & PARKS LLP, 200 Public Square, Suite 2800, Cleveland, Ohio 44114 (Attn: Lawrence E. Oscar, Esq.); (iii) counsel to the Committee, FREEBORN & PETERS LLP, 311 S. Wacker Drive, Suite 3000, Chicago, Illinois 60606-6677 (Attn: Aaron L. Hammer, Esq.), and FROST BROWN TODD LLC, 2200 PNC Center, 201 East Fifth Street, Cincinnati, Ohio 45202-4182 (Attn: Douglas L. Lutz, Esq.); (iv) the OFFICE OF THE UNITED STATES TRUSTEE, H.M. Metzenbaum U.S. Courthouse, 201 Superior Avenue East, Suite 441, Cleveland, Ohio 44114-1240 (Attn: Maria Giannirakis, Esq.); (v) counsel to the administrative agent for the Pre-Petition Lenders, THOMPSON HINE LLP, 3900 Key Center, 127 Public Square, Cleveland, Ohio 44114 (Attn: Alan R. Lepene, Esq.); and (vi) counsel to EFO Financial Group, LLC, c/o EFO Financial Group, LLC, 9180 Galleria Court, Suite 600, Naples, Florida 34109 (Attn: Louis X. Amato, P.A.).

8.     The Plan Proponents may file a reply to any Objections ("*Replies*") by no later than three (3) days prior to the Joint Hearing, and shall serve such Replies on the Notice Parties and the Objecting Parties.

9.     The Voting Deadline shall be December 3, 2010, at 5:00 p.m. prevailing Eastern time; provided, however, that the Plan Proponents may extend the Voting Deadline, if necessary, without further order of this Court, to a date that is no later than six (6) business days prior to the Joint Hearing; provided further, however, that the notice of any such extension shall be provided to all holders of Claims entitled to vote on the Plan.

10.     The Solicitation Procedures attached hereto and incorporated by reference herein as *Exhibit A* are hereby approved; provided, however, that: (i) the Plan Proponents may make non-material modifications to the Solicitation Procedures without further order of Court, and

4

reserve, subject to Court approval, the right to materially amend or supplement the Solicitation Procedures to better facilitate the Plan solicitation process; and (ii) service of this Order shall require only the service of *Exhibit A* upon all parties receiving service of the Order (service of the other exhibits remaining party specific, as required under the Solicitation Procedures).

11.     The procedures for distribution of the Solicitation Package set forth in the Solicitation Procedures satisfy the requirements of the Bankruptcy Code and the Bankruptcy Rules.

12.     The forms of the ballots and the forms of the voting instructions, substantially in the forms attached hereto, collectively, as *Exhibit B*, are hereby approved.

13.     The form of the Disputed Claim Notice, substantially in the form attached hereto as *Exhibit C*, is hereby approved.

14.     The form of the Deemed Acceptance Non-Voting Status Notice, substantially in the form attached hereto as *Exhibit D*, is hereby approved.

15.     The form of the Deemed Rejection Non-Voting Status Notice, substantially in the form attached hereto as *Exhibit E*, is hereby approved.

16.     The form of the Joint Hearing Notice, substantially in the form attached hereto as *Exhibit F*, complies with the requirements of Bankruptcy Rules 2002(b), 2002(c)(3) and 2002(d), and is hereby approved.

17.     All ballots must be properly executed, completed and delivered by:  (a) first class mail, in the pre-addressed, postage pre-paid return envelope provided with each ballot; (b) overnight courier; or (c) personal delivery, so that they are actually received, in any case, by the Debtors' claims, noticing and balloting agent, The Garden City Group, Inc., no later than the Voting Deadline at the following addresses:

5

**IF BY FIRST CLASS MAIL:**

The Garden City Group, Inc.
Attn: Schwab Industries Ballot Processing
P.O. Box 9402
Dublin, OH 43017-4502

**IF BY HAND OR OVERNIGHT COURIER:**

The Garden City Group, Inc.
Attn: Schwab Industries Ballot Processing
5151 Blazer Parkway, Suite A
Dublin, OH 43017

18.     The Plan Proponents shall be excused from giving notice or providing service of any kind upon any person or entity to whom the Plan Proponents mailed a Joint Hearing Notice or a Solicitation Package and received any of such notices returned by the United States Postal Service or other courier marked "undeliverable as addressed," "moved – left no forwarding address," or "forwarding order expired," or similar reason, unless the Plan Proponents have been informed in writing by such person or entity of that person's or entity's new address. The Plan Proponents shall further be excused from re-mailing such Joint Hearing Notice or Solicitation Package, or other notices, as the case may be, to those entities whose addresses differ from the addresses in the claims register or the Debtors' records as of the Record Date. If a holder of a Claim or Interest has changed its mailing address after the Petition Date, the burden shall be on such holder, not the Plan Proponents, to advise Garden City of its changed address.

19.     Publishing notice with respect to the Joint Hearing, the Disclosure Statement, the Plan and voting thereon is not necessary in these Cases.

20.     The Plan Proponents' request to use the Administrative Expense Fund to pay certain administrative claims as set forth in the Motion, and the right of the United States Trustee to object to such request, is adjourned for further hearing until November 16, 2010, at 2:00 p.m. prevailing Eastern Time.

6

21.     All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

22.     The Plan Proponents are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order.

23.     The Plan Proponents are authorized to make non-substantive changes to the Disclosure Statement, the Plan, the ballots, the Joint Hearing Notice, the Disputed Claim Notice, the Deemed Acceptance Non-Voting Status Notice, the Deemed Rejection Non-Voting Status Notice and related documents without further order of the Court, including, without limitation, changes to correct typographical and grammatical errors, insert dates and to make conforming changes among the Disclosure Statement, the Plan, the ballots, the Joint Hearing Notice, the Disputed Claim Notice, the Deemed Acceptance Non-Voting Status Notice, the Deemed Rejection Non-Voting Status Notice and any other materials in the Solicitation Package prior to mailing.

24.     Notwithstanding the possible applicability of Bankruptcy Rules 6004(h), 7062, 9014, or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

25.     This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order.

**IT IS SO ORDERED.**

# # #

Prepared, Submitted and Agreed to By:

| | |
|---|---|
| /s/ Daniel A. DeMarco<br>Lawrence E. Oscar (0022696)<br>Daniel A. DeMarco (0038920)<br>Christopher W. Peer (0076257)<br>HAHN LOESER & PARKS LLP<br>200 Public Square, Suite 2800<br>Cleveland, Ohio 44114<br>Telephone: 216-621-0150<br>Facsimile: 216-241-2824<br>E-mail: leoscar@hahnlaw.com<br>dademarco@hahnlaw.com<br>cpeer@hahnlaw.com | /s/Aaron L. Hammer<br>Aaron L. Hammer, Esq.<br>Richard S. Lauter, Esq.<br>Thomas R. Fawkes, Esq.<br>FREEBORN & PETERS LLP<br>311 South Wacker Drive, Suite 3000<br>Chicago, Illinois 60606-6677<br>Telephone: 312-360-6000<br>Facsimile: 312-360-6520<br>E-mail: ahammer@freebornpeters.com<br>rlauter@freebornpeters.com<br>tfawkes@freebornpeters.com |
| *Counsel for the Debtors and*<br>*Debtors-in-Possession* | *Counsel to the Official Committee*<br>*of Unsecured Creditors* |

8

# EXHIBIT A

## SOLICITATION PROCEDURES RELATED TO
## FIRST AMENDED JOINT PLAN OF LIQUIDATION DATED OCTOBER 26, 2010

**A.     Record Date**

The Court has approved _____ as the record date for purposes of determining which holders of Claims are entitled to vote on the Plan (the "**Record Date**").[1]

**B.     Voting Deadline**

The Court has approved **December 3, 2010, at 5:00 p.m. prevailing Eastern time** (the "**Voting Deadline**") as the deadline to submit votes to accept or reject the *First Amended Joint Plan of Liquidation Dated October 26, 2010* (the "**Plan**") proposed by the Plan Proponents.[2] The Plan Proponents may extend the Voting Deadline without further order of the Court to a date no later than six (6) business days before the Joint Hearing (defined below); provided, however, that notice of such extension shall be provided to any holders of Claims entitled to vote on the Plan. To be counted as votes to accept or reject the Plan, all ballots must be properly executed, completed and delivered by: (a) first class mail; (b) overnight courier; or (c) personal delivery, so that they are actually received, in any case, by the Debtors' claims and noticing agent, The Garden City Group, Inc. ("**Garden City**") at the following addresses, no later than the Voting Deadline:

### IF BY FIRST CLASS MAIL:

The Garden City Group, Inc.
Attn: Schwab Industries Ballot Processing
P.O. Box 9402
Dublin, OH 43017-4502

### IF BY HAND OR OVERNIGHT COURIER:

The Garden City Group, Inc.
Attn: Schwab Industries Ballot Processing
5151 Blazer Parkway, Suite A
Dublin, OH 43017

**C.     Form, Content and Manner of Notices**

1.     <u>Solicitation Package</u>. The following materials shall constitute the solicitation package (the "**Solicitation Package**"):

---

[1]     Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Plan, Disclosure Statement or Solicitation Motion, as applicable.

[2]     The Plan Proponents are: (a) Schwab Industries, Inc. and its affiliated debtors and debtors-in-possession (collectively, the "**Debtors**"); and (b) the Official Committee of Unsecured Creditors appointed in the above-captioned chapter 11 cases (the "**Committee**").

- a copy of the Solicitation Procedures Order (including only Exhibit A thereto);

- a copy of the *First Amended Disclosure Statement With Respect to First Amended Joint Plan of Liquidation of Schwab Industries, Inc., et al. Pursuant to 11 U.S.C. § 1125* (the "**Disclosure Statement**") (which includes a copy of the Plan as Exhibit A);

- a Class 2a or Class 3 Ballot (including a pre-addressed, postage pre-paid return envelope); and

- a copy of the Joint Hearing Notice.

2. <u>Distribution of the Solicitation Package</u>.  The Plan Proponents shall serve all of the materials in the Solicitation Package on those holders of Claims entitled to vote on the Plan.

3. <u>Distribution of Joint Hearing Notice, Plan and Disclosure Statement</u>.  Those holders of Claims or Interests that are not entitled to vote on the Plan; the Office of the United States Trustee; and all other parties requesting service of notices in the Debtors' chapter 11 cases (collectively, the "**Non-Voting Parties**") shall receive copies of the Joint Hearing Notice, the Solicitation Procedures Order (including only Exhibit A thereto), the Plan and the Disclosure Statement.

4. <u>Deemed Non-Voting Status Notices</u>.  Certain Creditors:  (a) whose Claims are not classified in accordance with section 1123(a)(1) of the Bankruptcy Code; (b) who are not entitled to vote because they are deemed to accept or reject the Plan under sections 1126(f) or 1126(g) of the Bankruptcy Code; or (c) who are not entitled to vote because their Claims are subject to a pending objection as of the Record Date will receive only the Joint Hearing Notice, a copy of the Solicitation Procedures Order (including only Exhibit A thereto), a copy of the Plan, a copy of the Disclosure Statement and one of the following additional notices:  (i) Deemed Acceptance Non-Voting Status Notice; (ii) Deemed Rejection Non-Voting Status Notice; or (iii)  Disputed Claim Notice, as applicable (collectively, the "**Non-Voting Status Notices**").

5. <u>Notice to Known Counterparties to Executory Contracts and Unexpired Leases</u>.  The Plan Proponents will send to each of the known counterparties to executory contracts and unexpired leases, the Joint Hearing Notice, the Solicitation Procedures Order (including only Exhibit A thereto), the Plan and the Disclosure Statement (without exhibits).

**D.    Approval of Voting and Tabulation Procedures**

<u>**Who Can Vote:**</u>

6.    Only the following holders of Claims shall be entitled to vote on the Plan:

(a)    the holders of Claims for which proofs of claim have been timely filed, as reflected on the Debtors' official claims register, as of the close of business on the Record Date,

2

with the exception of those Claims subject to a pending objection filed before the Voting Deadline, unless such Claims are allowed for voting purposes pursuant to a Resolution Event (as defined below) pursuant to the procedures in paragraph 9 below; provided, however, that to the extent that the Plan Proponents have reached a settlement on a Claim for which a proof of claim has been timely filed, the terms of such settlement shall govern for purposes of determining the holder of the Claim and the amount of the Claim;

(b)     the holders of scheduled Claims that are listed in the Debtors' Schedules of Assets and Liabilities (as amended, the "**Schedules**"), with the exception of those scheduled Claims that are listed as contingent, unliquidated or disputed (excluding such scheduled Claims that have been superseded by a timely-filed proof of claim that is not subject to an objection as of the Record Date);

(c)     the Holders of Claims whose Claims have been allowed (whether permanently or temporarily pursuant to Bankruptcy Rule 3018(a)) pursuant to an agreement or settlement with the Plan Proponents, as reflected in a pleading, stipulation, term sheet, agreement or other document filed with the Court, in an order entered by the Court or in a document executed by the Plan Proponents pursuant to authority granted by the Court regardless of whether a proof of claim has been filed; and

(d)     the assignee of a transferred Claim (whether based upon a timely filed proof of claim or the Schedules) shall be permitted to vote such Claim only if the transfer or assignment has been fully effectuated pursuant to the procedures dictated by Bankruptcy Rule 3001(e) and such transfer has been consummated on or prior to the Record Date.

**Vote Tabulation Procedures:**

7.     Establishing Claim Amount. In tabulating votes, the following hierarchy shall be used to determine the Claim amount associated with each Creditor's vote:

(a)     the Claim amount settled and/or agreed upon by the Plan Proponents prior to the Record Date, as reflected in a court pleading, stipulation, term sheet, agreement or other document filed with the Court, in an order entered by the Court or in a document executed by the Plan Proponents pursuant to authority granted by the Court;

(b)     the Claim amount allowed (temporarily or otherwise) pursuant to a Resolution Event under the procedures set forth in paragraph 9 below;

(c)     the Claim amount contained on a proof of claim that has been timely filed by the relevant claims bar date (or deemed timely filed by the Court under applicable law); provided, however, that ballots cast by Creditors whose Claims are not listed on the Schedules, but who timely filed proofs of claim in partially liquidated amounts and partially unliquidated amounts that are not the subject of an objection filed before the Voting Deadline, will count as ballots for Claims in the amount of the liquidated amounts stated in the proofs of claim; provided further, however, that ballots cast by Creditors whose Claims are not listed on the Schedules, but who timely filed proofs of claim in wholly unliquidated or unknown amounts that are not the subject of an objection filed before the Voting Deadline, will count for satisfying the numerosity

3

requirement of section 1126(c) of the Bankruptcy Code, and will count as ballots for Claims in the amount of $1.00 solely for the purposes of satisfying the dollar amount provisions of section 1126(c) of the Bankruptcy Code; provided further, however, that to the extent the Claim amount contained in a proof of claim is different from the Claim amount set forth in a pleading, stipulation, term sheet, agreement or other document filed with the Court as referenced in paragraph 6(a) above, the Claim amount in the pleading, stipulation, term sheet, agreement or other document filed with the Court shall supersede the Claim amount set forth on the respective proof of claim;

        (d)    the claim amount listed in the Schedules, provided that such Claim is not scheduled as contingent, disputed or unliquidated; and

        (e)    in the absence of any of the foregoing, the Claim will not be counted for voting purposes.

If a party that is entitled to vote has more than one Claim against one or more of the Debtors based upon different transactions, said party shall be entitled to one vote for numerosity purposes in the aggregate dollar amount of all of said Claims. If a party that is entitled to vote has Claims (either scheduled or filed or both) against more than one of the Debtors based on the same transaction (*e.g.*, a Claim against one Debtor that was guaranteed by another Debtor), said party shall be entitled to one vote for numerosity purposes in a dollar amount based upon its Claim against one of the Debtors.

The Claim amount established pursuant to this Section D shall control for voting purposes only, and shall not constitute the Allowed amount of any Claim.

    8.    <u>General Tabulation Procedures</u>.  The following voting procedures and standard assumptions shall be used in tabulating ballots:

        (a)    except as otherwise provided herein, unless the ballot being furnished is timely submitted on or prior to the Voting Deadline, the Plan Proponents shall reject such ballot as invalid and, therefore, decline to count it in connection with confirmation of the Plan;

        (b)    Garden City will date and time-stamp all ballots when received. Garden City shall retain the original ballots and an electronic copy of the same for a period of one (1) year after the Confirmation Date of the Plan, unless otherwise ordered by the Court;

        (c)    no later than three (3) days before the Joint Hearing, unless such other date is set by the Court, the Plan Proponents will file with the Court a Voting Report, which will detail the tabulation of ballots cast for or against the Plan. The Voting Report will also detail any defective, irregular or otherwise invalid ballots that were waived by the Plan Proponents or were not waived and therefore not counted by the Plan Proponents;

        (d)    the method of delivery of ballots to be sent to Garden City is at the election and risk of each Creditor, but, except as otherwise provided in the Disclosure Statement, such delivery will be deemed made only when the original executed ballot is actually received by Garden City;

(e) an original executed ballot is required. Delivery of a ballot to Garden City by facsimile, electronic mail or any other electronic means will not be valid;

(f) no ballot should be sent to any of the Plan Proponents, their agents (other than Garden City), or the Plan Proponents' financial or legal advisors, and if so sent will not be counted;

(g) the Plan Proponents expressly reserve the right to amend from time to time the terms of the Plan (subject to compliance with section 1127 of the Bankruptcy Code and the terms of the Plan regarding modification). If the Plan Proponents make material changes to the terms of the Plan or the Plan Proponents waive a material condition to Plan confirmation, the Plan Proponents will disseminate additional solicitation materials and will extend the solicitation, in each case to the extent directed by the Court;

(h) if multiple ballots are received from the same Creditor with respect to the same Claim(s) prior to the Voting Deadline, the last valid ballot timely received will be deemed to reflect that voter's intent and will supersede and revoke any prior ballot;

(i) Creditors eligible to vote must vote all of their Claims either to accept or reject the Plan and may not split their vote. Accordingly, a ballot that partially rejects and partially accepts the Plan will not be counted;

(j) if a ballot is signed by trustees, executors, administrators, guardians, attorneys-in-fact, officers of corporations or others acting in a fiduciary or representative capacity on a claimant's behalf, such persons should indicate such capacity when signing and, if required or requested by Garden City, the Plan Proponents or the Court, must submit proper evidence to the requesting party of their authority to so act on behalf of such claimant;

(k) the Plan Proponents, subject to contrary order of the Court, may waive any defects or irregularities as to any particular ballot at any time, either before or after the close of voting; provided, however, that any such waivers shall be documented in the Voting Report;

(l) neither the Plan Proponents nor any other person or entity will be under any duty to provide notification of defects or irregularities with respect to delivered ballots other than as provided in the Voting Report, nor will any of them incur any liability for failure to provide such notification; provided, however, that if Garden City determines that a ballot does not comply with the rules and therefore would not be counted, Garden City may, but is not required to, notify the party that submitted the ballot of the problem and advise such party that a replacement ballot may be submitted; provided further, however, that no replacement ballot submitted after the Voting Deadline shall be considered unless ordered by the Court;

(m) unless waived or as ordered by the Court, any defects or irregularities in connection with deliveries of ballots must be cured prior to the Voting Deadline or such ballots may not be counted, at the discretion of the Plan Proponents;

(n) in the event a designation of lack of good faith is requested by a party-in-interest under section 1126(e) of the Bankruptcy Code, such vote will not be counted by the Plan

5

Proponents, as ordered by the Court, after notice and a hearing in accordance with section 1126(e) of the Bankruptcy Code;

(o)     subject to any contrary order of the Court, the Plan Proponents reserve the right to reject any and all ballots not in proper form, the acceptance of which, in the opinion of the Plan Proponents, would not be in accordance with the provisions of the Bankruptcy Code or the Bankruptcy Rules; provided, however, that any such rejections shall be documented in the Voting Report;

(p)     if a Claim has been estimated or otherwise allowed for voting purposes by order of the Court, such Claim shall be temporarily allowed in the amount so estimated or allowed by the Court for voting purposes only, and not for purposes of allowance or distribution;

(q)     if an objection to a Claim is filed prior to the Record Date, such Claim shall be treated in accordance with the procedures set forth in paragraph 9 below. If such an objection is filed after the Record Date, the related Claim shall be deemed temporarily allowed for voting purposes only without further action by the holder of such Claim and without further order of the Court;

(r)     the following ballots shall not be counted in determining the acceptance or rejection of the Plan: (i) any ballot that is illegible or contains insufficient information to permit the identification of the Creditor; (ii) any ballot cast by a person or entity that does not hold a Claim in a Class that is entitled to vote on the Plan; (iii) any ballot cast for a Claim scheduled as unliquidated, contingent or disputed for which no proof of claim was timely filed; and (iv) any unsigned ballot; and

(s)     the following ballots shall be counted as an acceptance of the Plan: (i) any ballot that indicates that the Creditor both accepts and rejects the Plan; and (ii) any ballot that indicates that the Creditor neither accepts or rejects the Plan.

**Temporary Allowance of Claims for Voting Purposes:**

9.     If an objection to a Claim is pending on the Record Date, such Claim or Interest holder shall receive copies of the Joint Hearing Notice, the Solicitation Procedures Order, the Plan, the Disclosure Statement and a *Notice of Non-Voting Status With Respect To Disputed Claims* (the "**Disputed Claim Notice**") in lieu of a ballot. The Disputed Claim Notice shall inform such person or entity: (a) that its Claim (the "**Disputed Claim**") has been objected to; and (b) that the holder of such Disputed Claim cannot vote absent any of the following taking place at least ten (10) days before the Voting Deadline: (i) an order of the Court is entered allowing such Disputed Claim pursuant to section 502(b) of the Bankruptcy Code, after notice and a hearing; (ii) an order of the Court is entered temporarily allowing such Disputed Claim for voting purposes only pursuant to Bankruptcy Rule 3018(a), after notice and a hearing; (iii) a stipulation or other agreement is executed between the holder of such Disputed Claim and the Plan Proponents resolving the objection and allowing such Disputed Claim in an agreed-upon amount; (iv) a stipulation or other agreement is executed between the holder of such Disputed Claim and the Plan Proponents temporarily allowing the holder of such Claim to vote its Disputed Claim in an agreed-upon amount; or (v) the pending objection to such Disputed Claim

is voluntarily withdrawn by the Plan Proponents (each, a "**Resolution Event**").[3] Any holder of a Disputed Claim seeking temporary allowance of its Claim for voting purposes must file a motion pursuant to Bankruptcy Rule 3018(a) on or before November 16, 2010. No later than two (2) business days after a Resolution Event, Garden City shall distribute a ballot and a pre-addressed, postage pre-paid return envelope to the relevant holder of the Disputed Claim, which must be returned to Garden City so as to be received by no later than the Voting Deadline.

---

[3]     A holder of a Claim subject to an objection solely to reduce the amount of the Claim shall be entitled to vote the undisputed portion of its Claim without the occurrence of a Resolution Event. Likewise, a holder of a Claim subject to an objection solely to reclassify the Claim shall be entitled to vote the reclassified Claim without the occurrence of a Resolution Event; provided, however, that the Class the Claim is reclassified in is entitled to vote.

7

**EXHIBIT B**

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| SCHWAB INDUSTRIES, INC., *et al.*,[1] | ) | Case No. 10-60702-rk |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | Judge Russ Kendig |

## BALLOT FOR ACCEPTING OR REJECTING
## FIRST AMENDED JOINT PLAN OF LIQUIDATION DATED OCTOBER 26, 2010

| Class | Description |
|---|---|
| 2a | **Secured Claims of the Pre-Petition Lenders** |

### PLEASE CAREFULLY READ AND FOLLOW THE VOTING INSTRUCTIONS LISTED BELOW BEFORE COMPLETING THIS BALLOT.

Schwab Industries, Inc. and its affiliated debtors and debtors-in-possession (collectively, the "*Debtors*") and the Official Committee of Unsecured Creditors (the "*Committee*," and collectively with the Debtors, the "*Plan Proponents*"), filed that certain First Amended Joint Plan of Liquidation Dated October 26 2010 (the "*Plan*") and an accompanying First Amended Disclosure Statement With Respect to First Amended Joint Plan of Liquidation of Schwab Industries, Inc., et al. Pursuant to 11 U.S.C. § 1125 (the "*Disclosure Statement*"). Pursuant to a Court order, the Court will determine the adequacy of the disclosures in the Disclosure Statement simultaneous to holding a hearing on confirmation of the Plan. The Plan and Disclosure Statement provide information to assist you in deciding how to vote your ballot. Court approval of the disclosures in the Plan does not indicate approval of the Plan by the Court.

**You should review the Plan and the accompanying Disclosure Statement before you vote. You may wish to seek legal advice concerning the Plan and your classification and treatment under the Plan.**

**If your ballot is not received by The Garden City Group, Inc. ("*Garden City*") (addresses below) on or before 5:00 p.m. (EST) on December 3, 2010 (the "*Voting Deadline*"), and such Voting Deadline is not extended by the Plan Proponents, your vote will not count as either an acceptance or rejection of the Plan.**

**If your claim has already been disallowed by the Court, you may not vote your disallowed claim.**

**If the Plan is confirmed by the Court, it will be binding on you whether or not you vote.**

This ballot is being sent to you because our records indicate that you are a holder of a claim in the class indicated above and accordingly you have a right to vote to accept or reject the Plan. This ballot may not be used for any purpose other than casting a vote to accept or reject the Plan. This ballot does not constitute, and shall not be deemed to be, a proof of claim or an assertion or admission of a claim.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number are: Schwab Industries, Inc. (2467); Medina Cartage Co. (9373); Medina Supply Company (3995); Quality Block & Supply, Inc. (2186); O.I.S. Tire, Inc. (7525); Twin Cities Concrete Company (9196); Schwab Ready-Mix, Inc. (8801); Schwab Materials, Inc. (8957); and Eastern Cement Corp. (7232).

1

**File your ballot in the following manner:**

*Return this ballot **so that it is received on or before** the Voting Deadline to one of the following addresses, depending on your method of delivery:*

### IF BY FIRST CLASS MAIL:
**(using the accompanying pre-addressed, postage pre-paid return envelope)**

The Garden City Group, Inc.
Attn: Schwab Industries Ballot Processing
P.O. Box 9402
Dublin, OH 43017-4502

### IF BY HAND OR OVERNIGHT COURIER:

The Garden City Group, Inc.
Attn: Schwab Industries Ballot Processing
5151 Blazer Parkway, Suite A
Dublin, OH 43017

**Delivery of this ballot to Garden City by facsimile, electronic mail or any other electronic means will result in your vote not being counted.**

**Delivery of this ballot to any party other than Garden City will result in your vote not being counted.**

**Ballots filed after the Voting Deadline will not be counted.**

**Unsigned ballots will not be counted.**

**IF YOU HAVE ANY QUESTIONS REGARDING THE BALLOT, OR IF YOU DID NOT RECEIVE A RETURN ENVELOPE WITH YOUR BALLOT, OR IF YOU NEED ADDITIONAL COPIES OF THE BALLOT OR OTHER ENCLOSED MATERIALS, PLEASE CONTACT GARDEN CITY. PLEASE DO NOT DIRECT ANY INQUIRIES TO THE BANKRUPTCY COURT. GARDEN CITY IS NOT AUTHORIZED TO, AND WILL NOT, PROVIDE LEGAL ADVICE.**

2

**PLEASE READ AND FOLLOW THE INSTRUCTIONS ON THE BALLOT CAREFULLY.**

I.   **Insert the amount of your claim here:** The undersigned is a holder of a Class 2a claim in the amount of $_____.

II.  **Vote to Accept or Reject the Plan.**

| The undersigned, being the holder of a claim in the class identified above elects to (check one): | |
|---|---|
| ACCEPT THE PLAN<br>CHECK HERE<br>☐ | REJECT THE PLAN<br>CHECK HERE<br>☐ |

III. **Date and sign your ballot. Please include the name of the creditor, the printed name of the person signing the ballot, the title of the person signing the ballot, the telephone number of the creditor and the address of the creditor.**

Dated: _____

Name of Creditor:
_____

Signature:
_____

By:
_____
(If Other Than Creditor)

Print Name:
_____

Title:
_____
(If appropriate)

Telephone Number:
_____

Street Address:
_____

City, State and Zip Code:
_____

☐ Please check this box if the above address is a change of address that you would like to be used for <u>ALL</u> future mailings (<u>including distribution payments</u>) in these chapter 11 cases,  OR

☐ Please check this box if the above address is a change of address to be used <u>ONLY</u> for mailings of documents in these chapter 11 cases.

3

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| SCHWAB INDUSTRIES, INC., *et al.*,[1] | ) | Case No. 10-60702-rk |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | Judge Russ Kendig |

## BALLOT FOR ACCEPTING OR REJECTING
## FIRST AMENDED JOINT PLAN OF LIQUIDATION DATED OCTOBER 26, 2010

| Class | Description |
|---|---|
| 3 | General Unsecured Claims |

### PLEASE CAREFULLY READ AND FOLLOW THE VOTING INSTRUCTIONS LISTED BELOW BEFORE COMPLETING THIS BALLOT.

Schwab Industries, Inc. and its affiliated debtors and debtors-in-possession (collectively, the "*Debtors*") and the Official Committee of Unsecured Creditors (the "*Committee*," and collectively with the Debtors, the "*Plan Proponents*"), filed that certain First Amended Joint Plan of Liquidation Dated October 26 2010 (the "*Plan*") and an accompanying First Amended Disclosure Statement With Respect to First Amended Joint Plan of Liquidation of Schwab Industries, Inc., et al. Pursuant to 11 U.S.C. § 1125 (the "*Disclosure Statement*"). Pursuant to a Court order, the Court will determine the adequacy of the disclosures in the Disclosure Statement simultaneous to holding a hearing on confirmation of the Plan. The Plan and Disclosure Statement provide information to assist you in deciding how to vote your ballot. Court approval of the disclosures in the Plan does not indicate approval of the Plan by the Court.

   **You should review the Plan and the accompanying Disclosure Statement before you vote. You may wish to seek legal advice concerning the Plan and your classification and treatment under the Plan.**

   **If your ballot is not received by The Garden City Group, Inc. ("*Garden City*") (addresses below) on or before 5:00 p.m. (EST) on December 3, 2010 (the "*Voting Deadline*"), and such Voting Deadline is not extended by the Plan Proponents, your vote will not count as either an acceptance or rejection of the Plan.**

   **If your claim has already been disallowed by the Court, you may not vote your disallowed claim.**

   **If the Plan is confirmed by the Court, it will be binding on you whether or not you vote.**

   This ballot is being sent to you because our records indicate that you are a holder of a claim in the class indicated above and accordingly you have a right to vote to accept or reject the Plan. This ballot may not be used for any purpose other than casting a vote to accept or reject the Plan. This ballot does not constitute, and shall not be deemed to be, a proof of claim or an assertion or admission of a claim.

---

[1]   The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number are: Schwab Industries, Inc. (2467); Medina Cartage Co. (9373); Medina Supply Company (3995); Quality Block & Supply, Inc. (2186); O.I.S. Tire, Inc. (7525); Twin Cities Concrete Company (9196); Schwab Ready-Mix, Inc. (8801); Schwab Materials, Inc. (8957); and Eastern Cement Corp. (7232).

10-60702-rk    Doc 659    FILED 10/27/10    ENTERED 10/27/10 16:02:28    Page 21 of 37

**File your ballot in the following manner:**

*Return this ballot **so that it is received on or before** the Voting Deadline to one of the following addresses, depending on your method of delivery:*

### IF BY FIRST CLASS MAIL:
#### (using the accompanying pre-addressed, postage pre-paid return envelope)

The Garden City Group, Inc.
Attn: Schwab Industries Ballot Processing
P.O. Box 9402
Dublin, OH 43017-4502

### IF BY HAND OR OVERNIGHT COURIER:

The Garden City Group, Inc.
Attn: Schwab Industries Ballot Processing
5151 Blazer Parkway, Suite A
Dublin, OH 43017

**Delivery of this ballot to Garden City by facsimile, electronic mail or any other electronic means will result in your vote not being counted.**

**Delivery of this ballot to any party other than Garden City will result in your vote not being counted.**

**Ballots filed after the Voting Deadline will not be counted.**

**Unsigned ballots will not be counted.**

**IF YOU HAVE ANY QUESTIONS REGARDING THE BALLOT, OR IF YOU DID NOT RECEIVE A RETURN ENVELOPE WITH YOUR BALLOT, OR IF YOU NEED ADDITIONAL COPIES OF THE BALLOT OR OTHER ENCLOSED MATERIALS, PLEASE CONTACT GARDEN CITY. PLEASE DO NOT DIRECT ANY INQUIRIES TO THE BANKRUPTCY COURT. GARDEN CITY IS NOT AUTHORIZED TO, AND WILL NOT, PROVIDE LEGAL ADVICE.**

2

**PLEASE READ AND FOLLOW THE INSTRUCTIONS ON THE BALLOT CAREFULLY.**

I.      **Insert the amount of your claim here:** The undersigned is a holder of a Class 3 claim in the amount of $_____.

II.      **Vote to Accept or Reject the Plan.**

| The undersigned, being the holder of a claim in the class identified above elects to (check one): | |
|---|---|
| ACCEPT THE PLAN<br>CHECK HERE<br>☐ | REJECT THE PLAN<br>CHECK HERE<br>☐ |

III.      **Date and sign your ballot. Please include the name of the creditor, the printed name of the person signing the ballot, the title of the person signing the ballot, the telephone number of the creditor and the address of the creditor.**

Dated: _____

Name of Creditor:
_____

Signature:
_____

By:
_____
(If Other Than Creditor)
Print Name:
_____

Title:
_____
(If appropriate)

Telephone Number:
_____

Street Address:
_____

City, State and Zip Code:
_____

☐   Please check this box if the above address is a change of address that you would like to be used for <u>ALL</u> future mailings (<u>including distribution payments</u>) in these chapter 11 cases, OR

☐   Please check this box if the above address is a change of address to be used <u>ONLY</u> for mailings of documents in these chapter 11 cases.

3

# EXHIBIT C

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| SCHWAB INDUSTRIES, INC., *et al.*,[1] | ) | Case No. 10-60702-rk |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | Judge Russ Kendig |

## NOTICE OF NON-VOTING STATUS WITH RESPECT TO DISPUTED CLAIMS

**PLEASE TAKE NOTICE** that on _____, 2010, the United States Bankruptcy Court for the Northern District of Ohio (the "*Court*") entered that certain *Order: (A) Approving Solicitation and Notice Procedures With Respect to Approval of Disclosure Statement and Confirmation of Proposed Plan of Liquidation; (B) Approving Form of Ballots and Notices in Connection Therewith; (C) Conditionally Approving the Disclosure Statement; and (D) Scheduling Certain Dates and Deadlines With Respect Thereto* (the "*Solicitation Procedures Order*"). The Solicitation Procedures Order sets forth procedures related to, among other things: (i) soliciting, receiving and tabulating votes on the *First Amended Joint Plan of Liquidation Dated October 26, 2010* (the "*Plan*") filed by the Plan Proponents,[2] and for filing objections to the Plan and to the adequacy of the *First Amended Disclosure Statement With Respect to First Amended Joint Plan of Liquidation of Schwab Industries, Inc., et al. Pursuant to 11 U.S.C. § 1125* (the "*Disclosure Statement*"); (ii) approving the manner and forms of notice and other documents related to the approval of the Disclosure Statement and confirmation of the Plan; (iii) conditionally approving the Disclosure Statement; and (iv) setting a joint hearing on the adequacy of the Disclosure Statement and confirmation of the Plan.

YOU ARE RECEIVING THIS NOTICE BECAUSE AS OF THE RECORD DATE, _____, YOU ARE THE HOLDER OF A CLAIM THAT IS SUBJECT TO A PENDING OBJECTION BY THE DEBTORS OR THE COMMITTEE. YOU ARE NOT ENTITLED TO VOTE ON THE PLAN UNLESS PRIOR TO NOVEMBER 23, 2010: (I) AN ORDER OF THE COURT IS ENTERED ALLOWING SUCH CLAIM PURSUANT TO 11 U.S.C. § 502(B), AFTER NOTICE AND A HEARING; (II) AN ORDER OF THE COURT IS ENTERED TEMPORARILY ALLOWING SUCH CLAIM FOR VOTING PURPOSES ONLY PURSUANT TO FED. R. BANKR. P. 3018(A), AFTER NOTICE AND A HEARING; (III) A STIPULATION OR OTHER AGREEMENT IS EXECUTED BETWEEN YOU AND THE

---

[1]  The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number are: Schwab Industries, Inc. (2467); Medina Cartage Co. (9373); Medina Supply Company (3995); Quality Block & Supply, Inc. (2186); O.I.S. Tire, Inc. (7525); Twin Cities Concrete Company (9196); Schwab Ready-Mix, Inc. (8801); Schwab Materials, Inc. (8957); and Eastern Cement Corp. (7232).

[2]  The Plan Proponents are: (a) Schwab Industries, Inc. and its affiliated debtors and debtors-in-possession (collectively, the "*Debtors*"); and (b) the Official Committee of Unsecured Creditors appointed in the above-captioned chapter 11 cases (the "*Committee*").

PLAN PROPONENTS RESOLVING THE OBJECTION AND ALLOWING YOUR CLAIM IN AN AGREED-UPON AMOUNT; (IV) A STIPULATION OR OTHER AGREEMENT IS EXECUTED BETWEEN THE HOLDER OF SUCH CLAIM AND THE PLAN PROPONENTS TEMPORARILY ALLOWING YOU TO VOTE YOUR CLAIM IN AN AGREED-UPON AMOUNT; OR (V) THE PENDING OBJECTION TO YOU CLAIM IS VOLUNTARILY WITHDRAWN BY THE PLAN PROPONENTS (EACH, A "*RESOLUTION EVENT*").[3]

ACCORDINGLY, THIS NOTICE, THE PLAN, THE DISCLOSURE STATEMENT, THE SOLICITATION PROCEDURES ORDER (INCLUDING ONLY EXHIBIT A THERETO) AND THE "*NOTICE OF: (A) OBJECTION AND VOTING DEADLINES; (B) SOLICITATION AND VOTING PROCEDURES; AND (C) JOINT HEARING ON THE ADEQUACY OF THE DISCLOSURE STATEMENT AND CONFIRMATION OF THE JOINT PLAN OF LIQUIDATION*" ARE BEING SENT TO YOU FOR INFORMATIONAL PURPOSES ONLY.

IF A RESOLUTION EVENT OCCURS, THEN NO LATER THAN TWO (2) BUSINESS DAYS THEREAFTER, THE DEBTORS' CLAIMS, NOTICING AND BALLOTING AGENT, THE GARDEN CITY GROUP, INC. ("*GARDEN CITY*") SHALL DISTRIBUTE A BALLOT AND A PRE-ADDRESSED, POSTAGE PRE-PAID ENVELOPE TO YOU, WHICH MUST BE RETURNED TO GARDEN CITY BY NO LATER THAN THE VOTING DEADLINE, DECEMBER 3, 2010, AT 5:00 P.M. (PREVAILING EASTERN TIME).

**IF YOU HAVE ANY QUESTIONS ABOUT THE STATUS OF YOUR CLAIM(S), YOU SHOULD CONTACT COUNSEL FOR THE PLAN PROPONENTS AT THE BELOW ADDRESSES OR TELEPHONE NUMBERS:**

Aaron L. Hammer, Esq.
Richard S. Lauter, Esq.
Thomas R. Fawkes, Esq.
FREEBORN & PETERS LLP
311 South Wacker Drive, Suite 3000
Chicago, Illinois 60606
Telephone: 312-360-6000
Facsimile: 312-360-6520
E-Mail: ahammer@freebornpeters.com
          rlauter@freebornpeters.com
          tfawkes@freebornpeters.com

*Counsel to Official Committee
of Unsecured Creditors*

Lawrence E. Oscar, Esq. (0022696)
Daniel A. DeMarco, Esq. (0038920)
Christopher W. Peer, Esq. (0076257)
HAHN LOESER & PARKS LLP
200 Public Square, Suite 2800
Cleveland, Ohio 44114
Telephone: 216-621-0150
Facsimile: 216-241-2824
E-Mail: leoscar@hahnlaw.com
          dademarco@hahnlaw.com
          cpeer@hahnlaw.com

*Counsel to Debtors and Debtors-in-Possession*

---

[3]     A holder of a Claim subject to an objection solely to reduce the amount of the Claim shall be entitled to vote the undisputed portion of its Claim without the occurrence of a Resolution Event. Likewise, a holder of a Claim subject to an objection solely to reclassify the Claim shall be entitled to vote the reclassified Claim without the occurrence of a Resolution Event; provided, however, that the Class the Claim is reclassified in is entitled to vote.

2

# EXHIBIT D

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| SCHWAB INDUSTRIES, INC., *et al.*,[1] | ) | Case No. 10-60702-rk |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | Judge Russ Kendig |
| | ) | |

## NOTICE OF NON-VOTING STATUS WITH RESPECT TO UNIMPAIRED CLASSES DEEMED TO ACCEPT THE PLAN AND UNCLASSIFIED CLASSES

**PLEASE TAKE NOTICE** that on _____, 2010, the United States Bankruptcy Court for the Northern District of Ohio (the "*Court*") entered that certain *Order: (A) Approving Solicitation and Notice Procedures With Respect to Approval of Disclosure Statement and Confirmation of Proposed Plan of Liquidation; (B) Approving Form of Ballots and Notices in Connection Therewith; (C) Conditionally Approving the Disclosure Statement; and (D) Scheduling Certain Dates and Deadlines With Respect Thereto* (the "*Solicitation Procedures Order*"). The Solicitation Procedures Order sets forth procedures related to, among other things: (i) soliciting, receiving and tabulating votes on the *First Amended Joint Plan of Liquidation Dated October 26, 2010* (the "*Plan*") filed by the Plan Proponents,[2] and for filing objections to the Plan and to the adequacy of the *First Amended Disclosure Statement With Respect to First Amended Joint Plan of Liquidation of Schwab Industries, Inc., et al. Pursuant to 11 U.S.C. § 1125* (the "*Disclosure Statement*"); (ii) approving the manner and forms of notice and other documents related to the approval of the Disclosure Statement and confirmation of the Plan; (iii) conditionally approving the Disclosure Statement; and (iv) setting a joint hearing on the adequacy of the Disclosure Statement and confirmation of the Plan.

YOU ARE RECEIVING THIS NOTICE BECAUSE UNDER THE TERMS OF THE PLAN, EITHER: (I) YOUR CLAIM(S) AGAINST THE DEBTORS ARE UNIMPAIRED AND, THEREFORE, IN ACCORDANCE WITH 11 U.S.C. § 1126(f), YOU ARE (A) DEEMED TO HAVE ACCEPTED THE PLAN AND (B) NOT ENTITLED TO VOTE ON THE PLAN; OR (II) YOUR CLAIMS ARE UNCLASSIFIED PURSUANT TO 11 U.S.C. § 1123(a)(1) AND THEREFORE YOU ARE NOT ENTITLED TO VOTE ON THE PLAN.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number are: Schwab Industries, Inc. (2467); Medina Cartage Co. (9373); Medina Supply Company (3995); Quality Block & Supply, Inc. (2186); O.I.S. Tire, Inc. (7525); Twin Cities Concrete Company (9196); Schwab Ready-Mix, Inc. (8801); Schwab Materials, Inc. (8957); and Eastern Cement Corp. (7232).

[2] The Plan Proponents are: (a) Schwab Industries, Inc. and its affiliated debtors and debtors-in-possession (collectively, the "*Debtors*"); and (b) the Official Committee of Unsecured Creditors appointed in the above-captioned chapter 11 cases (the "*Committee*").

ACCORDINGLY, THIS NOTICE, THE PLAN, THE DISCLOSURE STATEMENT, THE SOLICITATION PROCEDURES ORDER (INCLUDING ONLY EXHIBIT A THERETO) AND THE "*NOTICE OF: (A) OBJECTION AND VOTING DEADLINES; (B) SOLICITATION AND VOTING PROCEDURES; AND (C) JOINT HEARING ON THE ADEQUACY OF THE DISCLOSURE STATEMENT AND CONFIRMATION OF THE JOINT PLAN OF LIQUIDATION*" ARE BEING SENT TO YOU FOR INFORMATIONAL PURPOSES ONLY.

**IF YOU HAVE ANY QUESTIONS ABOUT THE STATUS OF YOUR CLAIM(S), YOU SHOULD CONTACT COUNSEL FOR THE PLAN PROPONENTS AT THE BELOW ADDRESSES OR TELEPHONE NUMBERS:**

Aaron L. Hammer, Esq.
Richard S. Lauter, Esq.
Thomas R. Fawkes, Esq.
FREEBORN & PETERS LLP
311 South Wacker Drive, Suite 3000
Chicago, Illinois 60606
Telephone: 312-360-6000
Facsimile: 312-360-6520
E-Mail: ahammer@freebornpeters.com
            rlauter@freebornpeters.com
            tfawkes@freebornpeters.com

*Counsel to Official Committee
of Unsecured Creditors*

Lawrence E. Oscar, Esq. (0022696)
Daniel A. DeMarco, Esq. (0038920)
Christopher W. Peer, Esq. (0076257)
HAHN LOESER & PARKS LLP
200 Public Square, Suite 2800
Cleveland, Ohio 44114
Telephone: 216-621-0150
Facsimile: 216-241-2824
E-Mail: leoscar@hahnlaw.com
            dademarco@hahnlaw.com
            cpeer@hahnlaw.com

*Counsel to Debtors and Debtors-in-Possession*

2

# EXHIBIT E

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| SCHWAB INDUSTRIES, INC., *et al.*,[1] | ) | Case No. 10-60702-rk |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | Judge Russ Kendig |
| | ) | |

## NOTICE OF NON-VOTING STATUS WITH RESPECT TO
## IMPAIRED CLASSES DEEMED TO REJECT THE PLAN

**PLEASE TAKE NOTICE** that on _____, 2010, the United States Bankruptcy Court for the Northern District of Ohio (the "*Court*") entered that certain *Order: (A) Approving Solicitation and Notice Procedures With Respect to Approval of Disclosure Statement and Confirmation of Proposed Plan of Liquidation; (B) Approving Form of Ballots and Notices in Connection Therewith; (C) Conditionally Approving the Disclosure Statement; and (D) Scheduling Certain Dates and Deadlines With Respect Thereto* (the "*Solicitation Procedures Order*"). The Solicitation Procedures Order sets forth procedures related to, among other things: (i) soliciting, receiving and tabulating votes on the *First Amended Joint Plan of Liquidation Dated October 26, 2010* (the "*Plan*") filed by the Plan Proponents,[2] and for filing objections to the Plan and to the adequacy of the *First Amended Disclosure Statement With Respect to First Amended Joint Plan of Liquidation of Schwab Industries, Inc., et al. Pursuant to 11 U.S.C. § 1125* (the "*Disclosure Statement*"); (ii) approving the manner and forms of notice and other documents related to the approval of the Disclosure Statement and confirmation of the Plan; (iii) conditionally approving the Disclosure Statement; and (iv) setting a joint hearing on the adequacy of the Disclosure Statement and confirmation of the Plan.

YOU ARE RECEIVING THIS NOTICE BECAUSE UNDER THE TERMS OF THE PLAN, YOU ARE NOT ENTITLED TO RECEIVE OR RETAIN ANY PROPERTY ON ACCOUNT OF YOUR CLAIM(S) AGAINST, OR INTEREST(S) IN, THE DEBTORS AND, THEREFORE, IN ACCORDANCE WITH 11 U.S.C. § 1126(g), YOU ARE: (I) DEEMED TO HAVE REJECTED THE PLAN; AND (II) NOT ENTITLED TO VOTE ON THE PLAN.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number are: Schwab Industries, Inc. (2467); Medina Cartage Co. (9373); Medina Supply Company (3995); Quality Block & Supply, Inc. (2186); O.I.S. Tire, Inc. (7525); Twin Cities Concrete Company (9196); Schwab Ready-Mix, Inc. (8801); Schwab Materials, Inc. (8957); and Eastern Cement Corp. (7232).

[2] The Plan Proponents are: (a) Schwab Industries, Inc. and its affiliated debtors and debtors-in-possession (collectively, the "*Debtors*"); and (b) the Official Committee of Unsecured Creditors appointed in the above-captioned chapter 11 cases (the "*Committee*").

ACCORDINGLY, THIS NOTICE, THE PLAN, THE DISCLOSURE STATEMENT, THE SOLICITATION PROCEDURES ORDER (INCLUDING ONLY EXHIBIT A THERETO) AND THE "*NOTICE OF: (A) OBJECTION AND VOTING DEADLINES; (B) SOLICITATION AND VOTING PROCEDURES; AND (C) JOINT HEARING ON THE ADEQUACY OF THE DISCLOSURE STATEMENT AND CONFIRMATION OF THE JOINT PLAN OF LIQUIDATION*" ARE BEING SENT TO YOU FOR INFORMATIONAL PURPOSES ONLY.

**IF YOU HAVE ANY QUESTIONS ABOUT THE STATUS OF YOUR CLAIM(S), YOU SHOULD CONTACT COUNSEL FOR THE PLAN PROPONENTS AT THE BELOW ADDRESSES OR TELEPHONE NUMBERS:**

Aaron L. Hammer, Esq.
Richard S. Lauter, Esq.
Thomas R. Fawkes, Esq.
FREEBORN & PETERS LLP
311 South Wacker Drive, Suite 3000
Chicago, Illinois 60606
Telephone: 312-360-6000
Facsimile: 312-360-6520
E-Mail: ahammer@freebornpeters.com
           rlauter@freebornpeters.com
           tfawkes@freebornpeters.com

Lawrence E. Oscar, Esq. (0022696)
Daniel A. DeMarco, Esq. (0038920)
Christopher W. Peer, Esq. (0076257)
HAHN LOESER & PARKS LLP
200 Public Square, Suite 2800
Cleveland, Ohio 44114
Telephone: 216-621-0150
Facsimile: 216-241-2824
E-Mail: leoscar@hahnlaw.com
           dademarco@hahnlaw.com
           cpeer@hahnlaw.com

*Counsel to Official Committee
of Unsecured Creditors*

*Counsel to Debtors and Debtors-in-Possession*

2

# EXHIBIT F

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| SCHWAB INDUSTRIES, INC., *et al.*,[1] | ) | Case No. 10-60702-rk |
|  | ) | (Jointly Administered) |
| Debtors. | ) |  |
|  | ) | Judge Russ Kendig |

## NOTICE OF: (A) OBJECTION AND VOTING DEADLINES; (B) SOLICITATION AND VOTING PROCEDURES; AND (C) JOINT HEARING ON THE ADEQUACY OF THE DISCLOSURE STATEMENT AND CONFIRMATION OF THE JOINT PLAN OF LIQUIDATION

**PLEASE TAKE NOTICE THAT** by Order dated _____, the United States Bankruptcy Court for the Northern District of Ohio, set a Joint Disclosure Statement and Confirmation Hearing (the "*Joint Hearing*") to be held on **December 9, 2010, at 2:00 p.m., prevailing Eastern time,** to determine whether the information contained in the *First Amended Disclosure Statement With Respect to First Amended Joint Plan of Liquidation of Schwab Industries, Inc., et al. Pursuant to 11 U.S.C. § 1125* (including all exhibits thereto as amended, modified or supplemented, the "*Disclosure Statement*") is adequate within the meaning of section 1125 of title 11 of the United States Code (the "*Bankruptcy Code*") and to consider confirmation of the *First Amended Joint Plan of Liquidation Dated October 26, 2010* (the "*Plan*"). The Joint Hearing will be held before the Honorable Russ Kendig in the United States Bankruptcy Court for the Northern District of Ohio at Ralph Regula Federal Building and United States Courthouse, 401 McKinley Avenue, S.W., Canton, Ohio 44702-1745. The Joint Hearing may be adjourned from time to time without further notice to creditors or other parties in interest other than by an announcement of such adjournment in open court at the Joint Hearing or any adjournment thereof or an appropriate filing with the Bankruptcy Court. The Plan may be modified in accordance with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Plan or other applicable law, without further notice, prior to or as a result of the Joint Hearing.

**PLEASE TAKE FURTHER NOTICE THAT** objections, if any, to the adequacy of the Disclosure Statement or to the confirmation of the Plan, including any supporting memorandum, must be in writing, filed on or before **December 3, 2010, at 5:00 p.m., prevailing Eastern time** (the "*Objection Deadline*") with the Clerk of the United States Bankruptcy Court for the Northern District of Ohio at the Ralph Regula Federal Building and United States Courthouse, 401 McKinley Avenue, S.W., Canton, Ohio 44702-1745 together with proof of service, and

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number are: Schwab Industries, Inc. (2467); Medina Cartage Co. (9373); Medina Supply Company (3995); Quality Block & Supply, Inc. (2186); O.I.S. Tire, Inc. (7525); Twin Cities Concrete Company (9196); Schwab Ready-Mix, Inc. (8801); Schwab Materials, Inc. (8957); and Eastern Cement Corp. (7232).

shall: (a) state the name and address of the objecting party and the amount of its claim, or the nature of its interest in the Debtor; (b) state with particularity the provision or provisions of the Disclosure Statement which the objecting party considers inadequate and/or the provision or provisions of the Plan objected to and for any objection asserted, the legal, and factual basis for such objections; and (c) be served in a manner as will cause such objection to be **actually received on or before the Objection Deadline,** upon: (i) the Debtors, Schwab Industries, Inc., c/o The Parkland Group, Inc., One Cleveland Center, 1375 East 9th Street, Suite 1350, Cleveland, Ohio 44114 (Attn: Laurence V. Goddard); (ii) counsel to the Debtors, HAHN LOESER & PARKS LLP, 200 Public Square, Suite 2800, Cleveland, Ohio 44114 (Attn: Lawrence E. Oscar, Esq.); (iii) counsel to the Committee, FREEBORN & PETERS LLP, 311 S. Wacker Drive, Suite 3000, Chicago, Illinois 60606-6677 (Attn: Aaron L. Hammer, Esq.), and FROST BROWN TODD LLC, 2200 PNC Center, 201 East Fifth Street, Cincinnati, Ohio 45202-4182 (Attn: Douglas L. Lutz, Esq.); (iv) the OFFICE OF THE UNITED STATES TRUSTEE, H.M. Metzenbaum U.S. Courthouse, 201 Superior Avenue East, Suite 441, Cleveland, Ohio 44114-1240 (Attn: Maria Giannirakis, Esq.); (v) counsel to the administrative agent for the Pre-Petition Lenders, THOMPSON HINE LLP, 3900 Key Center, 127 Public Square, Cleveland, Ohio 44114 (Attn: Alan R. Lepene, Esq.); and (vi) counsel to EFO Financial Group, LLC, c/o EFO Financial Group, LLC, 9180 Galleria Court, Suite 600, Naples, Florida 34109 (Attn: Louis X. Amato, P.A.). Any objections not filed and served as set forth above will not be considered by the Bankruptcy Court.

**PLEASE TAKE FURTHER NOTICE THAT** the Bankruptcy Court established **December 3, 2010, at 5:00 p.m., prevailing Eastern time,** as the deadline by which ballots accepting or rejecting the Plan must be received (the "*Voting Deadline*"). To be counted, if you are entitled to vote, your original ballot (which is enclosed herewith) must be properly executed, completed and delivered by: (a) first class mail, in the pre-addressed, postage pre-paid return envelope provided with each ballot; (b) overnight courier; or (c) personal delivery, so that they are actually received, in any case, by the Debtors' claims, noticing and balloting agent, The Garden City Group, Inc. ("*Garden City*"), no later than the Voting Deadline at the following addresses:

### IF BY FIRST CLASS MAIL:

The Garden City Group, Inc.
Attn: Schwab Industries Ballot Processing
P.O. Box 9402
Dublin, OH 43017-4502

### IF BY HAND OR OVERNIGHT COURIER:

The Garden City Group, Inc.
Attn: Schwab Industries Ballot Processing
5151 Blazer Parkway, Suite A
Dublin, OH 43017

Ballots cast by facsimile, e-mail or other electronic transmission will not be counted.

2

**PLEASE TAKE FURTHER NOTICE THAT** the Plan contains the exculpation and injunction provisions set forth below:

**Exculpation and Limitation of Liability.** Neither the Committee, the Pre-Petition Lenders, the Creditor Trustee, the Debtors (excluding the Schwab Family Members) nor any of their respective present and former members, officers, directors, shareholders, subsidiaries, affiliates, employees, advisors, attorneys or agents acting in such capacity or any of their successors or assigns (but in all cases, excluding the Schwab Family Members), shall have or incur any liability to, or be subject to any right of action by, any person or entity, for any act or omission in connection with, relating to or arising out of, the Cases, the pursuit of confirmation of the Plan or the Plan's implementation, except for their fraud, willful misconduct or gross negligence, and in all respects shall be entitled to rely reasonably upon the advice of counsel with respect to their duties and responsibilities under the Plan.

**Injunction.** Except as otherwise provided in the Plan or the Confirmation Order, on and after the Confirmation Date, all Persons and entities who have held, hold or may hold Liens, Claims or Interests in or against the Debtors are, with respect to any such Liens, Claims or Interests, permanently enjoined from: (i) commencing, conducting or continuing in any manner, directly or indirectly, any suit, action or other proceeding of any kind (including, without limitation, any proceeding in a judicial, arbitral, administrative or other forum) against or affecting the Debtors or the Creditor Trust or any of their property, or any direct or indirect transferee of any property of, or direct or indirect successor in interest to, the Debtors or the foregoing Creditor Trust, or any property of any such transferee or successor; (ii) enforcing against, levying upon or attaching (including, without limitation, any pre-judgment attachment) the Debtors or the Creditor Trust, or any property of any such transferee or successor; (iii) enforcing, levying, attaching (including, without limitation, any pre-judgment attachment), collecting or otherwise recovering by any manner or means whether directly or indirectly, of any judgment, award, decree, claim or order against the Debtors or the Creditor Trust, any of their property, or any direct or indirect transferee of any property of, or direct or indirect successor in interest to the Debtors or the Creditor Trust; (iv) creating, perfecting or otherwise enforcing in any manner, directly or indirectly, any Liens, Claims or Interests of any kind against or in the Debtors or the Creditor Trust, any of its property, or any direct or indirect transferee of any property of, or direct or indirect successor in interest to, the Debtors or the Creditor Trust; (v) other than as otherwise expressly provided for in this Plan, asserting any right of setoff, subordination or recoupment of any kind, directly or indirectly, against any obligation due the Debtors, the Creditor Trust, any of their property, or any direct or indirect transferee of any property of, or successor in interest to, the Debtors or the Creditor Trust; and (vi) taking any actions in any place and in any manner whatsoever that do not conform to or comply with the provisions of this Plan.

3

Upon entry of a Confirmation Order with respect to the Plan, all holders of Claims and Interests and other parties in interest, along with their respective present or former employees, agents, officers, directors or principals, shall be enjoined from taking any actions to interfere with the implementation and consummation of the Plan.

**THIS NOTICE IS BEING SENT TO YOU FOR INFORMATIONAL PURPOSES ONLY. IF YOU HAVE QUESTIONS WITH RESPECT TO YOUR RIGHTS UNDER THE PLAN OR ABOUT ANYTHING STATED HEREIN, CONTACT COUNSEL FOR THE PLAN PROPONENTS AT THE BELOW ADDRESSES OR TELEPHONE NUMBERS.**

**IF YOU HAVE ANY QUESTIONS REGARDING THE BALLOT, OR IF YOU DID NOT RECEIVE A RETURN ENVELOPE WITH YOUR BALLOT, OR IF YOU NEED ADDITIONAL COPIES OF THE BALLOT OR OTHER ENCLOSED MATERIALS, PLEASE CONTACT GARDEN CITY. PLEASE DO NOT DIRECT ANY INQUIRIES TO THE BANKRUPTCY COURT. GARDEN CITY IS NOT AUTHORIZED TO, AND WILL NOT, PROVIDE LEGAL ADVICE.**

| | |
|---|---|
| **OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF SCHWAB INDUSTRIES, INC.,** *et al.* | **SCHWAB INDUSTRIES, INC.,** *et al.* |

By:   /s/ Aaron L. Hammer                  
     Its Counsel

     Aaron L. Hammer, Esq.
     Richard S. Lauter, Esq.
     Thomas R. Fawkes, Esq.
     FREEBORN & PETERS LLP
     311 South Wacker Drive, Suite 3000
     Chicago, Illinois 60606-6677
     Telephone: 312-360-6000
     Facsimile: 312-360-6520

        – and –

     Douglas L. Lutz, Esq. (0064761)
     FROST BROWN TODD LLC
     2200 PNC Center
     201 East Fifth Street
     Cincinnati, Ohio 45202
     Telephone: 513-651-6800
     Facsimile: 513-651-6981

By:   /s/ Daniel A. DeMarco                  
     Their Counsel

     Lawrence E. Oscar, Esq. (0022696)
     Daniel A. DeMarco, Esq. (0038920)
     Christopher W. Peer, Esq. (0076257)
     HAHN LOESER & PARKS LLP
     200 Public Square, Suite 2800
     Cleveland, Ohio 44114
     Telephone: 216-621-0150
     Facsimile: 216-241-2824

4